## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTINE HENKE and RICH HENKE
o/b/o P.H.,

                         Plaintiffs/Appellants,          Case No:     1:25-cv-680

v.

                                          Hon. Hala Y. Jarbou

EAST LANSING PUBLIC SCHOOLS and,
INGHAM INTERMEDIATE SCHOOL
DISTRICT,

                       Defendants/Respondents.

Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87213)
Jacquelyn N. Kmetz (P83575)
Abdnour Weiker, LLP
*Attorneys for Plaintiffs*
325 E. Grand River Ave., Ste. 250
East Lansing, MI  48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
jacquelyn@education-rights.com

Michele R. Eaddy (P41871)
Erin H. Walz (P55484)
Thrun Law Firm, P.C.
*Attorneys for Defendant East Lansing P.S.*
2900 West Road, Ste. 400
P.O. Box 2575
East Lansing, Michigan 48826-2575
(517) 484-8000
meaddy@thrunlaw.com
ewalz@thrunlaw.com

Jordon Bullinger (P72441)
Clark Hill, PLC
*Attorney for Defendant Ingham ISD*
200 Ottawa Ave NW, Suite 500
Grand Rapids, MI 49503-2426
(616) 608-1146
jbullinger@clarkhill.com

## *RESPONDENT'S ANSWER TO*
## *"AMENDED APPEAL AS OF RIGHT OF THE MARCH 24, 2025 FINAL ORDER IN THE SPECIAL EDUCATION DUE PROCESS HEARING AGAINST DEFENDANTS EAST LANSING PUBLIC SCHOOLS AND INGHAM INTERMEDIATE SCHOOL DISTRICT"*

NOW COMES Defendant EAST LANSING PUBLIC SCHOOLS ("District"), through undersigned counsel, and in response to Plaintiffs' "Amended Appeal as of Right of the March 24, 2025 Final Order in the Special Education Due Process Hearing Against Defendants East Lansing Public Schools and Ingham Intermediate School District," pleads as set forth herein.

1.  Admit.

2.  The District admits that P.H. is a student with qualifying disabilities under the IDEA. The District is without sufficient information to admit or deny if he has been diagnosed with ASD.

3.  Admit.

4.  The District admits that it was the local educational agency responsible for providing Student with a free appropriate public education until May 2024 at which time he moved out of state. The quoted "all relevant times" is not defined and thus the District cannot admit to its truth or falsity.

5.  This allegation does not apply to the District thus no response is required or provided.

## JURISDICTION AND VENUE

6.  Admit.

7.  Admit.

1

8.  Admit.

9.  Admit.

10.  Admit.

11.  Admit.

## LEGAL FRAMEWORK

12.  The referenced law speaks for itself and all characterizations thereof are denied.

13.  The referenced law speaks for itself and all characterizations thereof are denied.

14.  The referenced law speaks for itself and all characterizations thereof are denied.

15.  The referenced law speaks for itself and all characterizations thereof are denied.

16.  The referenced law speaks for itself and all characterizations thereof are denied.

17.  The referenced law speaks for itself and all characterizations thereof are denied.

18.  The referenced law speaks for itself and all characterizations thereof are denied.

19.  The referenced law speaks for itself and all characterizations thereof are denied.

20.  The referenced law speaks for itself and all characterizations thereof are denied.

21.  The referenced law speaks for itself and all characterizations thereof are denied.

22.  The referenced law speaks for itself and all characterizations thereof are denied.

23.  The referenced law speaks for itself and all characterizations thereof are denied.

24.  The referenced law speaks for itself and all characterizations thereof are denied.

## FACTUAL ALLEGATIONS

25.  Procedural allegation to which no response is required.

26.  The District is without sufficient information to admit or deny this allegation. "At all relevant times" is not defined. Further the District is unaware of Plaintiffs' current residence.

27.  Admit.

28. Plaintiffs reference to a website is not a factual allegation to which the District can respond. The District leaves Plaintiffs to their proofs.

29. "At all relevant times" is not defined, therefore the District is without sufficient information to admit or deny this allegation.

**The Hearing Officer Improperly Dismissed IISD as a Respondent in the Due Process Proceeding**

30. This allegation does not apply to the District thus no response is required or provided.

31. This allegation does not apply to the District thus no response is required or provided.

32. This allegation does not apply to the District thus no response is required or provided.

33. This allegation does not apply to the District thus no response is required or provided.

34. This allegation does not apply to the District thus no response is required or provided.

35. This allegation does not apply to the District thus no response is required or provided.

36. This allegation does not apply to the District thus no response is required or provided.

37. This allegation does not apply to the District thus no response is required or provided.

38. This allegation does not apply to the District thus no response is required or provided.

39. This allegation does not apply to the District thus no response is required or provided.

40. This allegation does not apply to the District thus no response is required or provided.

41. This allegation does not apply to the District thus no response is required or provided.

42. This allegation does not apply to the District thus no response is required or provided.

**The Hearing Officer Improperly Modified and Limited the DPC**

43. The referenced law speaks for itself and all characterizations thereof are denied.

44. Paragraph 44 states a legal conclusion to which no response is required. If a response is required, the District denies same.

5

45. The referenced law speaks for itself and all characterizations thereof are denied.

46.  Paragraph 46 states a legal conclusion to which no response is required. If a response is required, the District denies same.

47. Admit.

48. Admit.

49. The District neither admits nor denies Paragraph 49 as it quotes an unidentified source. On information and belief, there is no transcript of the prehearing conference to which Plaintiff could cite.

50. Admit that Plaintiffs' due process complaint contained the listed issues. The District cannot speak to counsel's confusion.

51.  The District neither admits nor denies Paragraph 51 as it quotes an unidentified source. On information and belief, there is no transcript of the prehearing conference to which Plaintiff could cite. The Order Following Prehearing Conference ("12/10/24 Order")reads: "Under Michigan Administrative hearing Rule 792.11802, the issues for hearing must be identified and clarified."

52. The District is without sufficient information to admit or deny this allegation.

53. The 12/10/24 Order speaks for itself and all characterizations thereof are denied.

54. Admit.

55. Admit.

56. Admit that this paragraph is a recitation of Plaintiffs' counsel's December 10, 2024 email to the Tribunal.

57. Upon information and belief, the District admits the accuracy of Paragraph 57.

58. Admit that the Tribunal did not modify the 12/10/24 Order.

59. Admit.

60. The District is without sufficient information to admit or deny this allegation.

61. Admit.

62. Plaintiffs' amended due process complaint speaks for itself and all characterizations thereof are denied.

63. Admit.

64. Admit.

65. Admit that another prehearing conference was not held and further state that Plaintiffs did not request a prehearing conference.

66. Admit.

67. Deny.

68. The referenced law speaks for itself and all characterizations thereof are denied.

69. Admit to the accuracy of the reference to Hearing Transcript Vol. I, 10:15-11:13.

70. The District cannot speak to Plaintiffs' mental state and therefore denies same.

71. Deny. Plaintiffs' legal obligation on February 10, 2025, if they believed the Administrative Law Judge (ALJ) was incorrect, was to object or otherwise raise their concern. Their failure to do so waived the issue.

72. Admit.

73. Admit.

74. As no record has yet been submitted to this Court, this is strictly procedural statement to which no response is required.

75. As no record has yet been submitted to this Court, this is strictly procedural statement to which no response is required.

76. Deny. As Plaintiffs continued through a multi-day hearing and briefed the issues, they are estopped from now contesting that the Administrative Law Judge (ALJ) was operating under the incorrect complaint.

77. Deny. As Plaintiffs continued through a multi-day hearing and briefed the issues, they are estopped from now contesting that the Administrative Law Judge (ALJ) was operating under the incorrect complaint.

78. Paragraph 78 states a legal conclusion to which no response is required. If a response is required, the District denies same.

79. Paragraph 79 states a legal conclusion to which no response is required. If a response is required, the District denies same.

80. Deny that Plaintiffs' made an objection or a "renewed objection." The March 24, 2025 Decision and Order ("Decision") speaks for itself and all characterizations thereof are denied. The District further states that Plaintiffs offered evidence on the 12/10/24 Order Issues, including those they did not reiterate in their Amended Complaint (i.e., seclusion and restraint).

81. The District cannot speak to Plaintiffs' mental state and therefore denies same.

9

82. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

83. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

84. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

85. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

86. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

87. The District cannot determine what is alleged in this paragraph and therefore denies same.

88. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

89. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

90. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

91. If there is a typo in the Decision, Plaintiffs could have sought clarification and did not.

92. If there is a typo in the Decision, Plaintiffs could have sought clarification and did not.

93. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

94. Plaintiffs' proceeded through hearing and post-hearing briefing on the ALJ's recitation of the issues, thus waiving any objections.

95. The referenced law speaks for itself and all characterizations thereof are denied.

96. The referenced law speaks for itself and all characterizations thereof are denied.

97. The referenced law speaks for itself and all characterizations thereof are denied.

98. The referenced law speaks for itself and all characterizations thereof are denied.

99. The referenced law speaks for itself and all characterizations thereof are denied.

100. The referenced law speaks for itself and all characterizations thereof are denied.

101. Paragraph 101 states a legal conclusion to which no response is required. If a response is required, the District denies same.

102. Paragraph 102 states a legal conclusion to which no response is required. If a response is required, the District denies same.

103. Paragraph 103 states a legal conclusion to which no response is required. If a response is required, the District denies same.

104. The referenced law speaks for itself and all characterizations thereof are denied.

105. The referenced law speaks for itself and all characterizations thereof are denied.

106. The referenced law speaks for itself and all characterizations thereof are denied.

107. The referenced law speaks for itself and all characterizations thereof are denied.

108. The referenced law speaks for itself and all characterizations thereof are denied.

109. The referenced law speaks for itself and all characterizations thereof are denied.

110. The referenced law speaks for itself and all characterizations thereof are denied.

111. Admit.

112. Deny as written. For the first semester of Student's attendance in the District, he was in the general education classroom and flourished. When Student became unable to participate in the general education environment, in January 2024, the District took all appropriate and legally-required interventions and steps.

113. Deny and further state that Plaintiffs' mandated a partial day for Student due to their preference that he attend out-of-school ABA therapy.

114. Paragraph 114 states a legal conclusion to which no response is required. If a response is required, the District denies same.

115. The referenced law speaks for itself and all characterizations thereof are denied.

116. Admit.

117. Deny as an inaccurate "summary" of the testimony at the multi-day hearing.

118. Deny as an inaccurate summative statement regarding the testimony at the multi-day hearing.

119. Paragraph 119 states a legal conclusion to which no response is required. If a response is required, the District denies same.

120. Paragraph 120 states a legal conclusion to which no response is required. If a response is required, the District denies same.

121. The referenced law speaks for itself and all characterizations thereof are denied.

122. Paragraph 122 states a legal conclusion to which no response is required. If a response is required, the District denies same.

123. Deny. Plaintiffs offered no credible evidence at the hearing to support any of their issues.

124. Admit this individual testified. The District further states that her testimony revealed she had no idea what she was talking about, and the Hearing Officer obviously agreed.

125. The Decision speaks for itself and all characterizations thereof are denied.

126. The Decision speaks for itself and all characterizations thereof are denied.

127. The Decision speaks for itself and all characterizations thereof are denied.

128. The Decision speaks for itself and all characterizations thereof are denied.

129. Deny. Shriner's testimony, including the sentence cited, was incredible to the point of bizarre.

130. Admit the accuracy of the referenced transcript, although no citation is provided.

131. Admit the accuracy of the referenced transcript, although no citation is provided.

132. Admit the accuracy of the referenced transcript, although no citation is provided.

133. Deny as a legal conclusion. The District leaves Plaintiffs to their proofs.

134. Deny as written. The experts who testified on behalf of the District are educators, not classroom professors.

135. The Decision speaks for itself and all characterizations thereof are denied.

136. The referenced law speaks for itself and all characterizations thereof are denied.

137. Deny as written. Plaintiffs prevented Student from attending school for much of the time between November 2023 and March 2024, and when he was allowed to attend, his parent attended with him. The District, during this same time frame, took all appropriate and legally-required interventions and steps.

138. The referenced law speaks for itself and all characterizations thereof are denied.

139. The referenced law speaks for itself and all characterizations thereof are denied.

140. As no citation to the hearing transcript is provided to support this statement, the District denies same and leaves Plaintiffs to their proofs.

141. Deny. See transcript at Tr 799:8-802:16; Tr 509:1-12; 816:15-817:11.

142. Deny as written. See response to Paragraph 141.

143. Deny. Paragraph 143 states a legal conclusion to which no response is required. If a response is required, the District denies same.

144. The referenced law speaks for itself and all characterizations thereof are denied.

145. The referenced law speaks for itself and all characterizations thereof are denied.

146. Deny.

147. Admit that Student's September 13, 2023 IEP provided for these related services.

148. Deny as written. Student's September 13, 2023 IEP contains one social emotional goal.

149. Deny.

150. Deny that this summative paragraph adequately or accurately summarizes the multi-day hearing.

151. Deny as written. Shriner's testimony was far more detailed and proved to be based on nominal document review and ignorance of the events.

152. Deny as written. Plaintiffs refused to allow Student to come to school without his parent for the necessary data to be gathered for an FBA.

153. Paragraph 153 states a legal conclusion to which no response is required. If a response is required, the District denies same.

154. Paragraph 154 states a legal conclusion to which no response is required. If a response is required, the District denies same.

155. As no citation to Shriner's testimony is provided, the District denies the allegations and leaves Plaintiffs to their proofs.

156. As no transcript citation is provided to support this paragraph, the District denies the allegations and leaves Plaintiffs to their proofs.

157. This allegation does not apply to the District thus no response is required or provided.

158. The District cannot speak to Plaintiffs mental state and therefore denies same. The District further notes that what Plaintiffs' term "his severe

elopements" was a single elopement with his mother's hands on him at all times. See Tr 928:6-929:15.

159. Admit and further state that a BCBA is not legally required to conduct an FBA.

160. This allegation does not apply to the District thus no response is required or provided.

161. Admit that Student's behavior escalated in January 2024 and this resulted in a limitation to his time in general education.

162. Deny as written. Student remained engaged and successful in school, and made progress on his goals, until mid-December 2023, just prior to winter break.

163. Deny. Paragraph 163 states a legal conclusion to which no response is required. If a response is required, the District denies same.

164. Deny. The evidence and testimony at hearing established that the District complied with all IDEA requirements.

165. Deny. See response to Paragraph 162.

166. Deny. See response to Paragraph 162.

167. Deny. See response to Paragraph 162.

168. Deny and leave Plaintiffs to their proofs.

169. Deny and leave Plaintiffs to their proofs.

170. Admit that Plaintiffs' testified to this and further states that there was no corroborating evidence.

171. Deny as written. Students behaviors escalated in January 2024, at which time the District initiated all appropriate and legally-required interventions and steps.

172. This allegation does not apply to the District thus no response is required or provided.

173. Deny as written. Student's refusal to go to school began in January 2024.

174. Deny. Testimony at hearing revealed that *Plaintiff* lost Student one time at school as she accompanied him (at her own insistence) in the halls. See Tr 77:8-78:7; 643:1-645:24. Student eloped one time outside of the school, again while with his mother, who had her hands on him at all times. See Tr 928:6-929:15.

175. Admit that Student engaged in property destruction but further states that these incidents occurred January – March 2024.

176. Admit.

177. Deny.

178. Deny and further state that Paragraph 178 is a legal conclusion and the District leaves Plaintiffs to their proofs.

179. Deny and further state that Paragraph 179 and its sub-parts are legal conclusions. The District leaves Plaintiffs to their proofs.

180. Referenced Petitioners' Exhibit 22 speaks for itself and all characterizations thereof are denied.

181. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety. Further, the ALJ was correct that the state complaint process is entirely different from the due process hearing; each is separately defined in the IDEA. See 34 CFR §§ 300.151-153, 34 CFR §§ 300.507-515.

182. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety. Further, the ALJ had no obligation to explain to Plaintiffs the legal difference between the state complaint and due process hearing; Plaintiffs were represented by counsel at all times.

183. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety. Further, the ALJ had no obligation to explain to Plaintiffs the difference between the state complaint and due process hearing; Plaintiffs were represented by counsel at all times.

184. Paragraph 184 states a legal conclusion to which no response is required. Further, the ALJ had no obligation to explain to Plaintiffs the difference between the state complaint and due process hearing; Plaintiffs were represented by counsel at all times. Further, there is no legal requirement for a state complaint decision to align with a hearing officer's due process decision.

185. Deny.

186. The referenced law speaks for itself and all characterizations thereof are denied.

187. The referenced law speaks for itself and all characterizations thereof are denied.

188. Admit that Student's September 13, 2023 IEP placed Student in the general education classroom.

21

189. Deny. Student was in the general education classroom until his behavior suddenly escalated in January 2024, at which time the District initiated all appropriate and legally-required interventions and steps.

190. Deny as an inaccurate summary of the witness' testimony.

191. Deny.

192. Deny. Student excelled at school until January 2024, at which time Plaintiffs asked that he be immediately moved to one of the most restrictive placements (self-contained, center-based) without allowing the District to gather any data.

193. Paragraph 193 states a legal conclusion to which no response is required. If a response is required, the District denies same.

194. Deny as false and contrary to the evidence and testimony at hearing.

195. This allegation does not apply to the District thus no response is required or provided.

196. Admit that the District was not allowed by Plaintiffs to gather the necessary information and data to consider a more restrictive placement for Student.

197. Paragraph 197 states a legal conclusion to which no response is required. If a response is required, the District denies same.

198. Deny. No citation to the hearing transcript is provided to support this allegation, thus the District leaves Plaintiffs to their proofs.

199. Deny as contrary to the evidence and testimony at the hearing.

200. Deny. No citation to the hearing transcript is provided to support this allegation, thus the District leaves Plaintiffs to their proofs.

201. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety.

202. This allegation does not apply to the District thus no response is required or provided.

203. This allegation does not apply to the District thus no response is required or provided.

204. This allegation does not apply to the District thus no response is required or provided.

205. This allegation does not apply to the District thus no response is required or provided.

## CAUSE OF ACTION
## COUNT I
### Violations of the Individuals with Disabilities Education Act

206. The District incorporates by reference its responses to all previous paragraphs as if fully restated herein.

207. Deny. The District provided Student with FAPE in accord with the IDEA.

208. Paragraph 208 states a legal conclusion to which no response is required. If a response is required, the District denies same. Plaintiffs waived any claim as to the issues addressed and decided at hearing.

209. This allegation does not apply to the District thus no response is required or provided.

210. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety.

211. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety.

212. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety.

213. The Decision speaks for itself and all characterizations thereof are denied. It is a well-reasoned decision supported by the evidence and testimony at hearing and should be upheld in its entirety.

214. This paragraph is a prayer for relief to which no response is required.

215. Admit the standard of review is modified *de novo*.

## **RELIEF REQUESTED**

Defendant East Lansing Public Schools requests that Plaintiffs' requested relief be denied and the Decision be upheld in its entirety.

Respectfully submitted,

THRUN LAW FIRM, P.C.
Attorneys for Defendants

Dated:  August 25, 2025                /s/Erin H. Walz
                                                   Michele R. Eaddy (P41871)
                                                   Erin H. Walz (P55484)
                                                   2900 West Road
                                                   P.O. Box 2575
                                                   East Lansing, Michigan 48826-2575
                                                   meaddy@thrunlaw.com
                                                   ewalz@thrunlaw.com

*CERTIFICATE OF SERVICE*

STATE OF MICHIGAN )
                                    )
COUNTY OF INGHAM )

I hereby certify that on August 25, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

Elizabeth K. Abdnour - liz@education-rights.com
Megan N. Mitchell - megan@education-rights.com
Jacquelyn N. Kmetz - jacquelyn@education-rights.com

Respectfully submitted,

THRUN LAW FIRM, P.C.
Attorneys for Defendants

Dated:  September 20, 2024          /s/Erin H. Walz
                                                       Erin H. Walz (P55484)
                                                       2900 West Road
                                                       P.O. Box 2575
                                                       East Lansing, Michigan 48826-2575
                                                       ewalz@thrunlaw.com