**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTI HENKE and RICH HENKE o/b/o P.H.,

Plaintiff/Appellants/Petitioners,

vs.

EAST LANSING PUBLIC SCHOOLS and INGHAM INTERMEDIATE SCHOOL DISTRICT,

Defendants/Appellees/Respondents.

Case No. 1:25-cv-680

Hon. Hala Y. Jarbou

**DEFENDANT INGHAM INTERMEDIATE SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87213)
Jacquelyn Kmetz (P83575)
ABDNOUR WEIKER LLP
*Attorneys for Plaintiffs*
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
jacquelyn@education-rights.com

Jordan M. Bullinger (P72441)
CLARK HILL PLC
*Attorneys for Defendant Ingham ISD*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

Erin H. Walz (P55484)
THRUN LAW FIRM, P.C.
*Attorneys for Defendant*
*East Lansing Public Schools*
2900 West Rd., Suite 400
P.O. Box 2575
East Lansing, MI 48826-2575
(517) 374-8830
ewalz@thrunlaw.com

# TABLE OF CONTENTS

**STANDARD OF REVIEW** ........................................................................................ 1

**FACTUAL BACKGROUND** ........................................................................................ 2

**LEGAL ANALYSIS** ........................................................................................ 3

**I. The Hearing Officer Properly Dismissed Ingham ISD as a Respondent** ..................... 3

**II. Plaintiff's Appeal is Untimely** ........................................................................ 7

**CONCLUSION** ........................................................................................ 10

**CERTIFICATE OF COMPLIANCE WITH RULE W.D. MICH. L.R. 7.2 (b)(i)** ............... 11

# INDEX OF AUTHORITIES

## Cases

*Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047 (9th Cir. 2012) ........ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 1

*Bay City Education Association v. Bay City Public Schools*, 430 Mich. 370, 378-79 (1988) ........ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 1

*Bowles v. Russell*, 551 U.S. 205 (2007) ........ 8

*Bowles*, 551 U.S. at 211 ........ 9

*Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391, 397 (6th Cir. 1998) ........ 7, 8

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ........ 1

*Holden v. Miller-Smith*, 28 F. Supp. 3d 729 (W.D. Mich. 2014) ........ 10

*Holland v. Florida*, 560 U.S. 631 (2010) ........ 10

*J.S. v. N.Y. State Dep't of Corr.*, 76 F.4th 32 (2d Cir. 2023) ........ 6

*Kontrick v. Ryan*, 540 U.S. 443 (2004) ........ 8

*Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247 (1st Cir. 2003) ........ 6

*Maynard*, 579 F. Supp. 2d at 142–43 ........ 10

*Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475 (6th Cir. 2007) ........ 9

*Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) ........ 9

*Ruhl v. Ohio Health Dep't*, 725 F. App'x 324 (6th Cir. 2018) ........ 10

*Sophie G. v. Wilson Cty. Schs.*, 742 F. App'x 73 (6th Cir. 2018) ........ 4

*Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634 (7th Cir. 2015) ........ 5

*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622 (6th Cir. 2010) ........ 4

*Wayside Church v. Van Buren Cnty.*, 847 F.3d 812 (6th Cir. 2017) ........ 1

## Statutes

1401(3)(A)(i) ........ 4

20 U.S.C. § 1401(9), (26), (29) ........ 4

20 U.S.C. § 1415(i)(2)(A) ........ 11

20 U.S.C. §§ 1412(a)(1)(A) ........ 4

20 U.S.C. §§ 1415(b)(6)(A) ........ 4

MCL 380.1702 ........ 5

MCL 380.1711 ..... 5
MCL 380.1711(i) ..... 5
MCL 380.1751 ..... 4

Rules

Fed. R. Civ. P. 12(b)(6) ..... 1
Rule 12(b)(6) ..... 1

Regulations

34 C.F.R. § 303.440 ..... 10

**BRIEF IN SUPPORT OF DEFENDANT INGHAM INTERMEDIATE SCHOOL DISTRICT'S MOTION TO DISMISS**

Defendant/Appellee/Respondent Ingham Intermediate School District's ("IISD") moves to dismiss Plaintiff's Appeal as against the IISD because Plaintiff failed to file this appeal/complaint prior to the expiration of the 90-day period set forth in 20 U.S.C. § 1415(i)(2) and because the IISD is not a proper party to this action.

**STANDARD OF REVIEW**

Defendants seek dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack on the subject-matter jurisdiction … questions thereby the sufficiency of the pleading" while a factual attack "raises a factual controversy" involving disputed evidence. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). Reserving the right to assert a factual attack if discovery becomes necessary, Defendant's present motion is a facial challenge. In evaluating a facial attack, the Court must consider the factual allegations in the complaint as true and evaluate jurisdiction accordingly. *Gentek*, 491 F.3d at 330.

The applicable standard for motions to dismiss for failure to state a claim under Rule 12(b)(6) flows from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny. The Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When

there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. The Court need not accept as true a legal conclusion, including one couched as a factual allegation, or mere recitations of the elements of a cause of action sufficient. *Id. at 678.*

**FACTUAL BACKGROUND**

The underlying appealed Due Process Hearing involved P.H. (the "Student"). At the time of the underlying complaint, the Student was an 8-year-old male who attended 1st grade at The Learning Spectrum, which is a charter school located at 6660 Doubletree Ave, Columbus, OH 43229, but not operated by Ingham ISD. The Student was enrolled at The Learning Spectrum at the election of the Plaintiff. The Student is eligible for special education and related services under IDEA and MARSE as a student with multiple disabilities under the primary category of Emotional Impairment, also including ASD, reading and perception/motor/mobility. See MARSE R 340.1706.

Plaintiff's underlying Due Process Hearing Request accused East Lansing Public Schools and the IISD of denying FAPE to the Student by failing to develop an IEP reasonably calculated to allow the Student to make appropriate progress, failing to request parent consent for and conduct comprehensive reevaluations including an FBA, failing to seek parent consent to conduct an FBA within 10 school days, failing to implement PBIS to support the Student's behavioral needs, failing to educate the Student in the LRE, isolating the Student from his peers, failing to review and revise the Student's IEP, and failing to consistently provide the Student with services to allow him to make progress toward his IEP goals. However, the IISD did not operate the special education program or services utilized by the Student, did not evaluate the Student, and was ultimately not responsible for the Student under federal and Michigan Law. Given its lack of any substantive

connection to the Student, the IISD sought dismissal from the underlying hearing. In short, IISD was invited to the underlying action by Plaintiffs predicated solely on the basis that East Lansing Public Schools is located within IISD.

Ultimately, Administrative Law Judge ("ALJ") Michael J. St. John granted the IISD's Motion to Dismiss stating that the local education authority ("LEA"), here, East Lansing Public Schools, is the only entity that is required to provide services to a Student at any given time. The Order specifically states that the LEA is not the same as an Educational Service Agency ("ESA"), or, the IISD here. The Order further stated that:

> A due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. While this could possibly be an ESA if that entity has taken on those responsibilities, that is not the case here as the Petitioner has not alleged the Respondent IISD is responsible for providing direct services to the Student, only that Respondent IISD is required to properly supervise and train the LEA: East Lansing Public Schools. [*See* Order Granting Respondent Ingham Intermediate School District's Motion to Dismiss, Docket no. 24-034589 Case no. DP-24-0102 (2025).]

For the reasons cited above, Defendant IISD's Motion for Summary Disposition was granted and dismissed with prejudice. It is prudent to note that ALJ St. John's order explicitly stated: "**A party aggrieved by this decision may seek judicial review by filing an action in a court of competent jurisdiction within 90 days <u>of the date of this order</u>**." (Emphasis added.) The Order was signed on January 30, 2025, making Plaintiff's deadline to file an appeal April 30, 2025. Plaintiff filed an appeal on June 20, 2025, 141 days after the date of ALJ St. John's unambiguous Order.

## LEGAL ANALYSIS

### I. The Hearing Officer Properly Dismissed Ingham ISD as a Respondent

The IDEA authorizes states to receive federal funding so that they can provide a "free appropriate public education" ("FAPE") to children with certain intellectual or physical

disabilities. 20 U.S.C. §§ 1412(a)(1)(A); 1401(3)(A)(i). FAPE requires that special education and related services be provided, which includes instruction that is tailored to meet a child's educational needs and supportive services that enable the child to receive the same. 20 U.S.C. § 1401(9), (26), (29). Further, the IDEA creates a formal process to adjudicate disputes related to whether the child is receiving FAPE. 20 U.S.C. §§ 1415(b)(6)(A). If a party is unhappy with the outcome of the administrative process, they may seek judicial review of the administrative process by filing a civil action in state or federal court. *Sophie G. v. Wilson Cty. Schs.*, 742 F. App'x 73, 76 (6th Cir. 2018); *see also Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 629-30 (6th Cir. 2010); 20 U.S.C. § 1415(i)(2)(A).

IDEA defers to each individual state to determine how the Act's requirements will be implemented. See generally, 34 C.F.R. 300.149. In Michigan, a student's local district of residence, not the ISD, is responsible for identifying students with disabilities, conducting evaluations, and providing special education programs and services. Section 1751 of the Revised School Code states:

> The board of a local school district shall provide special education programs and services designed to develop the maximum potential of each student with a disability in its district on record under section 1711 for whom an appropriate educational or training program can be provided in accordance with the intermediate school district special education plan, in either of the following ways or a combination thereof:
>
> Operate the special education program or service.
>
> Contract with its intermediate school board, another intermediate school board, another local school district board, an adjacent school district board in a bordering state, the Michigan school for the deaf and blind, the department of community health, the department of human services, or any combination thereof, for delivery of the special education programs or services, or with an agency approved by the superintendent of public instruction for delivery of an ancillary professional special education service . . . . [MCL 380.1751].

In contrast, section 1711 of the Revised School Code sets forth an intermediate school district's special education obligations, which include: (1) developing, in consultation with its constituent local districts, an ISD plan; (2) maintaining a record of all students who are eligible for special education programs and services within the boundaries of one of its constituent districts; (3) investigating complaints made about the special education programs and services provided by constituent districts; and (4) operating or contracting for special education services and programs as if it were a local school district only if the local district is unable to provide such programs or services due to a financial emergency. MCL 380.1711.

Section 1702 of the Revised School Code provides that an ISD only assumes the responsibility for the provision of special education programs and services if directed to do so by the State Board of Education and only after the State Board determines that the local school district otherwise responsible for providing the programs and services is unable to do so due to a financial emergency. See MCL 380.1702. See also MCL 380.1711(i).

The above statutory provisions make clear that a student's local district of residence, and not the ISD, has the legal responsibility for providing eligible students FAPE. Plaintiff's attempt to argue otherwise is unfounded. In fact, the IDEA contemplates that a student's parent or guardian will "square off" against the local education agency during the administrative process, only parties to the administrative process may be "aggrieved by the findings of the decision" of the hearing officer, and only they may be parties to a civil action with respect to the administrative complaint. 20 U.S.C. § 1415(i)(2)(A); *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. #303,* 783 F.3d 634, 640 (7th Cir. 2015) (stating that the "IDEA designates the 'local educational agency' as the proper defendant."); *Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1054 (9th Cir. 2012) (observing that either the "parents or the school district . . . may seek judicial review in state or federal court"

under the IDEA); *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 252 (1st Cir. 2003) ("Congress sought to confer the right to judicial review of due process hearings upon all parties involved in such hearings: school districts, parents, and children."); *J.S. v. N.Y. State Dep't of Corr.*, 76 F.4th 32, 43 (2d Cir. 2023) (holding that the IDEA's "provisions allow only the 'parent' and 'public agency' to present a due process complaint about the provision of a FAPE to a child with a disability.").

Plaintiff relies on *Bay City Education Association v. Bay City Public Schools*, 430 Mich. 370, 378-79 (1988), to contend that Michigan courts consistently hold that an ISD's obligations extend to all special education students, not only those enrolled in ISD programs. This assertion is mischaracterized. The issue decided by the court in *Bay City* was whether a local school board's decision to terminate its operation of a special education center and to transfer the operation of center programs to intermediate school districts was a term and condition of employment subject to bargaining under the Public Employment Relations Act. *Id.* at 376. Plaintiff's quoted language recited in their complaint emphasized cooperative decision making in order to address the needs of each student in special education programs. Defendants do not deny that cooperation between the intermediate school district and a local education agency is an integral part of ensuring student success. However, well established precedent emphatically supports the conclusion that the local education agency is the appropriate defendant in instances such as the case at hand. ALJ St. John agreed with this characterization of the law as well.

Here, the local education agency is East Lansing Public Schools. Under the IDEA and well-established precedent, East Lansing Public Schools is the appropriate Defendant in the case at hand. Because the IISD was not a party to the administrative complaint due to its appropriate dismissal, it cannot be subject to the present private action, which arises from the same underlying

factual allegations. 20 U.S.C. § 1415(i)(2)(A). Therefore, the IDEA claim against the IISD must be dismissed.

**II. Plaintiff's Appeal is Untimely**

Plaintiff asserts that their appeal was timely filed within the 90-day allotment under 20 U.S.C. § 1415(i)(2)(B). However, there can be no factual dispute that Plaintiff failed to timely file a civil action after the ALJ's dismissal of the IISD as a party to the underlying due process complaint. The IDEA permits an aggrieved party to file a civil action within 90 days of the date of the rendered decision. *Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *2 (W.D. Mich. Feb. 4, 2013) (citing Mich. Admin. Code R. 340.1724f(7) (now R. 340.1724(4))); 20 U.S.C. § 1415(i)(2)(B). The Sixth Circuit has held, "if a party does not comply with the applicable deadlines for filing an IDEA appeal, then the district court must dismiss the case for a lack of subject-matter jurisdiction." *Id*. at *4. Further, in *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391, 397 (6th Cir. 1998), the Sixth Circuit held that the plaintiff's cross-appeal from the state education agency's decision was filed "seventy-eight days after the decision was issued" when the deadline for the appeal was 45 days. The court determined that the cross-appeal was untimely. As a result, the district court lacked jurisdiction over the plaintiff's appeal.

Similarly to the case at hand, the ALJ rendered a decision on January 30, 2025, granting the IISD's Motion to Dismiss on the grounds that the IISD was not a proper party for the reasons discussed above. Plaintiff was required to file an appeal by April 30, 2025, due to the 90-day statutory restriction. 20 U.S.C. § 1415(i)(2)(B). Plaintiff filed her appeal with this Court on June 20, 2025, 51 days after the deadline. Therefore, Plaintiff's appeal is untimely. As a result, and as

indicated in *Cleveland Heights*, this Court lacks jurisdiction and Plaintiff's appeal against the IISD must be dismissed.

Plaintiff may attempt to argue that the IDEA's 90-day limit is not jurisdictional in light of *Bowles v. Russell*. 551 U.S. 205, 211 (2007). However, *Bowles* held that the plaintiff's "failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction." *Id.* at 213. This precedent is thoroughly established. The Court also highlighted longstanding precedent regarding appeals, stating that it "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Id.* at 209 (citations omitted). The *Bowles* Court highlighted the distinction between a claims-processing rule in contrast to court promulgated rules. In other words, *Bowles* discussed the implications of a court created rule versus a mandatory and jurisdictional time limit set by way of statute, similarly to 20 U.S.C. § 1415(i)(2)(B). *Id.* at 210-11. Under *Bowles*, the deadlines set by 28 U.S.C. § 2107(c) were set by Congress and as a result, were considered jurisdictional in the eyes of the Supreme Court. Based on the standard set forth in *Bowles*, the same applies to 20 U.S.C. § 1415(i)(2)(B) which unambiguously states that "[t]he party bringing the action shall have 90 days **from the date of the decision** of the hearing officer to bring such an action." (Emphasis added.) This language closely mirrors the language in ALJ St. John's Order dismissing the IISD from the underlying due process complaint. It should also be noted that in *Bowles*, the court acknowledged it has held that a failure to comply with time requirements in a Bankruptcy Procedure did not impact a court's subject-matter jurisdiction. However, critical to the Court's analysis was the fact that there was no statute which specified a time limit for filing a complaint in the bankruptcy proceeding. *Id.* citing *Kontrick v. Ryan*, 540 U.S. 443 (2004)(holding that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction[.]") Therefore, there was no congressionally imposed bar and the

procedural rules adopted by the court in *Kontrick* applied. *Bowles*, 551 U.S. at 211. Further emphasizing its point, *Bowles* explicitly states that "[a]lthough several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, **none of them calls into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional**." *Id.* (Emphasis added.)

Further, it should be noted that decisions held within the Sixth Circuit agree that statutorily set deadlines, such as the 90-day limitation here, are jurisdictional. For example, in *Nat'l Ecological Found. v. Alexander***Error! Bookmark not defined.**, 496 F.3d 466, 475 (6th Cir. 2007), the Court concluded that the time limit for filing a notice of appeal was jurisdictional because the time limit for filing a notice of appeal was set forth by way of statute. *Nat'l Ecological* explicitly addressed the rationale in *Bowles* which explained that, unlike procedural rules adopted by the court, the time limit for filing a notice of appeal was set forth in a statute, thus, making it jurisdictional. *Id.* at 474-75.

Additionally, in *In re Tennial*, the Sixth Circuit discussed the analysis in *Bowles* and further expanded the rationale stating that "[r]ule-based deadlines are jurisdictional when they implement an appeal deadline created by Congress." *In re Tennial*, 978 F.3d 1022, 1026 (6th Cir. 2020) (citing *Bowles*, at 210). Therefore, it is undeniable that 20 U.S.C. § 1415(i)(2)(B) unambiguously states that "[t]he party bringing the action shall have 90 days **from the date of the decision** of the hearing officer to bring such an action." (Emphasis added.) Here, because Plaintiff failed to bring the action within 90 days from the date of the ALJ's decision, Plaintiff is jurisdictionally barred.

Lastly, it should be noted that while courts may equitably toll a statute of limitations when a party can show that they have (1) diligently pursued their rights and (2) extraordinary circumstances prevented timely filing, such is not the case here. *Robertson v. Simpson*, 624 F.3d

781, 784 (6th Cir. 2010). As explained above, Plaintiff filed her appeal with this Court on June 20, 2025, 51 days after the deadline. Therefore, Plaintiff's appeal is untimely. As a result, this Court lacks jurisdiction and Plaintiff's appeal against the IISD must be dismissed. Plaintiff sets forth no extraordinary circumstances which prevented her filing a timely appeal, a requirement which cannot be ignored. Equitable tolling of a statute of limitations should be applied narrowly, and does not excuse neglect. It is the exception, not the rule. *Holden v. Miller-Smith,* 28 F. Supp. 3d 729 (W.D. Mich. 2014).

Importantly, this Court previously rejected the application of equitable tolling to deadlines imposed under the IDEA, reinforcing that equitable tolling should not be the cure for tardy and unapologetic late filings. In *Holden v. Miller-Smith*, the Hon. Janet T. Neff held that a due process plaintiff could not invoke equitable tolling to overcome the untimely filing of a complaint under § 1415(f)(3)(C). *Id.* at 735. Judge Neff analyzed *Holland v. Florida*, 560 U.S. 631 (2010), in the *Holden* decision and stated "this Court finds wholly unpersuasive Plaintiffs' assertions that Supreme Court precedent 'mandates' equitable tolling of the IDEA limitations period and that this Court is thereby 'bound' to apply equitable tolling." *Id.* at 737. While the *Holden* decision considered a different subsection of § 1415, the holding applies with equal persuasive force to 20 U.S.C. § 1415(i)(2)(B). See also *Ruhl v. Ohio Health Dep't*, 725 F. App'x 324, 336 (6th Cir. 2018) (holding that equitable tolling did not apply to complaint filed after the two-year statute of limitations under 34 C.F.R. § 303.440); *Maynard*, 579 F. Supp. 2d at 142–43 (holding that equitable tolling was not permissible under a 90-day deadline in 20 U.S.C. § 1415(i)(2)(B)).

## CONCLUSION

ALJ St. John rendered a decision on January 30, 2025, granting the IISD's Motion to Dismiss on the grounds that the IISD was not a proper party for the reasons discussed above.

Plaintiff was required to file an appeal by April 30, 2025, due to the 90-day statutory restriction described under 20 U.S.C. § 1415(i)(2)(B). Plaintiff filed her appeal with this Court on June 20, 2025, 51 days after the deadline. Therefore, Plaintiff's appeal is untimely. As a result, this Court lacks jurisdiction and Plaintiff's appeal against the IISD must be dismissed. Additionally, under the IDEA and well-established precedent, East Lansing Public Schools is the only appropriate Defendant in the case at hand. Because the IISD was not a party to the administrative complaint due to its appropriate dismissal, it cannot be subject to the present private action, which arises from the same underlying factual allegations. 20 U.S.C. § 1415(i)(2)(A). Therefore, the IDEA claim against the IISD must be dismissed.

Respectfully submitted,

Dated: September 22, 2025

By: *__/s/ Jordan M. Bullinger__*
Jordan M. Bullinger (P72441)
Clark Hill PLC
*Attorneys for Defendant Ingham ISD*

**CERTIFICATE OF COMPLIANCE WITH RULE W.D. MICH. L.R. 7.2 (b)(i)**

This document complies with the limitation set forth in W.D. Mich. LCivR 7.2(b)(i) because the brief contains 3,443 words, excluding parts of the Brief exempted by Local Rule 7.2(b)(i) and (ii). This word count was generated using Microsoft Word for Microsoft 365.

**CERTIFICATE OF SERVICE**

The undersigned certifies that she electronically filed the foregoing document with the clerk using the Court's Electronic Filing System on September 22, 2025, which will send notification of such filing to all parties and/or attorneys of record.

| | | | |
|---|---|---|---|
| ________ | U.S. Mail | ________ | Facsimile |
| __X__ | E-Filing | ________ | Hand Delivery |
| ________ | E-Mail | ________ | Federal Express |

*__/s/ Melinda Zoerman__*
CLARK HILL PLC

ClarkHill\19511\1007360\283798799.v1-9/22/25