# EXHIBIT B

## STATE OF MICHIGAN
## MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

| | |
|---|---|
| In the matter of:<br><br>C.H. o/b/o P.H.,<br><br>         Petitioner,<br><br>vs.<br><br>East Lansing Public Schools, Haslett Public Schools, and Ingham Intermediate School District,<br><br>         Respondents. | Docket Nos.:  24-034587<br>                 24-034588<br>                 24-034589<br><br>Case No.:  DP-24-0100<br>              DP-24-0101<br>              DP-24-0102<br><br>Agency:     Education<br><br>Case Type:  Ed. Sp. Ed Regular<br><br>Filing Type:  Appeal<br><br>Michael J. St. John<br>Administrative Law Judge |

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>Megan N. Mitchell (P87213)<br>ABDNOUR WEIKER LLP<br>*Attorneys for Petitioner*<br>500 E. Michigan Ave., Suite 130<br>Lansing, MI 48912<br>(517) 994-1776<br>liz@education-rights.com<br>megan@education-rights.com | Jordan M. Bullinger (P72441)<br>Mary C. Bradley (P85784)<br>CLARK HILL PLC<br>*Attorneys for Respondent Ingham ISD*<br>200 Ottawa Avenue NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 608-1146<br>jbullinger@clarkhill.com<br>mbradley@clarkhill.com |
| Erin H. Walz (P55484)<br>Cathleen M. Dooley (P86148)<br>Michele R. Eaddy (P41871)<br>THRUN LAW FIRM, P.C.<br>*Attorneys for Respondent East Lansing Public Schools*<br>P.O. Box 2575<br>East Lansing, MI 48826-2575<br>ewalz@thrunlaw.com<br>cdooley@thrunlaw.com<br>meaddy@thrunlaw.com | Robert A. Dietzel (P67567)<br>THRUN LAW FIRM, P.C.<br>*Attorneys for Respondent Haslett Public Schools*<br>P.O. Box 2575<br>East Lansing, MI 48826-2575<br>rdietzel@thrunlaw.com |

## INGHAM COUNTY INTERMEDIATE SCHOOL DISTRICT'S
## MOTION TO DISMISS

Respondent, Ingham County Intermediate School District, ("Ingham ISD") files this

Motion to Dismiss and respectfully requests that Petitioner's Due Process Hearing Request be

dismissed for lack of subject matter jurisdiction. On or about December 2, 2024, the Michigan Department of Education ("MDE") received a Due Process Hearing Request filed by Christi Henke, on her own behalf and on behalf of her minor child, Patrick Henke ("Petitioner") against Respondents, Haslett Public Schools, East Lansing Public Schools, and Ingham ISD.

The Administrative Procedures Act at MCL 23.272(3) provides parties the ability to file a motion for summary disposition in an administrative proceeding. MCL 24.272(3) permits the parties to have "an opportunity to present oral and written arguments on issues of law and policy[.]" A motion for summary disposition under MCL 24.272(3) applies only to questions of law that do not involve factual disputes. *Smith v. Lansing Sch. Dist.*, 428 Mich. 248, 256-257 (1987).

MCR 2.116(C) serves as a guide for summary disposition motions under MCL 24.272(3). *See, e.g., American Community Mutuals Inc. Co. v. Comm'r of Ins.*, 195 Mich. App. 351, 361-363 (1992). MCR 2.116(C)(4) provides for summary disposition when the tribunal lacks subject matter jurisdiction and MCR 2.116(C)(8) provides summary disposition when the plaintiff has failed to state a claim on which relief can be granted.

A motion for summary disposition under MCR 2.116(C)(4) for lack of subject matter jurisdiction concerns "a court's 'abstract power to try a case of the kind or character of the one pending' and is not dependent on the particular facts of the case." *People v. Lown*, 488 Mich. 242 (2011) (citation omitted). If a court finds it lacks subject matter jurisdiction over a case, it should dismiss the case – any other action would be "absolutely void." *Fox v. Board of Regents*, 375 Mich. 238, 242 (1965).

## **BACKGROUND FACTS**

This Due Process Hearing involves Patrick Henke (the "Student"). The Student is presently an 8-year-old male who attends 1st grade at The Learning Spectrum, which is a charter school

located at 6660 Doubletree Ave, Columbus, OH 43229, but not operated by Ingham ISD. The Student was enrolled at The Learning Spectrum at the election of the Petitioner. The Student is eligible for special education and related services under IDEA and MARSE as a student with multiple disabilities under the primary category of Emotional Impairment, also including ASD, reading and perception/motor/mobility.  See MARSE R 340.1706.

Petitioner's Due Process Hearing Request accuses the Respondents of denying FAPE to the Student by failing to develop an IEP reasonably calculated to allow the Student to make appropriate progress; failing to request parent consent for and conduct comprehensive reevaluations including an FBA; failing to seek parent consent to conduct an FBA within 10 school days; failing to implement PBIS to support the Student's behavioral needs; failing to educate the Student in the LRE; isolating the Student from his peers; failing to review and revise the Student's IEP; and failing to consistently provide the Student with services to allow him to make progress toward his IEP goals.

As explained herein, it is unnecessary to reach or address the merits of these allegations, as Ingham ISD is not a proper party to this action and must be dismissed.

## **ARGUMENT**

### A.  **Because Ingham ISD is not a proper party to this action, it must be dismissed.**

As a matter of law, Ingham ISD is not now, nor has it ever been, responsible for the identification, evaluation, educational placement, or provision of a free and appropriate public education ("FAPE") to the Student. That responsibility belongs solely to a student's district of residence or, as appropriate, the operating district. Ingham ISD is not the Student's district of residence.  Ingham ISD does provide an OT and the ASD TC for East Lansing, but the Student has not attended any of Ingham ISD's programs.

CLARKHILL\19511\507098\279951750.v1-12/13/24

IDEA defers to each individual state to determine how the Act's requirements will be implemented. See generally, 34 C.F.R. 300.149. In Michigan, a student's local district of residence, not the ISD, is responsible for identifying students with disabilities, conducting evaluations, and providing special education programs and services. Section 1751 of the Revised School Code states:

> (1) The board of a local school district shall provide special education programs and services designed to develop the maximum potential of each student with a disability in its district on record under section 1711 f+or whom an appropriate educational or training program can be provided in accordance with the intermediate school district special education plan, in either of the following ways or a combination thereof:
>
> a. Operate the special education program or service.
>
> b. Contract with its intermediate school board, another intermediate school board, another local school district board, an adjacent school district board in a bordering state, the Michigan school for the deaf and blind, the department of community health, the department of human services, or any combination thereof, for delivery of the special education programs or services, or with an agency approved by the superintendent of public instruction for delivery of an ancillary professional special education service . . . . [MCL 380.1751].

In contrast, section 1711 of the Revised School Code sets forth an intermediate school district's special education obligations, which include: (1) developing, in consultation with its constituent local districts, an ISD plan; (2) maintaining a record of all students who are eligible for special education programs and services within the boundaries of one of its constituent districts; (3) investigating complaints made about the special education programs and services provided by constituent districts; and (4) operating or contracting for special education services and programs as if it were a local school district only if the local district is unable to provide such programs or services due to a financial emergency. MCL 380.1711.

CLARKHILL\19511\507098\279951750.v1-12/13/24

Section 1702 of the Revised School Code provides that an ISD only assumes the responsibility for the provision of special education programs and services if directed to do so by the State Board of Education and only after the State Board determines that the local school district otherwise responsible for providing the programs and services is unable to do so due to a financial emergency. See MCL 380.1702. See also MCL 380.1711(i).

The above statutory provisions make clear that a student's local district of residence, and not the ISD, has the legal responsibility for providing eligible students FAPE. The Michigan Supreme Court, Court of Appeals, and Office of Attorney General have all recognized this point. In *Bay City Education Association v. Bay City Public Schools*, 154 Mich. App. 68 (1986), the Michigan Court of Appeals found that the Bay City Public Schools violated the Public Employment Relations Act ("PERA") when it chose to stop operating a center-based program and instead contracted with its ISD for the operation of the program. The Court, relying on the sections of the School Code cited above, opined:

> Article III of the School Code, MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.*, provides for special education services. The State Board of Education has a duty to "[develop], establish, and continually evaluate and modify" intermediate district plans for special education in cooperation with their constituent districts, MCL 380.1711(1)(a); MSA 15.41711(1)(a).
>
> ***
>
> Thus, the State Board of Education and the intermediate school districts have the duty to develop and establish a plan for special education *but the local school district has the duty and responsibility to provide the special education services.* [*Id.* at 71-72 (emphasis added).]

The Michigan Supreme Court later reversed the Court of Appeals' decision on whether Bay City Public Schools violated PERA, but the Supreme Court interpreted the Revised School Code in a similar manner, noting that unless a local district specifically contracts with an ISD, the

CLARKHILL\19511\507098\279951750.v1-12/13/24

law requires the local district to provide special education programs and services. *Bay City Education Association v. Bay City Public Schools*, 430 Mich 370, 377-78 (1988).

Likewise, the Michigan Attorney General has opined that Michigan's statutory scheme places responsibility on the local school district of residence to identify students with disabilities and to provide them FAPE:

> Michigan's special education requirements are found in Article 3 of the School Code of 1976, MCL 388.1701-1766; MSA 15.41701-15.41766, and the rules promulgated thereunder, which require that educational services be provided for handicapped persons from birth through age 25 years. Within the statutory framework, the State Board of Education is responsible for establishing rules and providing overall planning for the delivery of special education programs and services for handicapped persons. MCL 380.1701; MSA 15.41701. The intermediate school districts are responsible for planning and coordinating services within their districts and have authority to provide programs and services either by operating the program or service, or by contracting with an intermediate school district, another school district, certain state schools and departments, or an agency approved by the State Board of Education. [OAG, 1991-1992, No. 6672 (January 11, 1991). *See also*, OAG, 1983-1984, No. 6166 (July 7, 1983) ("The School Code . . . requires a local school district to provide special education programs for its resident handicapped pupils.")].

In this instance, Columbus City Schools is the Student's district of residence.

Moreover, Administrative Law Judges in Michigan have consistently declined to extend their authority over intermediate school districts for alleged failures of constituent school districts to provide a student with FAPE. *K.B. & R.B. o/b/o A.B. v Ontonagon Area School District, et al.* (Docket No. 19-003559, Case No. 19-0010), issued on July 26, 2019 (**Attachment A**); *R.W. o/b/o T.G. v Ingham ISD, et al.* (Docket No. 19-013686, Case No. 19-00042), issued on September 19, 2019 (**Attachment B**); *D.L. v Kalamazoo Public Schools, et al.* (Docket No. 21-027515, Case No. 21-0038), issued on December 20, 2021 (**Attachment C**); *H.B. o/b/o K.B. v Kalamazoo Public Schools, et al.* (Docket No. 22-004118, Case No. 22-0012), issued on March 16, 2022 (**Attachment D**); *N.F. o/b/o K.S.F. v Kalamazoo Public Schools, et al.* (Docket No. 22-004868,

Case No. 22-0017), issued on April 15, 2022 (**Attachment E**); *R.M. o/b/o M.M. v Ingham ISD, et al.* (Docket No. 22-019810, Case No. DP-22-0058), issued on July 28, 2022 (**Attachment F**); *D.S. o/b/o F.W. v Kalamazoo RESA*, (Docket No. 24-010397, Case No. 24-0037), issued on May 16, 2024 (**Attachment G**). Ingham ISD is not a proper party before this Tribunal and this action must be dismissed.

**B.  Retaining Ingham ISD as a party in this action contravenes federal and state law.**

Ingham ISD is not a proper party to this action. Petitioner alleges that Ingham ISD failed to provide appropriate training and supervision to the LEA respondents. However, under IDEA, any "general supervision" obligations lie with the Michigan Department of Education's Office of Special Education pursuant to the IDEA. 20 U.S.C. § 1416; 34 C.F.R. § 300.149. Federal regulations specifically note that the State Educational Agency – the Michigan Department of Education – is the entity responsible for ensuring that "the requirements of this part are carried out." 34 CFR 300.149(a)(1); 20 U.S.C. § 1412(a)(11)(A). Accordingly, federal regulations are clear on this mandate.

Similarly, within MARSE, the language of the Rules contemplates that public agencies (SEAs) are separate and distinct from ISDs. For example, any corrective action following a violation is completed *by the public agency* "as directed by *the department*." R 340.1854(1). The public agency is responsible for reporting compliance efforts to MDE and, to any extent the ISD is involved, it is only to "assist" in monitoring progress and receive proof of compliance in tandem with MDE. R 340.1854(2), (3).  In other words, the involvement of the ISD is limited with respect to corrective measures. It defies logic to render the ISD responsible for violations while MARSE also requires the ISD to assist with monitoring progress of corrective action as directed by MDE

and receive documentation that is also delivered to MDE; a defendant cannot be his own judge, jury, and executioner. Such a concept is not contemplated by state or federal law.

ALJ Robbins has previously explained that IDEA's due process hearing procedures are "limited to matters relating to the identification, evaluation, and placement of a student, the provision of a free appropriate public education, and certain other specific matters, such as challenges to a District's manifestation determination and interim alternative placement decisions." *Beecher Community School District v. R.F. o/b/o A.S. Jr.*, (Docket No. 12-001575, Case No. 12-0064), issued on Nov. 19, 2012 (**Attachment H**). Therefore, ALJ Robbins held that the Tribunal did not have jurisdiction to hear issues regarding the Michigan Department of Education and its Part 8 Complaint investigation.

The same is for the case at bar. This Tribunal has repeatedly held that, absent clear statutory language, there is no authority for expanding the Tribunal's jurisdiction or the ALJ's authority to take jurisdiction over purported allegations involving "general supervision." *Id.* ("This tribunal is limited to resolving Due Process Complaints filed pursuant to IDEA, supra, and the implementing regulations."). As aptly articulated by this Tribunal in rejecting claims brought under a "general supervision" theory against another ISD, Petitioner's allegation against Ingham ISD is not the basis for a Due Process Hearing under IDEA.

> To the extent that the Petitioner's Due Process Complaint in this matter challenges the manner and decision of MDE's State Complaint investigation ***or any supervision of the LEA by MDE or KRESA***, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, Respondent MDE's and KRESA's Motions for Summary Disposition are granted. *H.B. o/b/o K.B. v Kalamazoo Public Schools, et al.* (Docket No. 22-004118, Case No. 22-0012), issued on March 16, 2022 (emphasis added) (Attachment D).

More recently, ALJ Wilson recognized the limit of the Tribunal's jurisdiction in *T.M. v. Michigan Department of Education*, (Docket No. 23-020413, Case No. 23-0065), issued on June

CLARKHILL\19511\507098\279951750.v1-12/13/24

21, 2023 (**Attachment I**). ALJ Wilson noted that "Respondent's Motion further indicates that this Tribunal is not 'a forum for reviewing and critiquing the manner, timing or effectiveness of a separate due process hearing decision **nor can it opine on how well *state officials* perform their oversight responsibilities**.' . . . Upon review of Respondent's Motion for Summary Disposition, the undersigned finds Respondent's arguments to be persuasive." *Id.* (emphasis added). Accordingly, ALJ's have repeatedly recognized that any "general supervision" rests with the SEA and, moreover, the filing of a Due Process Complaint is improper when challenging those oversight responsibilities.

Therefore, based on the foregoing, Ingham ISD is not a proper party to this action because state and federal law does not contemplate such a structure or interpretation of law. Additionally, this Tribunal has not only repeatedly recognized the limits of jurisdiction and authority, but that the Due Process Hearing procedures cannot be used to critique or opine upon oversight responsibilities – even if such "general supervision" obligations were to be found to rest on Ingham ISD.

## <u>CONCLUSION</u>

For the reasons discussed above, Ingham ISD is not a proper party to this action and therefore Ingham ISD respectfully requests that this Tribunal issue an appropriate order of dismissal. Ingham ISD reserves all of its rights and defenses under IDEA and any other state or federal statute or regulation.

Respectfully submitted,

CLARK HILL PLC

By: _____

Dated:  December 13, 2024

Jordan M. Bullinger (P72441)
Mary C. Bradley (85784)
*Attorneys for Respondent Ingham ISD*

# ATTACHMENT A

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

IN THE MATTER OF:

K.B. & R.B. o/b/o A.B.,
      **Petitioner**

v

**Ontonagon Area School District,**
**Ontonagon Board of Education, Gogebic-**
**Ontonagon ISD, Gogebic-Ontonagon ISD**
**Board of Education, Michigan Department**
**of Education, Sheila Alles, in her official**
**capacity as Interim State Superintendent,**
      **Respondent**

_____/

Docket No.: **19-003559**

Case No.:   **19-00010**

Agency:    **Education**

Case Type: **ED Sp Ed Regular**

Filing Type: **Appeal**

**Issued and entered**
**this 26th day of July 2019**
**by: Michael J. St. John**
**Administrative Law Judge**

**ORDER GRANTING RESPONDENTS' SUMMARY DISPOSITION MOTIONS**

On February 21, 2019, the Petitioners filed their Complaint and Request for Special Education Due Process Hearing (Complaint). On February 25, 2019, an Order Regarding Timelines and an Order Scheduling Prehearing Conference were issued. On March 8, 2019, Respondents Ontonagon Area School District and Ontonagon Board of Education (LEA Respondents) and Gogebic-Ontonagon ISE and Ontonagon IDE Board of Education (ISD Respondents) filed their respective Answers.

On March 12, 2019, a telephone prehearing conference was held. On March 13, 2019, an Order Following Prehearing Conference and Notice of Hearing was issued setting forth the deadlines in the matter. On March 19, 2019, the Michigan Department of Education and Sheila Alles, in her official capacity as Interim State Superintendent (State Respondents) filed their Motion to Extend Time to Respond to Petitioner's Due Process Complaint. On March 19, 2019, an Order Granting State Respondents' Request to Extend Time to Respond to Petitioners' Due Process Complaint was issued.

On March 28, 2019, the parties filed a Stipulation to Adjourn and Extend Dates which was granted via an April 2, 2019 Order Granting Adjournment.

19-003559
Page 2

On April 11, 2019 a telephone pre-hearing conference was held following the LEA and ISD Respondents' request for an adjournment which was granted via an April 11, 2019 Order Following Prehearing Conference and Third Notice of Hearing.

On May 31, 2019, the LEA Respondents filed a Motion for Partial Summary Disposition and the ISD Respondents filed a Motion to Dismiss.  On June 14, 2019, the Petitioners filed their Brief in Response to (LEA and ISD) Respondents' Motion to Dismiss.  On July 17, 2019, the ISD Respondents and LEA Respondents filed a Motion to Consider and Accept Untimely Reply Briefs along with their respective Reply Briefs.

On May 31, 2019, the State Respondents filed a request to extend the time for filing their summary disposition motion which was granted in a June 13, 2019 Order Granting State Respondents' Request to Extend Time to File their Motion for Summary Disposition.  On June 21, 2019, the State Respondents filed their Motion for Summary Disposition.  On July 10, 2019, the Petitioners filed their Brief in Response to State Respondents' Motion for Summary Disposition.  On July 15, 2019, the Petitioners filed their Motion to Strike Exhibit 9 (of Petitioners' Brief in Response to State Respondents' Motion for Summary Disposition).  On July 18, 2019, the State Respondents filed their Reply (entitled Limited Concurrence to Motion to Strike Exhibit 9) to Petitioner's Motion to Strike Exhibit 9.

On July 19, 2019, oral arguments were heard on all the above listed motions.  At oral arguments, the Petitioner indicated that Proposed Exhibit 19, a July 3, 2019 Letter to Zirkel, had only recently become known to the Petitioners.  Petitioners moved to add the document as Exhibit 19, and have it considered as part of their Response to Respondents' motion.  In a July 19, 2019 Order, the Petitioners' motion was granted, and the Respondents given until July 25, 2019[1] to file briefs.  The state Respondents filed a Response to Petitioner's Oral Motion to Admit Exhibit 19.

On July 18, 2019, the State Respondents filed a Counter-Motion for Sanctions.  <u>This Motion for Sanctions was not addressed at oral arguments and is not covered by this Order.  This Motion remains pending.</u>

## ISSUES

Should Respondents Ontonagon Board of Education, Gogebic-Ontonagon ISD, Gogebic-Ontonagon ISD Board of Education, Michigan Department of Education, and Sheila Alles, in her official capacity as Interim State Superintendent, be dismissed as parties to this Due Process Complaint?

---

[1] The original Order contained a typographical error indicating that briefs were due on July 18, 2019.  This was corrected via correspondence with the parties on July 19, 2019.

19-003559
Page 3

Should Issue #4E ("Did MDE and the State Superintendent fail to supervise the local Respondents?") be dismissed?

## APPLICABLE LAW

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

> R 792.10129 Summary disposition.  Rule 129.

> (1)  A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:

>> (a) There is no genuine issue of material fact.
>> (b) There is a failure to state a claim for which relief may be granted.
>> (c) There is a lack of jurisdiction or standing.

> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.

> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
>> * * *
> (C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.
>> * * *
>> (4) The court lacks jurisdiction of the subject matter.

19-003559
Page 4

* * *

      (8) The opposing party has failed to state a claim on which relief can be granted.

## DISCUSSION

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998), *People v Lown*, 448 Mich 242 (2011), and *El-Khalill v Oakwood Health Care, Inc*, ___ Mich ___ (2019) (Docket No. 157846).

The State and ISD Respondents are not appropriate parties to a due process hearing.

The Code of Federal Regulations provides that a State Education Agency (SEA) must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq.* Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq.*

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a).[2]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

This Tribunal has consistently held that a due process hearing is not the appropriate forum to 'appeal' a state complaint finding – instead a party dissatisfied with the outcome of a state complaint appeal may file their own due process complaint and seek a *de novo* review of the same issues addressed in the state complaint. *Beecher Community School District v Michigan Department of Education, et al.* (Docket No. 12-001575) issued on November 19, 2012 and *Troy School District v K.F. & J.F. o/b/o M.F. and Michigan Department of Education* (Docket No. 19-009075) issued on June 14, 2019.  However, the Petitioner's case here does not dispute or seek a review of the state complaint investigation or findings but rather seeks to hold the state and intermediate school district (ISD) Respondents responsible for the LEA's alleged failure to implement the state complaint findings and suggestions.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

19-003559
Page 5

In support of their motions to dismiss, the Respondents cite to *Watson Chapel School District* (Docket No. H-2001-52), issued on July 2, 2001.  This case is squarely on point and supports the Respondents' arguments that the due process hearing is not the appropriate forum for "compliance issues".  Although not binding on this tribunal, this analysis is persuasive and is adopted.

None of the state or ISD Respondents are responsible for providing FAPE to the Student.  The state and ISD Respondents can and has provided resources to the LEA Respondent who is responsible for providing FAPE.  The provision (or failure to provide) services to an LEA does not make another entity responsible for providing the Student a FAPE: that responsibility falls squarely and solely on the LEA charged with providing the Student a FAPE pursuant to MCL 380.1751.  See also *J.M. v Van Buren ISD and Decatur Public Schools* (Docket No. 17-006264), issued May 3, 2017, *A.R. v Sturgis Public Schools* (Docket No. 18-000201), issued March 6, 2018, and *Mr. and Mrs. G. o/b/o L.G. v Battle Creek Public Schools* (Docket No. 2012-94), issued March 14, 2012.

Petitioners argue that under 34 CFR 300.507 either a parent or a public agency may file a due process complaint (and therefore have a due process complaint filed against them) and that 34 CFR 300.33 defines a public agency as including a SEA, LEA, and ESA (which are further defined by 34 CFR 300.2 and 12).  However, 34 CFR 300.33 notes that only an entity that is "responsible for providing education to children with disabilities" is a public entity.  While the SEA or ISD could be a public entity capable of being a respondent in a due process complaint this situation only occurs when the SEA or ISD has taken responsibility for providing the education to the child(ren) with disabilities.  That is not the case here where the SEA and ISD are providing resources but have not taken over responsibility for providing the education to the Student.  That responsibility remains with the LEA: Ontonagon Area School District.

Similarly, 34 CFR 300.28 which defines a LEA can include an SEA or ISD when that SEA or ISD is operating the "public elementary or secondary schools".  That is not the case here; the LEA is operating the school providing the services to the Student and receiving (what the Petitioner believes to be inadequate) support from the ISD and SEA.  When the ISD or SEA accepts responsibility to provide a Student FAPE then, and only then, can the ISD or SEA be a proper respondent in a due process hearing.

Respondents cite to *Lewis Cass Intermediate School District v MK*, 290 F Supp 2d 832 (WD Mich 2003) in support of their argument that an ISD or SEA can be a party to a due process complaint.  However, *Lewis Cass* is distinguishable because, "the ISD developed an IEP for J.F." and therefore took over responsibility for providing the Student with FAPE.  That is, again, not the case here where the LEA prepared and implemented the IEP utilizing ISD-provided resources.  Similarly, there has not yet been a finding that the LEA is "unable or unwilling" to provide educational services directly under 20 USC 1413.

19-003559
Page 6

Respondents cite to *DR v Mich Dep't of Ed*, 2017 WL 4348818 (ED Mich 2017) which in turn cites *Pachl v Seagren*, 453 F.3d 1064 (8th Cir. 2006) for the proposition that an SEA "may be responsible for violations of the IDEA when the state agency in some way fail[s] to comply with its duty to assure that the IDEA's substantive requirements are implemented" including a "systemic violation" of the state's IDEA responsibilities. However, neither *DR* nor any of the cases cited therein indicate that the proper forum for such a dispute is a due process hearing. Indeed, *DR* suggests that Federal District Court is an appropriate forum.

Respondents argue that because *any* matter relating to identification, evaluation, or educational placement of the child is included in the statute and CFR that any public entity can be a respondent. While any is expansive, it is expansive as to the issues and subjects that can be adjudicated at a due process hearing rather than expansive about who is appropriate to be named as respondent at a due process hearing. 34 CFR 300.33 makes it clear that only the entity(ies) responsible for providing education to children with disabilities are public agencies subject to being held responsible for any allegations of failure to provide FAPE.

To the extent that the Respondents argue that the SEA and ISD violated state and federal statutes other than IDEA, a due process hearing is not the proper forum for such a dispute.

Petitioner cites *Doe by Gonzales v Maher*, 793 F.2d 1470 (9th Cir. 1986) and corresponding cases in support of their argument that the SEA and ISD are appropriate respondents in a due process hearing. However, *Doe* does not specifically indicate where claims against a SEA should be filed only noting that exhaustion was not required in that case.

Petitioner cites to the July 3, 2019 OSEP *Letter to Zirkel* (Exhibit 19) in support of their responses. Although this letter deals generally with SEA complaint resolutions and enforcement, it does not address whether a due process complaint is the proper forum for such disputes and is therefore not determinative.

Petitioner's citation to *LL v Tenn Dep't of Educ* (MD Tenn February 15, 2019) and the cases that it cites (including many unpublished 6th Circuit decisions) does support the Petitioner's position that the SEA can be responsible to parents for any failure of their "express implementation, monitoring and oversight obligations" and that the proper forum for those claims is a due process hearing.[3] The standard enumerated in that case is whether the allegations "target a broad policy with fundamentally structural

---

[3] OSEP letters, due process hearing decisions, non-6[th] Circuit published decisions, 6th Circuit unpublished decisions, and (published and unpublished) decisions from non-Michigan Federal District Courts are not binding on the Tribunal, but may be persuasive.

19-003559
Page 7

roots, arising out of policymakers' decisions rather than the mishandling of individual cases" or put another way whether the allegations are of the type "historically considered beyond the efficacy of the administrative process."

Petitioner's complaint alleges that the state Respondents have "failed to monitor and supervise the provision of educational services and equal educational opportunity to [Student]; to ensure compliance by the District with all relevant State and Federal laws in the provision of those educational services; to administer an effective complaint resolution process; and to provide appropriate technical assistance to the District to ensure that [Student] is afforded equal educational opportunity without discrimination and FAPE."  Petitioner's Due Process Complaint page 4.  These claims against the state Respondents are a mix of structural complaints and complaints specific to the Student.  In their Prayer for Relief, the Petitioners seek some sweeping policy changes including:

> F. Enjoin the Respondents from implementing all policies and practices that violate or have the effect of violating the federal protected rights of Petitioners
> G. Order MDE to implement a state-wide, pro-active enforcement protocol for ensuring compliance with MDE-OSE corrective action plans …
> H. Order MDE to hire and/or allocate the appropriate number of staff to ensure that corrective action plans are enforced and result in the changes prescribed
> I. Order MDE to engage in pro-active monitoring, including substantive review of the facts and follow-up with parents to review the child's current circumstances, to ensure compliance with federal and state law
> J. Order MDE to exercise its authority under MARSE R 340.1855.

Each of these requests would be "historically considered beyond the efficacy of the administrative process" and therefore not best suited for a due process hearing.  An order requiring MDE to hire or allocate staff and setting forth how that staff will do their jobs is outside the realm of an Administrative Law Judge's authority under IDEA and instead falls within the scope of equitable powers granted to a court of competent jurisdiction.

Each of the remaining issues directed at the state and ISD Respondents can be addressed against the remaining (LEA) Respondent.

<u>Respondent LEA School Board is not an entity capable of being sued.</u>

A general powers school board (such as the Ontonagon School Board) lack the ability to either sue or be sued.  MCL 380.11a(5) to (9) and *Travis v Redford Union Schools*, 2014 US Dist. LEXIS 76439; 2014 WL 2533165 (ED Mich 2015).  As acknowledged by

19-003559
Page 8

the Petitioners at oral arguments (Page 9), the Petitioner's claims against the LEA school board are really claims against the LEA and the LEA school board is therefore dismissed.

<u>Petitioner's claims sounding in non-IDEA state and federal discrimination statutes are outside the scope of a due process hearing.</u>

Due process hearing subject matter is limited to those issues raised under IDEA and does not include claims under other related statutes such as non-IDEA state and federal statutes prohibiting discrimination. *Walled Lake Consolidated Schools* (Docket No. 05-19) issued on August 29, 2005. As acknowledged by the Petitioners in their response brief (pages 14-16) and at oral arguments (Page 47), the Petitioner's claims under state and federal statutes prohibiting discrimination are outside the scope of a due process hearing and are therefore dismissed.

<u>Petitioner's claims based on allegations occurring before February 19, 2017 are beyond the statute of limitations.</u>

Only claims that have occurred in the two years preceding the filing of a due process complaint may be heard during a due process complaint hearing pursuant to 20 USC 1415(f)(3)(C) and 34 CFR 300.507(a)(2) and 34.511(e) unless there are exceptions that are not present in this case. As acknowledged by the Petitioners in their response brief (page 14) and at oral arguments (Page 49), the Petitioner's claims prior to two years before the due process complaint was filed are outside the scope of a due process hearing and are therefore dismissed.

**NOW THEREFORE IT IS ORDERED THAT** the LEA and ISD Respondents' Motion to Consider and Accept Untimely Reply Briefs is **GRANTED.**

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the Petitioners' request to strike Exhibit 19 contained in their Response to Petitioners' Oral Motion to Admit Exhibit 19 is **DENIED.** Exhibit 19 remains a part of the record.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the Petitioners' Motion to Strike Exhibit #9 from their Response Brief to the State Respondents' Motion for Summary Disposition is **GRANTED.** If they have not already done so, the Petitioners shall file a revised version of the Response Brief that contains only a blank Exhibit #9 no later than **4:30 p.m. on July 29, 2019.** All parties shall destroy all copies of Exhibit #9 from the original Response Brief and ensure that others provided a copy have destroyed all copies. If any party is unable to comply the party shall immediately file a written explanation for why the party is unable to comply. The revised Response Brief shall be substituted for the originally filed Brief and Exhibit #9 shall be removed from the Tribunal's case file.

19-003559
Page 9

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the LEA Respondent's Motion for partial Summary Disposition is **GRANTED.** All Americans with Disabilities Act, Section 504 claims, and Michigan Persons with Disabilities Civil Rights Act claims are dismissed with prejudice. All claims prior to February 19, 2017 are dismissed with prejudice.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the Respondent Ontonagon Board of Education's Motion for Summary Disposition is **GRANTED**. Ontonagon Board of Education is dismissed with prejudice.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the ISD Respondents' Motion for Summary Disposition is **GRANTED**. Gogebic-Ontonagon ISD and Gogebic-Ontonagon ISD Board of Education are dismissed with prejudice.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the State Respondents' Motion for Summary Disposition is **GRANTED**. Issue 4E in the Notice of Hearing Order is dismissed. Michigan Department of Education and Sheila Alles, in her official capacity as Interim State Superintendent are dismissed with prejudice.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** the State Respondents shall withdraw their Motion for Sanctions or file a supplemental brief addressing the issue of whether their Motion for Sanctions is moot given their dismissal as Respondents in this matter and whether dismissed parties may be heard and granted relief in a due process hearing no later than **4:30 p.m. on Friday August 2, 2019**.

**NOW THEREFORE IT IS FURTHER ORDERED THAT** all non-dispositive motions shall be filed no later than **4:30 p.m. on Friday August 9, 2019.**

**NOW THEREFORE IT IS FURTHER ORDERED THAT** all responses to non-dispositive motions shall be filed no later than **8:00 a.m. on Tuesday August 13, 2019.**

**NOW THEREFORE IT IS FURTHER ORDERED THAT** all replies to non-dispositive motion responses shall be filed no later than **8:00 a.m. on Thursday August 15, 2019.**

**NOW THEREFORE IT IS FURTHER ORDERED THAT** if either telephone or in person oral arguments are requested by any party on non-dispositive motions that the motions shall be heard at the final prehearing conference on **Friday August 16, 2019 at 9:00 a.m.**

**Michael J. St. John**
**Administrative Law Judge**

19-003559
Page 10

## PROOF OF SERVICE

I certify that I served a copy the foregoing document upon all parties and/or attorneys to their last-known address in the manner specified below, this 26th day of July, 2019.

*Pamela Moore*

Pamela Moore
Michigan Administrative Hearing System

**Via First Class and Electronic Mail:**
Erin Diaz
Mitchell Sickon
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Ste. 500
Lansing, MI 48911
EDiaz@mpas.org
MSickon@mpas.org

Michele R. Eaddy
Robert A. Dietzel
Thrun Law Firm, P.C.
P. O. Box 2575
East Lansing, MI 48826-2575
RDietzel@ThrunLaw.com
MEaddy@thrunlaw.com

**Via Inter-Departmental and Electronic Mail:**
Travis M. Comstock
Precious S. Boone
AAG, Health Education & Family
Assistant Attorney General
Health, Education & Family
Lansing, MI 48909
ComstockT@michigan.gov
BooneP@michigan.gov

**Via First Class Mail:**
Gogebic-Ontonagon ISD
Debra Zelinski, Special Education Director
202 Elm Street
PO Box 218
Bergland, MI 49910

**19-003559**
**Page 11**


Gogebic-Ontonagon ISD Board of Education
200 S. Elm Street
PO Box 20
Ewen, MI 49925

Ontonagon Area School District
James Bobula, Special Education Director
701 Parker Avenue
Ontonagon, MI 49953

Ontonagon Board of Education
107 W. West Street
Ontonagon, MI 49091

**Via Inter-Departmental Mail**:
Sheila Alles, Interim State Superintendent
Michigan Deparment of Education
608 W. Allegan Street
P.O. Box 30008
Lansing, MI 48909

**Via Hand Delivery and Electronic Mail**:
Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
Jwisuri@michigan.gov

# ATTACHMENT B

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 19-013686 |
| R.W. o/b/o T.G.,<br>      Petitioner | Case No.:   19-00042 |
| v | Agency:     Education |
| Ingham ISD, Lansing School District,<br>      Respondent | Case Type:  ED Sp Ed Regular |
| | Filing Type: Appeal |

_____/

Issued and entered
this 19 th day of September 2019
by: Paul Smith
Administrative Law Judge

**DECISION AND ORDER GRANTING**
**INTERMEDIATE SCHOOL DISTRICT'S MOTION TO DISMISS**

I.  Procedural History

On August 28, 2019, Petitioner R.W. on behalf of her minor child, T.G., filed an Amended Due Process Hearing Request. On September 9, 2019, Respondent Ingham Intermediate School District ("IISD") filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. See MCR 2.116(C)(1) & (C)(8).  Petitioner did not file a response to the motion to dismiss within the seven-day period permitted by Mich Admin Code R 792.10115(3).

II.  Legal Standard for Motion to Dismiss

MCL 24.272(3) states that:

**The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.**

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education ("MARSE") provide any guidance regarding a Motion for Summary Disposition. Rule 129 of the Michigan Administrative Hearing System Rules provides in pertinent part:

19-013686
Page 2

(1) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:

    (a) There is no genuine issue of material fact.
    (b) There is a failure to state a claim for which relief may be granted.
    (c) There is a lack of jurisdiction or standing.

(2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

The Michigan Court Rule 2.116 provides in relevant part:

(B) Motion.

(1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.

\* \* \*

(C) Grounds. The motion may be based on one or more of these grounds and must specify the grounds on which it is based.

(1) The court lacks jurisdiction over the person or property.

\* \* \*

(8) The opposing party has failed to state a claim on which relief can be granted.

\* \* \*

III. Respondent Has Failed to State A Claim Against IISD

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." See 34 CFR 300.507(a)(1). The MARSE also lists issues that may be the subject

**19-013686**
**Page 3**

matter of a special education due process hearing, including identification, evaluation, educational placement, and the provision of a free appropriate public education ("FAPE"). See MARSE R 340.1724f(5); see also *K.B. v Ontonogan Area School Dist, et al.* (Docket No. 19-003559), issued July 26, 2019.

Under Michigan law, it is generally the responsibility of a local school district to provide a FAPE to individual students within the local school district. See MCL 380.1751; see also *Bay City Educational Ass'n v Bay City Public Schools*, 430 Mich 370, 377-378 (1988). An intermediate school district ("ISD") may become responsible for providing a FAPE only if the local school district contracts with the ISD for the delivery of special education programs and services. See *Bay City Education Ass'n, supra* at 378, citing MCL 380.1751(1)(b). Attorney General Opinion No. 6672 (January 11, 1991) summarized the relationship between local school districts and ISD's with respect to the provision of special education services, as follows:

> Michigan's special education requirements are found in Article 3 of the School Code of 1976, MCL 380.1701-380.1766; MSA 15.41701-15.41766, and the rules promulgated thereunder, which require that educational services be provided for handicapped persons from birth through age 25 years. Within the statutory framework, the State Board of Education is responsible for establishing rules and providing overall planning for the delivery of special education programs and services for handicapped persons. MCL 380.1701; MSA 15.41701. The intermediate school districts are responsible for planning and coordinating services within their districts, and have authority to provide programs and services on behalf of their constituent districts. MCL 380.1711; MSA 15.41711. Each local school is responsible for providing special education programs and services for each handicapped person who resides in the district. MCL 380.1751; MSA 15.41751. A local school district may provide these special education programs and services either by operating the program or service, or by contracting with an intermediate school district, another school district, certain state schools and departments, or an agency approved by the State Board of Education.

In the present matter there is no allegation that the local school district contracted with Respondent IISD for the provision of special education services. Accordingly, the local school district remains solely responsible for providing any required special education services to T.G.

In addition to failing to allege that the local school district had contracted with IISD for IISD to provide special education services to its students, nowhere in the amended request for a due process hearing has R.W. alleged a specific failure or omission by IISD in the direct provision of special education services. In ¶ 73, R.W. alleged that IISD

19-013686
Page 4

has demonstrated a commitment to using Positive Behavior Interventions and Supports, as evidenced by its participation in Michigan's Integrated Behavior and Learning Support Initiative. This activity would fall into the category of providing overall planning for special education services, rather than any assumption of responsibility for providing direct services to T.G. in place of the local school district. The same is true for the allegation in ¶ 77 that IISD was one of seven ISD's formally recognized to be using the Multi-Tiered System of Supports. Likewise, in ¶¶ 117-119, R.W. has alleged only that IISD is responsible for providing "oversight" to local school districts in the provision of special education services—not the direct provision of services.

Because the provision of a FAPE is the responsibility of the local district, and there is no allegation that IISD contracted with the local district to assume any responsibility for the provision of any necessary special education services to T.G., the Amended Due Process Hearing Request fails to state a claim against Respondent IISD upon which relief can be granted.

**NOW THEREFORE, IT IS ORDERED THAT** Respondent IISDs' motion to dismiss for failure to state a claim is **GRANTED** pursuant to MCR 2.116(C)(8). Ingham ISD is dismissed with prejudice.


Paul Smith

_____

**Paul Smith**
**Administrative Law Judge**

19-013686
Page 5

## PROOF OF SERVICE

I certify that I served a copy the foregoing document upon all parties and/or attorneys to their last-known address in the manner specified below, this 19th day of September 2019.

S. Reynolds
Michigan Office of Administrative Hearings and Rules

**Via First Class Mail**:
Ingham ISD
Andrew Rable, Special Education Director
2630 West Howell
Mason, MI 48854-9392


Lansing School District
Lori Abbott-Smith, Director of Special Education
519 West Kalamazoo St
Lansing, MI 48933



**Via Inter-Departmental and Electronic Mail**:
Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
wisurij@michigan.gov

**Via First Class and Electronic Mail**:
Elizabeth K. Abdnour
Elizabeth K. Abdnour, Esq., PLLC
PO Box 27638
Lansing, MI 48909
elizabeth@abdnour.com

Jordan M. Bullinger
Clark Hill PLC
200 Ottawa Ave., NW
Suite 500
Grand Rapids, MI 49503
bullinger@clarkhill.com

Vickie L. Coe
Clark Hill PLC
212 E. Grand River Ave.
Lansing, MI 48906
vcoe@clarkhill.com

# ATTACHMENT C

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

IN THE MATTER OF:

D.L.,
      **Petitioner**

v

**Kalamazoo Public Schools, Kalamazoo RESA, Michigan Department of Education, and Dr. Michael Rice in his official capacity as Superintendent of Public Schools**
      **Respondents**

_____/

Docket No.: **21-027515**

Case No.: **DP-21-0038**

Agency: **Education**

Case Type: **ED Sp Ed Regular**

Filing Type: **Appeal**

**Issued and entered**
**this 20th day of December 2021**
**by: Michael J. St. John**
**Administrative Law Judge**

**DECISION AND ORDER**
**GRANTING RESOPNDENT MDE'S MOTION TO DISMISS,**
**GRANTING RESOPNDENT DR. RICE'S MOTION TO DISMISS,**
**GRANTING RESOPNDENT KRESA'S MOTION TO DISMISS,**
**GRANTING IN PART RESOPNDENT KPS' MOTION TO DISMISS,**
**GRANTING RESOPNDENT MDE'S MOTION TO QUASH SUBPEONAS,**
**GRANTING RESOPNDENT KRESA'S MOTION TO QUASH SUBPEONAS,**
**GRANTING IN PART RESOPNDENT KPS' MOTION TO QUASH SUBPEONAS, AND**
**GRANTING IN PART RESOPNDENT KPS' OBJECTIONS TO AND MOTION TO STRIKE ISSUES**

**PROCEDURAL BACKGROUND**

On October 22, 2021, Petitioner filed a due process complaint (Complaint) and notice of request for a due process hearing under IDEA. This Complaint alleges that Respondents violated the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 and following. The substance of the dispute is whether the Petitioner provided the Student a free appropriate public education (FAPE) by failing to teach the Student to read. The case was assigned to the undersigned Administrative Law Judge (ALJ) of the Michigan Office of Administrative Hearings and Rules (MOAHR). On October 29, 2021,

**21-027515**
**Page 2**

an Order Scheduling Prehearing Conference was issued.  The prehearing conference was held as scheduled on November 16, 2021.

On November 4, 2021, Respondents KPS and KRESA filed their Motion to Dismiss.  On November 8, 2021, Petitioner filed their Response to KPS and KRESA's motion.  On November 15, 2021, Respondents KPS and KRESA filed their reply to Petitioner's response.

On December 3, 2021, Respondent MDE filed their Motion for Summary Disposition.[1] On December 17, 2021, Petitioner filed their response to MDE's Motion for Summary Disposition.

On November 18, 2021, Petitioner filed their Proposed Issues to be Adjudicated.  On November 29, 2021, Respondents KPS and KRESA filed objections to Petitioner's List of Issues to be Adjudicated.

On November 24, 2021, Petitioner requested subpoenas of KPS, KRESA, and MDE. On December 3, 2021, MDE filed objections to the requested subpoenas and filed a Motion to Quash.  On December 6, 2021, Respondents KPS and KRESA filed their Objections and Motions to Quash Petitioner's Requests for Subpoena.  On December 10, and 13, 2021, respectively Petitioners filed their Response to MDE's and KPS and KRESA's Objections.  On December 17, 2021, Respondents KPS and KRESA filed their reply to Petitioner's Response.

## ISSUES

Should any Respondents be dismissed as a party to this Due Process Complaint?

Should specific counts against remaining Respondent(s) be dismissed?

What should be the issues to be adjudicated at the hearing?

Should Petitioner's subpoenas to Respondents be issued?

---

[1] Respondent MDE's filing was titled both State Respondents' Response to Petitioner's Due Process Complaint and State Respondents' Motion for Summary Disposition but even a cursory reading of the document indicates that it is their motion to dismiss.  Petitioner filed their Response.

**21-027515**
**Page 3**

## APPLICABLE LAW

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

> R 792.10129 Summary disposition.  Rule 129.
> (2) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:
>   (a) There is no genuine issue of material fact.
>   (b) There is a failure to state a claim for which relief may be granted.
>   (c) There is a lack of jurisdiction or standing.
>
> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.
> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
> * * *
> (C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.
> * * *
>   (4) The court lacks jurisdiction of the subject matter.
> * * *
>   (8) The opposing party has failed to state a claim on which relief can be granted.

21-027515
Page 4

## DISCUSSION

<u>Respondents other than KPS are not proper parties to this action and must be dismissed with prejudice.</u>

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

The Code of Federal Regulations provides that a State Education Agency must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq*.  Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq*.  The procedures specifically provide that the MDE may independently initiate and investigate a state complaint, R 340.1853(1).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a).[2]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to provide compensatory education as well as several equitable remedies against KRESA and MDE (Complaint pages 21 and 22).  The allegations against KRSEA and MDE are that as supervisory authorities; Petitioner alleges that they had the obligation to ensure that KPS, the LEA, was fulfilling their obligations to the Student.  No party has made an allegation that any entity or person other than KPS as the LEA was required to provide any direct service to the Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations.  There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which the MDE conducts a State Complaint investigation, the results of any such investigation, or the manner in which MDE or a county intermediate school district supervises LEAs.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

21-027515
Page 5

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student: the LEA.

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student is KRESA and the SEA which for this Student is MDE, of which Dr. Rice is the Superintendent.  Each of these entities is defined in the CFRs at 34 CFR 300.28, 12, and 41 respectively.  The due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student.  While this could possibly be an ESA or the SEA if those entities have taken on those responsibilities[3], that is not the case here as the Petitioner has not alleged either entity is responsible for providing direct services to the Student.

Petitioner alleges that the regional and state Respondents knew or should have known that KPS was failing the Student and failed to properly supervise KPS' provision of FAPE to the Student.  Even if true, however, this does not provide jurisdiction for this tribunal to hear claims against those entities.  Petitioner alleges that the regional and state Respondents "are ultimately responsible for ensuring that students receive a FAPE."  However, this is incorrect: that responsibility lies completely and totally with the LEA.

Petitioner cites to *DR v MDE* (2017) for the proposition that an entity other than the LEA can be responsible for providing FAPE to a Student.  This, however, is in the context of a federal court's jurisdiction, not the administrative tribunal's jurisdiction.  Indeed, that very same case makes the argument that administrative remedies against MDE would be futile and inappropriate in a due process hearing and therefore exhaustion was not required.

To the extent that the Petitioner's Due Process Complaint in this matter challenges the manner and decision of MDE's State Complaint investigation or any supervision of the LEA by MDE or KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, Respondent MDE's and KREA's Motions for Summary Disposition are granted.

<u>Petitioner's claims sounding outside of IDEA are outside the jurisdiction of this tribunal and are dismissed with prejudice.</u>

In Michigan, only issues within the framework of IDEA are within the jurisdiction of a due process hearing and this tribunal.  So called Section 504 and Americans with Disability

---

[3] Severely disabled students are often educated directly by ESAs.  MDE operates at least one direct service program for students: the Michigan School for the Deaf.

21-027515
**Page 6**

(ADA) claims are outside the scope of the limited jurisdiction of due process hearings in Michigan.  Although Michigan is in the minority in this approach, this has been the approach adopted.  Petitioner's cited unpublished case from the 6th Circuit is not controlling and only requires exhaustion, not a full hearing on the issues.  Until MDE or a court of competent jurisdiction orders in a published opinion otherwise, only claims sounding within IDEA are within the tribunal's jurisdiction.

Petitioner's claims for damages under any theory or statute other than IDEA are dismissed with prejudice.

Petitioner's claims prior to October 22, 2019 are outside the statute of limitations and are dismissed with prejudice.

A due process hearing must be filed within two years "of the date the parent [or Student] … knew or should have known about the alleged action that forms the basis of the complaint."   20 USC 1415(f)(3)(C) and 34 CFR 300.507(a)(2).   There are two exceptions under 34 CFR 300.511(f): misrepresentation and withholding required information.  Neither exception is pled by the Petitioner here.  Petitioner's claims are essentially a failure to provide necessary services.

Here there was never a misrepresentation on the part of the Respondent.  Respondent never made any objectively false statements.  Neither is alleged in the Petitioner's Due Process Complaint.  Only when the school misrepresents a fact (i.e. falsely indicating that an evaluation has been done or falsifying an evaluation test score) or proffers an opinion that it knows (or should reasonably know) is false does the misrepresentation exception toll the statute of limitations.  In this case, the allegations against KPS center on a failure to provide comprehensive evaluations and services by trained and knowledgeable personnel.  This is neither a misrepresentation nor a withholding of information.  Respondent KPS cannot withhold information that they have not, by Petitioner's own assertions, collected.

Petitioner's claims before October 22, 2019 are dismissed with prejudice.

Respondent KPS is responsible for providing the Student a FAPE and is entitled to any compensatory education if there was a failure to provide FAPE between October 22, 2019 and the Student's graduate.

Respondent correctly notes that the Petitioner's right to the procedural safeguards under IDEA and MARSE ended with the Student's graduation.  Respondent owes the Petitioner no further obligations following the Student's graduation.   However, Respondent KPS' argument that the provision of transition services were not required because they occurred after graduation is unfounded.  Transition services are required

21-027515
**Page 7**

prior to graduation and may continue after graduation if appropriate and necessary to provide the Student with FAPE.  Any transition services the Student was entitled to in the above timeframe (after October 22, 2019) are appropriate issues to be adjudicated by the tribunal.

<u>Issues to be Adjudicated.</u>

Petitioner alleges numerous issues.  The following issues are appropriate for a due process hearing.

1. Did the Respondent fail to conduct initial and follow up comprehensive educational evaluations including cognitive functioning, behavioral, and transition assessments?
2. Did the Respondent fail to create appropriate postsecondary goals?
3. Did the Respondent fail to provide appropriate accommodations and related services to the Student?
4. Did the Respondent fail to appropriately address the Student's behaviors that were impeding the Student's learning?
5. Did the Respondent fail to provide the Student with assistive technology devices and services?

The remainder of the issues presented are either too vague, too generalized, or outside the scope of the hearing and cannot be adjudicated.

Respondent argues that the Respondent's failure to provide an initial evaluation dates to 2012 and therefore is outside the scope of the statue of limitations.  However, the obligation to conduct an initial evaluation is an ongoing one and was just as applicable on October 22, 2019 as it was in 2012.  That objection is denied.

Respondent's objection to Petitioner's proposed issue of the Student being restricted to district-available "programs and services" as too broad is sustained.

Respondent's request to bifurcate the hearing to separately determine whether the Respondent failed to conduct assessments and then determine what goals were appropriate is denied.  These issues can and will be heard together.

Respondent's objection to the generality of accommodations and services required can and will be addressed at the hearing.  Petitioner need not list in their proposed issues each and every accommodation and service that they believe was required for the Student to receive a FAPE; they will need to provide that level of specificity at the hearing, however.   If Respondent believed that the Petitioner's complaint was

21-027515
**Page 8**

insufficiently detailed, they needed to object to that sufficiency under the process outlined by 34 CFR 300.508(d).

Respondent's objection to the Respondent's alleged failure to consider the communication needs of the child as too board and unclear is granted.  This issue is effectively covered in the Petitioner's other proposed issues.

Respondent next objects that the Petitioner's Due Process Complaint failed to include the need for assistive technology devices and services.  Although broad, the Petitioner's Complaint did include the allegation that the Respondent failed to provide the Student with FAPE including related services required to assist a child with a disability to benefit from special education.  This would include required assistive technology devices and services.  This objection is denied.

Respondents' remaining objections are moot as they involve allegations against now-non-parties to the case.

The Petitioner's subpoenas against KRESA and MDE should be quashed (not issued).

Petitioner asks for information regarding communication about compliance with corrective action plans for state complaints.  These are not relevant to the above issues and are unlikely to lead to relevant information about these issues and will not be issued.

Petitioner notes that Respondents' motions to quash are not timely as premature.  Although technically correct, the motions are taken as motions to preclude the issuance of those subpoenas and are granted.

The Petitioner's subpoenas for KPS are granted in part and denied in part.

For the reasons noted above. The same information regarding compliance with state complaints is irrelevant and those subpoenas will not be issued and that information not required.

Petitioner is entitled to IEPs, IEP progress reports, and MET reports that are relevant to the time period in question: after October 22, 2019.  Respondent KPS will produce those items immediately.  This will likely necessarily include documents from before October 22, 2019 since the IEP in effect for the Student on October 22, 2019 will, necessarily, have to have been written on or before that date.

The request for billing, payroll, and contract records is unlikely to lead to relevant information.  Petitioner has not articulated why the amount paid to a provider is relevant

**21-027515**
**Page 9**

to the issues in this case: i.e., whether the services were necessary and provided in the proper form and quantity.  Petitioner notes that this information may be useful in determining whether additional training is required of the Respondent school district.  However, training for the Respondent's staff will necessarily not affect the Student, who has graduated and is therefore extremely unlikely to be awarded by the tribunal.  Billing information is irrelevant and need not be provided.

To the extent that certifications, accreditation documentation, resumes, and/or CVs of the Student's providers on or after October 22, 2019 are in the possession of the Respondent, they should be provided to the Petitioner as they are relevant to the issues presented.

The undersigned Administrative Law Judge generally does not issue subpoenas to parties to due process hearings, instead preferring to require that the information be provided.  That will also be the case here.  No subpoenas will be issued to (now-non-parties) KRESA, MDE, or Dr. Rice for the reasons noted above.  The information requested that must be provided by the remaining Respondent is ordered to be produced, but no subpoena is necessary since the Respondent's failure to produce that information can be effectively handled by the tribunal without need for Circuit Court intervention.

## **ORDER**

**NOW, THEREFORE IT IS ORDERED that** Respondent MDE's and Respondent KRESA's Motions to Quash Subpoenas are **GRANTED.**  Those subpoenas will not be issued.

**NOW, IT IS FURTHER ORDERED that** Respondent KPS's Motion to Quash Subpoena is **GRANTED IN PART.**

**NOW, IT IS FURTHER ORDERED that** Respondent MDE's Motion for Summary Disposition is **GRANTED;** Respondent MDE is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent Dr. Rice's Motion for Summary Disposition is **GRANTED;** Respondent Dr. Michael Rice in his official capacity as State Superintendent is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KRESA's Motion for Summary Disposition is **GRANTED;** Respondent Kalamazoo Regional Educational Service Agency is dismissed with prejudice.

**21-027515**
**Page 10**

**NOW, IT IS FURTHER ORDERED that** Respondent KPS' Motion for Summary Disposition is **GRANTED IN PART.**  Only those claims relating to IDEA after October 22, 2019 will be adjudicated.

**NOW, IT IS FURTHER ORDERED that** Respondent (KPS) will immediately produce the following information to the Petitioner:

1. IEPs, IEP progress Reports, and MET reports in effect on or after October 22, 2019, which have not previously been provided.

2. All certification or accreditation documentation, including resumes or CVs, currently in the possession of the Respondent for all psychologists, social workers, teachers, aides, and others., who evaluated, instructed, participated in IEP team meetings, and/or otherwise provided educational supports or services to the Student on or after    October 22, 2019.

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

1. Did the Respondent fail to conduct initial and follow up comprehensive educational evaluations including cognitive functioning, behavioral, and transition assessments?

2. Did the Respondent fail to create appropriate postsecondary goals?

3. Did the Respondent fail to provide appropriate accommodations and related services to the Student?

4. Did the Respondent fail to appropriately address the Student's behaviors that were impeding the Student's learning?

5. Did the Respondent fail to provide the Student with assistive technology devices and services?


**Michael J. St. John**
**Administrative Law Judge**

21-027515
Page 11

## <u>PROOF OF SERVICE</u>

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this 20th day of December, 2021.

*J. Delaney*
_____
J. Delaney
Michigan Office of Administrative Hearings
and Rules

**<u>Via Electronic Mail</u>**
Bethanie Eggleston
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
EgglestonB1@michigan.gov

Elizabeth Abdnour
Elizabeth Abdnour Law
1100 W. Saginaw St.
Suite 4A-2
Lansing, MI 48915
elizabeth@abdnour.com

Erin Diaz
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Ste. 500
Lansing, MI 48911
ediaz@mpas.org

Jacquelyn Babinski
MI AECRES
PO Box 705
Ludington, MI 49431
jbabinski@miaecres.org

Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
WisuriJ@michigan.gov

Jordan M. Bullinger
Clark Hill PLC
200 Ottawa Avenue NW
Suite 500
Grand Rapids, MI 49503
jbullinger@clarkhill.com

Kalamazoo Public Schools
c/o Dr. Rita Raichoudhuri, Superintendent
1220 Howard St
Kalamazoo, MI 49008
raichoudhurira@kalamazoopublicschools.net

Kalamazoo RESA
c/o David Campbell, Superintendent
1819 E. Milham Rd
Portage, MI 49002
dcampbell@kresa.org

**21-027515**
**Page 12**

Michigan Department of Education
c/o Dr. Michael Rice, State Superintendent
P.O. Box 30008
Lansing, MI 48933
MDE-SuperintendentAppeals@michigan.gov

Nadia D. Vann
Attorney General of the State of Michigan
Health, Education & Family Services
Division
P. O. Box 30758
Lansing, MI 48909
VannN@michigan.gov

Precious S. Boone
AAG, Health Education &  Family
Assistant Attorney General
Health, Education & Family
Lansing, MI 48909
BooneP3@michigan.gov

Robert Taylor
Department of Education
PO Box 30008
Lansing, MI 48933
TaylorB1@michigan.gov
MDE-AdminLaw@michigan.gov

# ATTACHMENT D

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: **22-004118** |
| **H.B. o/b/o K.B.,** | Case No.:  **DP-22-0012** |
| **Petitioner** | |
| **v** | Agency:  **Education** |
| **Kalamazoo Public Schools, Kalamazoo RESA, et al,** | Case Type:  **ED Sp Ed Regular** |
| **Respondents** | Filing Type: **Appeal** |

_____/

**Issued and entered**
**this 16th day of March 2022**
**by: Michael J. St. John**
**Administrative Law Judge**

**DECISION AND ORDER**
**GRANTING RESPONDENT MDE'S MOTION TO DISMISS,**
**GRANTING RESPONDENT DR. RICE'S MOTION TO DISMISS,**
**GRANTING RESPONDENT KRESA'S MOTION TO DISMISS, AND**
**GRANTING IN PART RESPONDENT KPS' MOTION TO DISMISS**

**PROCEDURAL BACKGROUND**

On February 11, 2022, Petitioner filed a due process complaint (Complaint) and notice of request for a due process hearing under IDEA.  This Complaint alleges that Respondents violated the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 and following.  The substance of the dispute is whether the Petitioner provided the Student a free appropriate public education (FAPE) by failing to provide the Student with "comprehensive educational evaluations and individualized educational and social-emotional supports".  The case was assigned to the undersigned Administrative Law Judge (ALJ) of the Michigan Office of Administrative Hearings and Rules (MOAHR).  On February 16, 2022, an Order Scheduling Prehearing Conference was issued.  The prehearing conference was held as scheduled on February 22, 2022.  That Order required motions to be filed by March 4, 2022, and responses by March 11, 2022.

22-004118
**Page 2**

On February 18, 2022, Respondents MDE and Dr. Rice filed their Motion for Summary Disposition.  On March 4, 2022, Respondents KPS and KRESA filed their Motion to Dismiss.  On March 14, 2022[1], Petitioner filed their Response to the motions.

All parties waived oral argument on all motions.

## ISSUES

Should any Respondents be dismissed as a party to this Due Process Complaint?

Should specific counts against remaining Respondent(s) be dismissed?

## APPLICABLE LAW

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

> R 792.10129 Summary disposition.  Rule 129.
> (2) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:
>   (a) There is no genuine issue of material fact.
>   (b) There is a failure to state a claim for which relief may be granted.
>   (c) There is a lack of jurisdiction or standing.
>
> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

---

[1] Petitioner's response was received at 8:18 p.m. on Friday March 11, 2022 and therefore was not filed until the next business day: March 14, 2022.  Although Petitioner's response was due at 10:00 a.m. on Friday March 11, 2022 pursuant to the February 22, 2022 Order Following Prehearing Conference, Respondent filed no objection to the tardy filing and it is considered despite being ultimately rejected.

22-004118
**Page 3**

The Michigan Court Rule 2.116 provides in relevant part:

(B) Motion.
  (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
* * *
(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.
* * *
  (4) The court lacks jurisdiction of the subject matter.
* * *
  (8) The opposing party has failed to state a claim on which relief can be granted.

## DISCUSSION

Respondents other than KPS are not proper parties to this action and must be dismissed with prejudice.

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

The Code of Federal Regulations provides that a State Education Agency must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq*.  Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq*.  The procedures specifically provide that the MDE may independently initiate and investigate a state complaint, R 340.1853(1).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR 300.507(a).[2]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

22-004118
**Page 4**

Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to provide compensatory education as well as several equitable remedies against KRESA and MDE (Complaint pages 21 and 22).  The allegations against KRSEA and MDE are that as supervisory authorities; Petitioner alleges that they had the obligation to ensure that KPS, the LEA, was fulfilling their obligations to the Student.  No party has made an allegation that any entity or person other than KPS as the LEA was required to provide any direct service to the Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations.  There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which the MDE conducts a State Complaint investigation, the results of any such investigation, or the manner in which MDE or a county intermediate school district supervises LEAs.

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student: the LEA.

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student is KRESA and the SEA which for this Student is MDE, of which Dr. Rice is the Superintendent.  Each of these entities is defined in the CFRs at 34 CFR 300.28, 12, and 41 respectively.  The due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student.  While this could possibly be an ESA or the SEA if those entities have taken on those responsibilities[3], that is not the case here as the Petitioner has not alleged either entity is responsible for providing direct services to the Student.

Petitioner alleges that the regional and state Respondents knew or should have known that KPS was failing the Student and failed to properly supervise KPS' provision of FAPE to the Student.  Even if true, however, this does not provide jurisdiction for this tribunal to hear claims against those entities.  Petitioner alleges that the regional and state Respondents "are ultimately responsible for ensuring that students receive a FAPE."  However, this is incorrect: that responsibility lies completely and totally with the LEA.

Petitioner cites to *DR v MDE* (2017) for the proposition that an entity other than the LEA can be responsible for providing FAPE to a Student.  This, however, is in the context of a federal court's jurisdiction, not the administrative tribunal's jurisdiction.  Indeed, that very same case makes the argument that administrative remedies against MDE would

---

[3] Severely disabled students are often educated directly by ESAs.  MDE operates at least one direct service program for students: the Michigan School for the Deaf.

**22-004118**
**Page 5**

be futile and inappropriate in a due process hearing and therefore exhaustion was not required.  Similarly, the other primary case cited by Petitioner, *Brooke M v State of Alaska DEED*, 293 F Appx 452 (9th Cir 2008) deals with a failure to appeal a state complaint finding adverse to a primary service provider in a due process hearing; that is not the case here.  *Brooke M* does not stand for the proposition that SEAs and ISDs are liable for the alleged misdeeds of their constituent ISDs and school districts.

To the extent that the Petitioner's Due Process Complaint in this matter challenges the manner and decision of MDE's State Complaint investigation or any supervision of the LEA by MDE or KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, Respondent MDE's and KREA's Motions for Summary Disposition are granted.

<u>Petitioner's claims sounding outside of IDEA are outside the jurisdiction of this tribunal and are dismissed with prejudice.</u>

In Michigan, only issues within the framework of IDEA are within the jurisdiction of a due process hearing and this tribunal.  So-called Section 504 and Americans with Disability (ADA) claims are outside the scope of the limited jurisdiction of due process hearings in Michigan.  Although Michigan is in the minority in this approach, this has been the approach adopted.  Petitioner's cited unpublished case from the 6th Circuit is not controlling and only requires exhaustion, not a full hearing on the issues.  Until MDE or a court of competent jurisdiction orders in a published opinion otherwise, only claims sounding within IDEA are within the tribunal's jurisdiction.

Petitioner's claims for damages under any theory or statute other than IDEA are dismissed with prejudice.

<u>Petitioner's claims prior to February 11, 2020, are outside the statute of limitations and are dismissed with prejudice.</u>

A due process hearing must be filed within two years "of the date the parent [or Student] … knew or should have known about the alleged action that forms the basis of the complaint."   20 USC 1415(f)(3)(C) and 34 CFR 300.507(a)(2).   There are two exceptions under 34 CFR 300.511(f): misrepresentation and withholding required information.  Neither exception is pled by the Petitioner here.  Petitioner's claims are essentially a failure to provide necessary services.

Here there was never a misrepresentation on the part of the Respondent.  Respondent never made any objectively false statements.  Neither is this alleged in the Petitioner's Due Process Complaint.   Only when the school misrepresents a fact (i.e. falsely indicating that an evaluation has been done or falsifying an evaluation test score) or

**22-004118**
**Page 6**

proffers an opinion that it knows (or should reasonably know) is false does the misrepresentation exception toll the statute of limitations.  In this case, the allegations against KPS center on a failure to provide comprehensive evaluations and services by trained and knowledgeable personnel.  This is neither a misrepresentation nor a withholding of information.  Respondent KPS cannot withhold information that they have not, by Petitioner's own assertions, collected.

Petitioner's claims before February 11, 2020, are dismissed with prejudice.

<u>Respondent KPS is responsible for providing the Student a FAPE and is entitled to any compensatory education if there was a failure to provide FAPE after February 11, 2020.</u>

Each of the issues enumerated in the Order Following Prehearing Conference are within the jurisdiction of the tribunal.  Those issues will be adjudicated at the hearing.

<u>**ORDER**</u>

**NOW, IT IS ORDERED that** Respondent MDE's Motion for Summary Disposition is <u>**GRANTED;**</u> Respondent MDE is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent Dr. Rice's Motion for Summary Disposition is <u>**GRANTED;**</u> Respondent Dr. Michael Rice in his official capacity as State Superintendent is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KRESA's Motion for Summary Disposition is <u>**GRANTED;**</u> Respondent Kalamazoo Regional Educational Service Agency is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KPS' Motion for Summary Disposition is <u>**GRANTED IN PART.**</u>  Only those claims relating to IDEA after February 11, 2020, will be adjudicated.

22-004118
Page 7

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

1. Did the Respondent fail to provide procedural safeguards to the Petitioner in the form of requested educational records?
2. Did the Respondent fail to provide social work, counseling, or other supportive services to the Student?
3. Did the Respondent fail to provide positive behavioral interventions and supports to the Student?
4. Should the Respondent provide the Student with compensatory education for time missed from school, and in what form and quantity?

**Michael J. St. John**
**Administrative Law Judge**

**22-004118**
**Page 8**

## **PROOF OF SERVICE**

I certify that I served a copy of the foregoing document upon all parties and/or attorneys to their last-known address in the manner specified below, this 16th day of March, 2022.

D. Hagar
**Michigan Office of Administrative**
**Hearings and Rules**

**Via Electronic Mail**
Bethanie Eggleston
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
EgglestonB1@michigan.gov

Elizabeth K. Abdnour
Elizabeth Abdnour Law
1100 W. Saginaw St.
Suite 4A-2
Lansing, MI 48915
elizabeth@abdnour.com

Erin Diaz
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Ste. 500
Lansing, MI 48911
ediaz@mpas.org

Jacquelyn Babinski
MI AECRES
PO Box 705
Ludington, MI 49431
jbabinski@miaecres.org

Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
WisuriJ@michigan.gov

Kalamazoo RESA
c/o David Campbell, Superintendent
1819 E. Milham Rd
Portage, MI 49002
dcampbell@kresa.org

Michigan Department of Education
c/o Dr. Michael Rice, State Superintendent
P.O. Box 30008
Lansing, MI 48933
MDE-SuperintendentAppeals@michigan.gov

Precious Boone
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
boonep4@michigan.gov
MDE-AdminLaw@michigan.gov

**22-004118**
**Page 9**

Kalamazoo Public Schools
Reuquiyah Saunders
Director of Special Education
1220 Howard Street
Kalamazoo, MI 49008
saundersrt@kalamazoopublicschools.net

Nadia D. Vann
Attorney General of the State of
Michigan
Health, Education & Family Services
Division
P. O. Box 30758
Lansing, MI 48909
AG-HEFS@michigan.gov

Toni Harris
Michigan Attorney General
Health, Education & Family Services Div.
PO Box 30664
Lansing, MI 48909
AG-HEFS@michigan.gov

Jordan M. Bullinger
Clark Hill PLC
200 Ottawa Avenue NW
Suite 500
Grand Rapids, MI 49503
(jbullinger@clarkhill.com)

Katie Ilijic
Clark Hill PLC
500 Woodward Ave.
Ste. 3500
Detroit, MI 48226
(kilijic@clarkhill.com)

# ATTACHMENT E

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: **22-004868** |
| N.F. o/b/o K.S.F., | Case No.: **DP-22-0017** |
| **Petitioner** | Agency: **Education** |
| v | Case Type: **ED Sp Ed Regular** |
| **Kalamazoo Public Schools, Kalamazoo RESA, et al,** | Filing Type: **Appeal** |
| **Respondents** | |

_____/

**Issued and entered**
**this 15th day of April 2022**
**by: Lindsay Wilson**
**Administrative Law Judge**

**DECISION AND ORDER**
**REGARDING KRESA, KALAMAZOO PUBLIC SCHOOLS, COMSTOCK PUBLIC SCHOOLS MOTION TO DISMISS**

## PROCEDURAL BACKGROUND

On or about February 18, 2022, Attorneys Jacquelyn Babinski and Elizabeth K. Abdnour, on behalf of K.S.F. (Petitioner/Student) filed a Due Process Hearing Request under the Individuals with Disabilities Education Act (IDEA), 25 United States Code (USC) 1400 _et seq_. with the Michigan Department of Education (MDE). This Due Process Complaint was forwarded to the Michigan Office of Administrative Hearings and Rules (MOAHR) for hearing and was assigned to Administrative Law Judge (ALJ) Lindsay Wilson.

On February 28, 2022, the undersigned ALJ issued an Order Scheduling Prehearing Conference for March 8, 2022.

On March 8, 2022, the telephone prehearing conference commenced, but did not conclude. The undersigned issued an Ordering Continuing Prehearing Conference on March 8, 2022, stating that the prehearing conference would be continued to March 15, 2022.

22-004868
Page 2

On March 15, 2022, the telephone prehearing conference commenced and concluded.

On March 17, 2022, the undersigned issued an Order Following Prehearing Conference (Order), which included the following: (i) clarification of the issues for the hearing; (ii) any dispositive motions that can be reasonably anticipated shall be filed no later than March 22, 2022; (iii) responses to dispositive motions shall be filed no later than March 29, 2022; and (iv) scheduled the hearing for June 27, 2022 through July 1, 2022.

On March 22, 2022, Respondents Kalamazoo Public Schools (KPS), Comstock Public Schools (CPS), and Kalamazoo Regional Educational Service Agency (KRESA) (collectively "School Respondents") filed a Motion to Dismiss.

On March 29, 2022, Petitioner filed a Brief in Response to School Respondents' Motion for Summary Disposition.

Neither party requested oral argument pursuant to Mich Admin Code R 792.10115.

## ISSUES

Should Respondents KRESA and/or KPS be dismissed as a party to this Due Process Complaint?

Should specific counts against remaining Respondent(s) be dismissed?

## APPLICABLE LAW

MCL 24.272(3) states that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide the framework for a motion for summary disposition.

Mich Admin Code R 792.10129, Rule 129, provides, in pertinent part:

> (1) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision

**22-004868**
**Page 3**

> granting summary disposition on all or part of a proceeding if he or she determines that that any of the following exists:
>
> (a) There is no genuine issue of material fact.
>
> (b) There is a failure to state a claim for which relief may be granted.
>
> (c) There is a lack of jurisdiction or standing.
>
> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.
>
> (3) If the motion for summary disposition is denied, or if the decision on the motion does not dispose of the entire action, then the action shall proceed to hearing.
>
>  Mich Admin Code R 792.10129.

Rule 129(1)(a) tracks the basis for summary disposition under Michigan Court Rule (MCR) 2.116(C)(10).  Under that court rule, summary disposition is available when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  MCR 2.116(C)(10); *see also Coblentz v City of Novi,* 475 Mich 558; 719 NW2d 73 (2006); *Haliw v City of Sterling Heights,* 464 Mich 297; 627 NW2d 581 (2001); *Veenstra v Washtenaw Country Club,* 466 Mich 155; 645 NW2d 643 (2000).

"'A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.'"  *Attorney General v PowerPick Player's Club of Michigan, LLC,* 287 Mich App 13, 26-27; 783 NW2d 515 (2010) (quoting *West v Gen. Motors Corp.,* 469 Mich 177, 183; 665 NW2d 468 (2003)).

A material fact has been defined as an "ultimate fact issue upon which a jury's verdict must be based."  *Estate of Neal v Friendship Manor Nursing Home,* 113 Mich App 759, 763, 318 NW2d 594 (1982).  In other words, "[t]he disputed factual issue must be material to the dispositive legal claim[s]."  *Auto Club Ins Ass'n v State Auto Mut Ins* Co, 258 Mich App 328, 333; 671 NW2d 132 (2003).

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.

22-004868
**Page 4**

(1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.

\* \* \*

(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.

\* \* \*

(4) The court lacks jurisdiction of the subject matter.

\* \* \*

(8) The opposing party has failed to state a claim on which relief can be granted.

In reviewing a motion brought under MCR 2.116(C)(10), the court must consider the pleadings, affidavits, depositions, admissions, and any other admissible evidence in favor of the nonmoving party.  MCR 2.116(G)(5); *Maiden v Rozwood*, 461 Mich 109, 12; 597 NW2d 817 (1999); *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993); *Miller v Farm Bureau Mut Ins* Co, 218 Mich App 221, 233; 553 NW2d 371 (1996). Affidavits or other documentation submitted in support of or in opposition to a motion for summary disposition under MCR 2.116(C)(10) must contain admissible evidence.  MCR 2.116(G)(6); *Maiden,* 461 Mich at 121.

Granting the nonmoving party the benefit of any reasonable doubt regarding material facts, the court must then determine whether a factual dispute exists to warrant a trial. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 617-618; 537 NW2d 185 (1995); *Radtke,* 442 Mich at 374.  If there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law.  *See Quinto v Cross & Peters* Co, 451 Mich 358, 363; 547 NW2d 314 (1996) (plaintiff failed to present evidence on which reasonable person could find that hostile work environment existed; summary disposition proper).

## <u>DISCUSSION</u>

Petitioner's Due Process Complaint alleges that Respondents failed to provide Petitioner a free appropriate public education (FAPE) by failing to provide Petitioner with "comprehensive evaluations to accurately identify her present levels of academic and functional performance." [Complaint, ¶ 3]. Petitioner's Complaint further alleges that School Respondents:

. . . [f]ailed to subsequently develop an education plan and provide services reasonably calculated to allow [Petitioner] to access the general educational curriculum and make appropriate progress in light of her unique circumstances, denying her FAPE. Moreover, the Respondents

22-004868
Page 5

have failed to provide [Petitioner] with an equal educational opportunity and have discriminated against her on the basis of her disability, in violation of Section 504 and the ADA. [Complaint, ¶ 3].

### A.  School Respondents' Position

School Respondents argue that Petitioner's complaint should be dismissed based on lack of subject matter jurisdiction and based on Petitioner's claims falling outside the statute of limitations. [Motion, p 2].

School Respondents further assert that this Tribunal does not have jurisdiction over claims or issues regarding Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, or the Persons with Disabilities Civil Rights Act. Rather, Respondents argue, this Tribunal's jurisdiction is limited to due process complaints filed pursuant to the IDEA and its implementing regulations and the Michigan Administrative Rules for Special Education (MARSE). [Motion, p 3].

Next, School Respondents argue that KPS and KRESA are not proper parties to this action. Respondents assert that neither KRESA nor KPS are responsible for providing this eligible student a FAPE. Respondents maintain that responsibility belongs to the student's local district of residence, in this case CPS. [Motion, pp 3, 6-7].

Finally, School Respondents argue that Petitioner is time barred from raising claims that occurred prior to February 22, 2020, as the IDEA imposes a two-year period of limitations. Since Petitioner's due process complaint was received on February 22, 2022, School Respondents assert that Petitioner cannot allege violations that occurred prior to February 22, 2020. [Motion, pp 7-8].

### B.  Petitioner's Position

First, Petitioner asserts that the allegations under Section 504, the Americans with Disabilities Act, and Persons with Disabilities Civil Rights Act were pled "to ensure those claims were exhausted either through the pleadings or through presenting evidence". [Response, p 1].

Petitioner further argues that KRESA denied Petitioner a free appropriate education (FAPE) for over twelve years because they failed to ensure that KPS conducted comprehensive educational evaluations initially and that CPS conducted comprehensive educational evaluations anytime Petitioner was not making progress academically or functionally. [Response, p 1]. Petitioner asserts that because KRESA is responsible for ensuring that local districts comply with IDEA, this Tribunal should assert jurisdiction over KRESA. [Response, pp 7, 11].

22-004868
**Page 6**

Finally, Petitioner maintains that KPS was the resident district up until the start of the 2019-2020 school year and that Petitioner filed her complaint within two years of the discovery of the violations by KPS. Petitioner further argues that the complaint was timely filed within two years of the discovery of the violations by CPS as well and that she should be compensated for the deprivation of her rights. [Response, pp 1-2].

### A. *This Tribunal does not have jurisdiction over claims involving Section 504, Title II of the Americans with Disabilities Act (ADA), or the Persons with Disabilities Civil Rights Act (PWDCRA)*

In her Response, Petitioner acknowledges this Tribunal has generally declined to exercise jurisdiction over issues outside the scope of the limited jurisdiction of due process hearings in Michigan. [Response, p 6]. Petitioner requests exhaustion be recognized in this matter through the pleadings.

Petitioner cites to *LG v Bd of Educ of Fayette County, Ky*, an unpublished case from the 6th Circuit Court, which found that a case filed solely under Section 504 could not proceed in federal court without first exhausting administrative procedures. [Response, p 7; See *LG v Bd of Educ of Fayette County, Ky*, 18-5715, 2019 WL 2419021 (6th Cir June 10, 2019]. This case, however, only requires exhaustion, not a full evidentiary hearing on the issues.

It is further noted that the issues and claims involving Section 504, the ADA, and the PWDCRA were addressed at the March 15, 2022 prehearing conference and have already been dismissed for lack of jurisdiction in the Order Following Prehearing Conference dated March 17, 2022.

### B. *KRESA is not a proper party to this action and must be dismissed with prejudice*

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR 300.507(a).  The MARSE similarly lists issues that may be the subject

22-004868
**Page 7**

matter of a special education due process hearing including educational placement and provision of a FAPE. (See MARSE R 340.1724f(2)).

Petitioner's Due Process Complaint seeks compensatory education and compensatory related services against School Respondents. As it relates to KRESA, Petitioner does not allege that KRESA was required to provide any direct service to the Petitioner/Student. Rather, Petitioner alleges that KRESA had the obligation to ensure that the Local Education Agency (LEA) corrected its violations and to ensure they were providing a FAPE to the Student. Petitioner argues KRESA failed to properly oversee KPS and CPS to ensure Petitioner was provided with a FAPE.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in the IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which an intermediate school district (ISD) supervises LEAs.

School Respondents point out that a student's local district of residence is responsible for identifying students with disabilities, conducting evaluations, and providing special education programs and services. [Motion, p 4; See MCL 380.1751]. As stated in Section 1702 of the Revised School Code, an ISD provides special education programs and services only if directed to do so by the state board and if it is determined that the local school district is not providing those services in compliance with Section 1751. [See MCL 380.1702(3)]. As such, School Respondents argue that KRESA is not responsible for providing a FAPE.

Alternatively, Petitioner argues that IDEA, state law, the corresponding implementing regulations and practice have created a system where an ISD, such as KRESA, is responsible for ensuring a FAPE. [Response, p 10]. Petitioner maintains that KRESA was on notice of the violations by the LEAs because of the CPS service records for Petitioner and the role KRESA played in the 2019 and 2021 MDE complaint investigations against KPS and CPS, respectively. [Id.]. Petitioner argues that state law has by default placed the burden of IDEA compliance upon both LEAs and ISDs. [Response, p 11].

The due process complaint may only be filed by the parent against the public agency that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. [See  34 CFR 300.507 and 300.508]. While this could potentially include an ISD, if that entity has taken on those responsibilities[1], that is not the case here as the Petitioner has not alleged KRESA is responsible for providing direct services to the student.

---

[1] See MCL 380.1711.

22-004868
Page 8

While Petitioner alleges that Respondent KRESA knew or should have known that KPS and CPS were failing to properly supervise the provision of FAPE to Petitioner, this does not provide jurisdiction for this tribunal to hear claims against KRESA. In this case, it was not the responsibility of the ISD, but rather is the responsibility of the LEA who has the responsibility to provide a FAPE. [See MCL 380.1702].

To the extent that the Petitioner's Due Process Complaint in this matter challenges the supervision of the LEA by KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction because Petitioner did not receive services from the ISD. Therefore, Respondent KRESA's motion for dismissal is granted.

    *C. Petitioner's claims prior to February 22, 2020, are outside the statute of limitations and are dismissed with prejudice. As such, KPS is not a proper party to this action and must be dismissed with prejudice*

Respondent Schools' motion requests that all claims that occurred prior to February 22, 2020 should be dismissed because they occurred outside of the two-year statute of limitations. On the other hand, Petitioner contends her complaint was filed within two years of the discovery of the injury by KPS and CPS and thus was timely.

Section 1415(f)(3)(C) provides in pertinent part, "[a] parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint . . ." 20 U.S.C. 1415(f)(3)(C).

IDEA does provide for two exceptions to this timeline as follows:

    (D) Exceptions to the timeline

    The timeline described in subparagraph (C) shall not apply to a parent if the parent was prevented from requesting the hearing due to—

        (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or

        (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

    20 USC 1415(f)(3)(D)(i) and (ii).

22-004868
**Page 9**

Here, Petitioner did not allege that KPS or CPS engaged in "specific misrepresentations that it had resolved the problem forming the basis of the complaint". Petitioner does assert that Petitioner had "limited information because KPS failed to perform the necessary and legally required evaluations to determine appropriate supports and services for [Petitioner] for years." [Response, p 14]. However, Petitioner does not assert that Respondent KPS withheld information, but rather asserts KPS did not collect the necessary information. Thus, it cannot be said that KPS withheld information that it never actually obtained.

Next, School Respondents argue that any alleged violations that occurred prior to February 22, 2020, should be rejected given that Petitioner, through an advocate, filed state complaints in October 2019 and on January 27, 2021. [Motion, p 9]. As such, Respondents argue that Petitioner knew about these alleged issues with KPS and CPS and "cannot now plead ignorance of the alleged harm which served as the basis of the State Complaints". [Id.]

Petitioner acknowledges that her advocate did file an MDE complaint in 2019 and 2021, but argues that Petitioner should not be "held responsible for understanding her own limitations from a professional pedagogical or psychological perspective." [Response, p 12]. Petitioner argues that she timely filed her complaint within two years of the discovery of the injury by KPS and thus should be compensated. Petitioner also maintains that her state complaint against KPS was solely for its failure to evaluate Petitioner before transferring her to the alternative high school. [Response, pp 4-5].

Petitioner further states that School Respondents' failures continued into the two-year window. Petitioner argues that she had no way of knowing that KPS, CPS and KRESA would continue to fail her throughout her educational career. However, regardless of whether Petitioner knew that the alleged violations would continue, the statute clearly requires a due process hearing request to be filed within two years of the date Petitioner knew or should have known about the alleged action that forms the basis of the complaint. For this Due Process Complaint to be timely against KPS, Petitioner would have been required to file it by October 2021. Petitioner did not file this Due Process Complaint until February 22, 2022, which is not within two years of her discovery of the alleged action forming the basis of this complaint.

Petitioner also acknowledges that KPS does not have an ongoing obligation to provide special education services to Petitioner as she is currently enrolled in CPS. Petitioner argues that KPS does have the duty to compensate her for the lack of appropriate educational supports and services for the 10 years during which she was a student with a disability. While this may have been true had the complaint been filed timely, that was not the case here.

22-004868
Page 10

It is noted that Respondent CPS is responsible for providing Petitioner a FAPE and Petitioner is entitled to any compensatory education if there was a failure to provide FAPE after February 22, 2020.

Each of the issues enumerated in the March 17, 2022 Order Following Prehearing Conference are within the jurisdiction of the tribunal.  Those issues will be adjudicated at the hearing.

## ORDER

**NOW, IT IS FURTHER ORDERED that** School Respondents' Motion to Dismiss KRESA as a party is **GRANTED**.

**NOW, IT IS FURTHER ORDERED that** School Respondents' Motion to Dismiss KPS as a party is **GRANTED**.

**NOW, IT IS FURTHER ORDERED that** Respondents' Motion for Summary Disposition is **GRANTED IN PART.** Only those claims relating to IDEA after February 22, 2020, will be adjudicated.

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

    a. Whether Respondent Comstock Public Schools violated the Child Find mandate of the IDEA by failing to identify, locate, and/or evaluate Student for a disability?

    b. Whether Respondent Comstock Public Schools violated the IDEA provisions requiring comprehensive educational evaluations?

_____

**Lindsay Wilson**
**Administrative Law Judge**

**22-004868**
**Page 11**

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses via electronic delivery, this 15th day of April 2022.

*C. Gibson*
_____

C. Gibson
**Michigan Office of Administrative Hearings and Rules**

Bethanie Eggleston
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
EgglestonB1@michigan.gov

Comstock Public Schools
c/o Brian Deller, Director of Special Education
3010 Gull Rd.
Kalamazoo, MI 49048
Brian.deller@comstockps.org

Elizabeth K. Abdnour
Elizabeth Abdnour Law
1100 W. Saginaw St.
Suite 4A-2
Lansing, MI 48915
Elizabeth@abdnour.com

Jacquelyn Babinski
MI AECRES
PO Box 705
Ludington, MI 49431
jbabinski@miaecres.org

Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
Wisurij@michigan.gov

**22-004868**
**Page 12**

Kalamazoo Public Schools
Reuquiyah Saunders
Director of Special Education
1220 Howard Street
Kalamazoo, MI 49008
Saundersrt@kalamazoopublicschools.net

Kalamazoo RESA
c/o David Campbell, Superintendent
1819 E. Milham Rd
Portage, MI 49002
dcampbell@kresa.org

Michigan Department of Education
c/o Dr. Michael Rice, State Superintendent
P.O. Box 30008
Lansing, MI 48933
MDE-Superintendent/Appeals@michigan.gov



Precious Boone
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
Boonep4@michigan.gov

Toni Harris
Michigan Attorney General
Health, Education & Family Services Div.
PO Box 30664
Lansing, MI 48909
HarrisT19@michigan.gov

# ATTACHMENT F

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| **IN THE MATTER OF:** | **Docket No.: 22-019810** |
| **R.M. o/b/o M.M.,**<br>　　　**Petitioner** | **Case No.:    DP-22-0058** |
| **v** | **Agency:      Education** |
| **Ingham ISD, Waverly Community Schools,**<br>　　　**Respondent** | **Case Type:  ED Sp Ed Regular** |
| | **Filing Type: Appeal** |

_____/

**Issued and entered**
**this 28th day of July 2022**
**by: Alexander Cartwright**
**Administrative Law Judge**

**DECISION AND ORDER GRANTING**
**INGHAM INTERMEDIATE SCHOOL DISTRICT'S MOTION TO DISMISS**

**PROCEDURAL HISTORY**

On June 28, 2022, Attorney Jacqueline Babinski, on behalf of R.M., Petitioner, filed a Due Process Hearing Request and Complaint under the Individuals with Disabilities Education Act (IDEA), 20 United States Code (USC) 1400 *et seq*. with the Michigan Department of Education (MDE) on behalf of M.M. (Student).[1] On June 29, 2022, an Order Regarding Timelines and an Order Scheduling Prehearing Conference were issued. On July 6, 2022, an order was issued by the undersigned that adjourned the Prehearing Conference and rescheduled the Prehearing to July 15, 2022.

On July 7, 2022, Respondent Waverly Community Schools (LEA Respondent) filed their Answer. On July 8, 2022, Respondent Ingham ISD (ISD Respondent) filed their Answer.

On July 8, 2022, Respondent Ingham Intermediate School District ("IISD") filed a Motion to Dismiss under MCR 2.116(C)(4) and (8). On July 15, 2022, Respondent Waverly Community Schools and Petitioner filed responses to the motion to dismiss within the seven-day period permitted by Mich. Admin Code R 792.10115(3).

---

[1] Student will be used in place of child's name to protect the minor child's identity.

22-019810
Page 2

## ISSUES

Does the Tribunal have jurisdiction over Section 504, the American with Disabilities Act, or the Persons with Disabilities Civil Rights Act?

Should Respondent, Ingham ISD, be dismissed as a party to this Due Process Complaint?

Is Petitioner is barred from raising claims that occurred before June 28, 2020?

## APPLICABLE LAW

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

R 792.10129 Summary disposition.  Rule 129.

(1)  A party may make a motion for summary disposition of all or part of a proceeding.  When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:

(a) There is no genuine issue of material fact.
(b) There is a failure to state a claim for which relief may be granted.
(c) There is a lack of jurisdiction or standing.

(2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

The Michigan Court Rule 2.116 provides in relevant part:

(B) Motion.

22-019810
Page 3

(1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.

\* \* \*

(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.

\* \* \*

(4) The court lacks jurisdiction of the subject matter.

\* \* \*

(8) The opposing party has failed to state a claim on which relief can be granted.

## DISCUSSION

### Whether the Tribunal has jurisdiction over Section 504, the American with Disabilities Act, or the Persons with Disabilities Civil Rights Act.

Pursuant to the prehearing conference held on July 15, 2022, these claims have been dismissed for lack of jurisdiction. Petitioner did not object to the dismissal of these claims at the prehearing conference. Therefore, this matter is moot.

### Should Respondent, Ingham ISD, be dismissed as parties to this Due Process Complaint.

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted. Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14). The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings. *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a). The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including educational placement and provision of a FAPE. (See MARSE R 340.1724f(2)).

**22-019810**
**Page 4**

Petitioner's Due Process Complaint seeks compensatory education and compensatory related services against Respondents. Petitioner alleges that ISD Respondent had the obligation to ensure that LEA Respondent comply with IDEA, and that ISD Respondent failed to properly supervise LEA Respondent to ensure Petitioner was provided FAPE. As a result of these alleged failures by LEA Respondent, Petitioner asserts ISD Respondent was under an obligation to provide Petitioner with FAPE.

The Administrative Law Judge and this Tribunal are limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in the IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the way an intermediate school district (ISD) supervises LEAs.

ISD Respondent points out that a student's local district of residence is responsible for identifying students with disabilities, conducting evaluations, and providing special education programs and services. [Motion, p 4; See MCL 380.1751]. As stated in Section 1702 of the Revised School Code, an ISD provides special education programs and services **only if** directed to do so by the state board and if it is determined that the local school district is not providing those services in compliance with Section 1751. [See MCL 380.1702(3)]. As such, ISD Respondent argues that Ingham ISD is not responsible for providing a FAPE, and therefore, is not a proper party before this Tribunal.

Petitioner further asserts that ISD Respondent was on notice of the violations by the LEA Respondent through communications from R.M. in May of 2021 through September of 2021 of the LEA Respondent's failure to perform comprehensive evaluations and failure to provide FAPE and argued that ISD Respondent had the responsibility to provide evaluation services.

A due process complaint may only be filed by the parent against the public agency that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. [See 34 CFR 300.507 and 300.508]. While this could potentially include an ISD, if that entity has taken on those responsibilities, that is not the case here as the Petitioner has not shown that the ISD Respondent is responsible for providing direct services to the student.

While Petitioner alleges that ISD Respondent knew that LEA Respondent was failing to properly evaluate Petitioner/Student, this does not provide jurisdiction for this tribunal to hear claims against Ingham ISD. In this case, it was not the responsibility of the ISD, but rather is the responsibility of the LEA who has the responsibility to provide a FAPE. [See MCL 380.1702].

**22-019810**
**Page 5**

In Petitioner's Response, there is no allegation that ISD Respondent contracted with the local district to assume any responsibility for the provision of any necessary special education service to Petitioner. To the extent that the Petitioner's Due Process Complaint in this matter challenges the supervision of the LEA by Ingham ISD, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction because Petitioner did not receive services from the ISD. Therefore, ISD Respondent motion for dismissal as party is granted.

<u>Whether Petitioner is barred from raising claims that occurred before June 28, 2020.</u>

Due to the granting of ISD Respondent's motion to dismiss, this claim is now moot. ISD Respondent is not a proper party to the claim, and LEA Respondent has not filed any motion to bar claims that occurred before June 28, 2020.

## <u>ORDER</u>

**NOW, IT IS FURTHER ORDERED that** ISD Respondent's Motion to Dismiss Ingham ISD as a party is **<u>GRANTED</u>**.

**NOW, IT IS FURTHER ORDERED that** ISD Respondent's Motion to Dismiss all claims raising under Section 504, the American with Disabilities Act, or the Persons with Disabilities Civil Rights Act is moot.

**NOW, IT IS FURTHER ORDERED that** ISD Respondent's Motion to Dismiss all claims that occurred before February 22, 2020, is moot.

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

a. Whether Respondent, Waverly Community Schools, failed to follow the IDEA's "child find" requirements?

b. Whether Respondent, Waverly Community Schools, failed to develop an initial IEP reasonably calculated to provide M.M. with FAPE?

*Alexander Cartwright*
_____

**Alexander Cartwright**
**Administrative Law Judge**

22-019810
Page 6

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this 28th day of July 2022.

_Verna Curtis_

**Verna Curtis**
**Michigan Office of Administrative**
**Hearings and Rules**

**VIA ELECTRONIC DELIVERY**

Jordan Bullinger
Clark Hill PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226
**jbullinger@clarkhill.com**

Erin Walz
Thrun Law Firm, P.C.
P.O. Box 2575
East Lansing, MI 48826-2575
**ewalz@thrunlaw.com**

Kathryn R. Church
Thrun Law Firm, P.C.
P. O. Box 2575
East Lansing, MI 48826-2575
**kchurch@thrunlaw.com**

Michele R. Eaddy
Thrun Law Firm, P.C.
P. O. Box 2575
East Lansing, MI 48826-2575
**meaddy@thrunlaw.com**

Jacquelyn Babinski
MI AECRES
PO Box 705
Ludington, MI 49431
**jbabinski@miaecres.org**

Ingham ISD
Crystal Cutler
Executive Director of Student Services
2630 W. Howell Road
Mason, MI 48854
**crystal.cutler@inghamisd.org**

Waverly Community Schools
Tiffany Wright, Special Education Director
515 Snow Road
Lansing, MI 48917
**twright@waverlyk12.net**



Paul N. Barger
Barger & Gaines
2723 South State Street, Suite 150
Ann Arbor, MI 48104
**paul@bargergaines.com**

Precious Boone
MDE Office of Administrative Law
P.O. Box 30008
Lansing, MI 48909
**MDE-AdminLaw@michigan**.gov

**22-019810**
**Page 7**

Bethanie Eggleston
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
**EgglestonB1@michigan.gov**

# ATTACHMENT G

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

IN THE MATTER OF:                                          Docket No.: **24-010397**

**D.S. O/B/O F.W.,**                                        Case No.:    **DP-24-0037**
     **Petitioner**
                                                           Agency:      **Education**
**v**
                                                           Case Type:  **ED Sp Ed Regular**
**KALAMAZOO REGIONAL EDUCATION**
**SERVICE AGENCY,**                                        Filing Type: **Appeal**
     **Respondent**

_____/

**Issued and entered**
**this 16th day of May 2024**
**by: Michael J. St. John**
**Administrative Law Judge**

<u>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**</u>

<u>**PROCEDURAL HISTORY**</u>

On April 25, 2024, Petitioner on behalf of their child (Student) filed a due process complaint notice (Complaint) under the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 *et seq.*  The case was assigned to Administrative Law Judge Michael J. St. John.

On April 30, 2024, Respondent filed a "Motion to Dismiss" (Motion).  Included in that Motion was an objection to the sufficiency of the Petitioner's Complaint for Failure to Comply with 34 CFR 300.508 arguing that the Petitioner's complaint was insufficient under the IDEA requirements.  This objection was timely under 34 CFR 300.508(d)(1).  That portion of the Respondent's motion was denied on the record and in a written Order dated May 6, 2024.

The remainder of the Respondent's motions were reserved to give Petitioner an opportunity to respond.  Petitioner was given until Monday May 13, 2024, at 10:00 a.m. pursuant to the May 6, 2024, Order Following Prehearing Conference.  Petitioner timely submitted a document entitled Response in Opposition to Dismissal, Motion to Leave to Respond to Summary, Affidavit of Facts [for] D.S., and a proof of service.

No party requested oral argument on the motion.

**24-010397**
**Page 2**

**ISSUES**

Should any Respondents be dismissed as a party to this Due Process Complaint?

Should specific counts against remaining Respondent(s) be dismissed?

**APPLICABLE LAW**

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

> R 792.10129 Summary disposition.  Rule 129.
>
> (2) A party may make a motion for summary disposition of all or part of a proceeding.  When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:
>
>> (a) There is no genuine issue of material fact.
>>
>> (b) There is a failure to state a claim for which relief may be granted.
>>
>> (c) There is a lack of jurisdiction or standing.
>
> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.
>
> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
>
> * * *

24-010397
**Page 3**

    (C) Grounds. The motion may be based on one or more of these grounds
      and must specify the grounds on which it is based.
                                  * * *
      (4) The court lacks jurisdiction of the subject matter.
                                  * * *
      (8) The opposing party has failed to state a claim on which
          relief can be granted.

## DISCUSSION

<u>Respondent KRESA is not a proper party to this action and must be dismissed with prejudice.</u>

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR 300.507(a).[1]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to "Order KRESA to grant Pre-K International $9608.00 plus transportation or provide transportation reimbursements to Pre-K International that are associated with GRSP tuition funding."  There has been no allegation that KRESA was required to provide a free appropriate public education (FAPE) to the Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations.  There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding entities that are not required to provide a Student with FAPE.

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student: the local education authority (LEA).

---

[1] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

24-010397
**Page 4**

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student presumably is KRESA.  Both of these entities are defined in the CFRs at 34 CFR 300.28 and 12 respectively.  The due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student.  While this could possibly be an ESA if that entity has taken on those responsibilities[2], that is not the case here as the Petitioner has not alleged the Respondent KRESA is responsible for providing direct services to the Student.

Because Respondent KRESA is not required to provide FAPE to the Student, KRESA must be dismissed as a party and the matter dismissed with prejudice as to Respondent KRESA.

Petitioner's Response is difficult to follow.

Petitioner cites 34 CFR 300.131 in their response to Respondent's Motion.  This CFR relates to child find and specifically notes that "Each LEA must locate, identify, and evaluate all children with disabilities …"  As noted above, Respondent KRESA is not an LEA and has no obligation under this CFR.

Petitioner alleges that "KRESA threatened to provide [Student] with speech therapy which violates her right to an equitable education and protections protection from IDEA."  This sentence is incomprehensible.  It is unclear how Respondent KRESA could threaten to provide a service to a Student.  It is also unclear how offering a therapy would violate a Student's right under IDEA.  Parents are free to decline those services that they feel a student does not need or that is somehow threatening or violative.

Petitioner's response then notes that Petitioner is requesting those services that the Student needs while attending Pre-K International.  There have been no allegations that the LEA cannot provide those services and that private school is necessary.  Even if there were such allegations made, they would be against the LEA rather than the Respondent KRESA.

Petitioner's response never makes it clear why Respondent KRESA is an appropriate Respondent in this matter.

Petitioner's Affidavit does not provide any additional relevant information.

As an initial matter, Petitioner's Affidavit, paragraph 1 indicates that Petitioner did not receive a copy of Respondent's Summary Disposition [Motion] until May 8, 2024.

---

[2] Severely disabled students are sometimes educated directly by ESAs.

24-010397
**Page 5**

However, Petitioner indicated at the May 6, 2024, prehearing conference that Petitioner had, in fact, received and reviewed a copy of that motion.

Petitioner's affidavit also references 34 CFR 300.111 which governs the SEA's responsibilities to provide child find policies and 34 CFR 300.201 which also governs state policies.  The applicability of 34 CFR 300.131 to LEAs rather than ESAs is discussed above.

It is unnecessary to decide whether this Tribunal has jurisdiction under IDEA to determine whether Pre-K International should be an approved GRSP program.

Respondent argues in their motion that the Tribunal does not have jurisdiction to determine whether Pre-K International should be an approved GRSP program.  Because KRESA is not a proper party for the Petitioner, the parent of the Student, and the matter dismissed for that reason, it is unnecessary to reach a conclusion about whether this administrative forum is appropriate for that determination.   However, Petitioner parent and child do not have standing to make that claim for Pre-K International.

## ORDER

**NOW, IT IS ORDERED that** Respondent KRESA's Motion for Summary Disposition is **GRANTED**; Respondent Kalamazoo Regional Education Service Agency is dismissed with prejudice.

**A party aggrieved by this decision may seek judicial review by filing an action in a court of competent jurisdiction within 90 days of the date of this order.**

_____

**Michael J. St. John**
**Administrative Law Judge**

24-010397
Page 6

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this 16th day of May 2024.

*J. Swanson*

**J. Swanson**
**Michigan Office of Administrative**
**Hearings and Rules**

**Via Electronic Mail**



JORDAN M. BULLINGER
CLARK HILL PLC
200 OTTAWA AVE NW, STE 500
GRAND RAPIDS, MI 49503
**JBULLINGER@CLARKHILL.com**

MARY C BRADLEY
CLARK HILL PLC
200 OTTAWA AVE NW, STE 500
GRAND RAPIDS, MI 49503
**MBRADLEY@CLARKHILL.COM**

KALAMAZOO REGIONAL EDUCATION
SERVICE AGENCY
1819 E MILHAM AVE
PORTAGE, MI 49002
**ANGELA.TELFER@KRESA.ORG**

BETHANIE EGGLESTON,
DUE PROCESS COORDINATOR
MDE-OFFICE OF SPECIAL EDUCATION
PO BOX 30008
LANSING, MI 48933
**EGGLESTONB1@MICHIGAN.GOV**

PRECIOUS BOONE
MDE OFFICE OF ADMINISTRATIVE LAW
PO BOX 30008
LANSING, MI 48909
**MDE-ADMINLAW@MICHIGAN.GOV**

# ATTACHMENT H

**STATE OF MICHIGAN**
**MICHIGAN ADMINISTRATIVE HEARING SYSTEM**

IN THE MATTER OF:

Beecher Community School District,
    Petitioner

v

R███ F███ o/b/o A███ S██████ , Jr.,
    Respondent

_____/

Docket No.: **12-001575-ED**

Case No.: **12-64**

Agency: **Education**

Case Type: **ED Sp Ed Regular**

Filing Type: **Appeal**

Issued and entered
this 19th of November, 2012
by: Kandra K. Robbins
Administrative Law Judge

## DECISION AND ORDER GRANTING  RESPONDENT'S MOTION TO DISMISS

### PROCEDURAL BACKGROUND

On or about September 12, 2012, Petitioners filed a complaint and notice of request for a due process hearing under the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 *et seq.*  This complaint challenges Michigan Department of Education's investigation of and resolution of a Part 8 complaint on behalf of Student's parents against Petitioner. The case was assigned to the undersigned Administrative Law Judge (ALJ) of the Michigan Administrative Hearing System (MAHS). On September 12, 2012, the Petitioner, Beecher Community Schools, filed a Motion to Consolidate this matter with A██ S██ *Sr. and R██ F███ on behalf of their son, A██ S██ Jr. v. Beecher Community School District,* Docket No. 12-1227-ED which is now pending hearing.  On September 24, 2012, an Order Scheduling Prehearing Conference was issued.  A prehearing conference was held on October 5, 2012 during which the Petitioners requested to consolidate this matter with *S████ v Beecher Community Schools* Docket No. 12-12-1227-ED.  Respondent, Department of Education, requested to file a Motion for Summary Disposition.

As a result, Oral Arguments were scheduled for November 16, 2012. On October 26, 2012 Respondent, Department of Education,  filed a Motion For Summary Disposition and supporting brief requesting the dismissal of Petitioner's due process complaint for  failing to state a complaint upon which relief can be granted and lack of jurisdiction.   Petitioner filed a Response to Motion and supporting brief on November 9, 2012.

**12-001575-ED**
**Page 2**

Oral Argument on the Respondent's Motion for Summary Disposition and Petitioner's Motion for Consolidation were convened on November 16, 2012 at the Michigan Administrative Hearing System. Attorneys Jeffery Butler and Jordan Bullinger appeared on behalf of Beecher Community Schools (District).   Assistant Attorney Generals, Katherine Montgomery and Timothy Haynes appeared on behalf of the Michigan Department of Education (MDE).  Attorney Crystal Grant appeared on behalf of A█ S█ Sr. and R█ F█ and their son, A█ S█ Jr. (Student).

## ISSUES

(1) Should the Petitioner's Complaint in this case, Docket No. 12-1575, be dismissed?

(2) If dismissal is not granted, should the Complaint be consolidated in the matter of *A█ S█ Sr. and R█ F█ on behalf of their son, A█ S█ Jr. v. Beecher Community School District,* Docket No. 12-1227?

## APPLICABLE LAW

The Michigan Court Rules provide:

(B) Motion.

(1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense. * * *

(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.

* * *

(4) The court lacks jurisdiction of the subject matter.

* * *

(8) The opposing party has failed to state a claim on which relief can be granted. MCR 2.116(B) and (C).

12-001575-ED
Page 3

## DISCUSSION

The Michigan Protection and Advocacy Service, Inc. (MPAS) filed a due process complaint under IDEA, *supra,* alleging that the Beecher Community Schools failed to provide a free and appropriate public education (FAPE) for Student. The initial complaint was assigned docket number 12-1227.    The complaint made three allegations.   The first was that the District failed to provide Student FAPE during the 2010-2011 school year. The second issue alleged that the District failed to provide Student FAPE during the 2011-2012 school year.   The third issue alleged that the MDE failed to investigate and issue findings regarding the systemic complaint allegations in Petitioner's Complaint dated October 12, 2011. This is in reference to a Part 8 complaint, 20 USC 1221e-3.   During a Prehearing Conference in this matter, this ALJ dismissed the third issue and the MDE as a party, citing lack of jurisdiction.     The Petitioner requested to withdraw the second allegation from the complaint.  This request was granted leaving the single issue to be resolved as whether the District failed to provide Student FAPE during the 2010-2011 school year.  This case is now pending hearing.

Apparently, MDE subsequently filed a Part 8 complaint also referred to as a State Complaint, alleging that the District failed to provide Student with FAPE during the 2011-2012 school year.  The District alleges that MDE improperly united with MPAS on behalf of Student to escape jurisdiction of the ALJ in case number 12-1227 and conducted a factually flawed investigation of the Part 8 Complaint.     The Code of Federal Regulations provides that a State Education Agency must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq.*  Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq.*    The procedures specifically provide that the MDE may independently initiate and investigate a state complaint, R 340.1853(1).

IDEA, 20 USC 1415(b)(6) provides an opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. A complaint filed under this provision is commonly called a Due Process Complaint. Here, District filed a Due Process Complaint under IDEA, *supra,* challenging the results of the MDE's Part 8 Complaint investigation in regards to Student. District alleges that the MDE violated its own procedures and District's rights in the conduct and conclusion of the investigation.   MDE and MPAS on behalf of Student have requested that the District's Due Process Complaint be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.

12-001575-ED
Page 4

It has long been established that a Motion for Summary Disposition can be filed in an administrative proceeding under the Administrative Procedures Act, MCL 24.271 *et seq.* The MDE alleges that this tribunal lacks jurisdiction regarding the Part 8 Complaint and therefore, the District has failed to state a claim upon which relief can be granted. District alleges that this tribunal has authority to take jurisdiction over the Part 8 Complaint. In support of its position, District cites two cases, *Lewis Cass Intermediate School District v. M.K.*, 290 F. Supp. 2d 832 (W.D. Mi., 2002) and *Grand Rapids Public Schools v P.C.*, 308 F. Supp. 2d 815 (WD MI., 2004). In each of these cases, the parents had filed a Part 8 Complaint. The Part 8 Complaint was investigated by the MDE and a final decision was issued. The Parents disputed the final decision in each matter.

In the *Lewis* Case, Judge Quist cited OSEP rulings and stated, "OSEP has interpreted the IDEA regulatory language to mean, among other things, that a parent may utilize the hearing process, in addition to the complaint process, to present any allegation that a district has violated the IDEA, i.e., "complaint issues". See Letter to Chief State Sch. Officers, 34 IDELR ¶ 264 (OSEP 2000); Letter to Anonymous, 25 IDELR ¶ 525 (OSEP 1996); Letter to Lieberman, 23 IDELR ¶ 351 (OSEP 1995). The Letter to Chief State School Officers explicitly makes this point in its "Question and Answer" section, which touches on the relationship between the state complaint resolution and due process hearing systems." Judge Quist went on to find that "OSEP construes the IDEA as granting a parent or public agency the right to raise "complaint issues" related to the "provision of FAPE to the child" in a due process hearing. Since allegations regarding improper implementation of an IEP, as is the instant case, necessarily relate to the "provision of FAPE to the child," the parent in this case, M.K., has the right to raise his "complaint issues" in a due process hearing. Judge Quist held "While the Districts correctly assert that the MDE provides for such an appeal, this state-established procedure cannot trump a party's right to a due process hearing granted under the IDEA" in reference to the Revised Judicature Act, M.C.L. 600.63, specifically that "Under § 631, a party aggrieved by a final agency decision would be permitted to file an action in state circuit court."

As I read Judge Quist's opinion, he states that a party has the right to file a Part 8 Compliant *in addition to* a Due Process Complaint. He furthers states that a party aggrieved by a final agency decision can appeal the decision to a state circuit court *or* file a due process hearing granted under IDEA. A due process hearing under IDEA is limited to matters relating to the identification, evaluation, and placement of a student, the provision of a free appropriate public education, and certain other specific matters, such as challenges to a District's manifestation determination and interim alternative placement decisions. *South Lyon Community Schools*, 108 LRP 38480 (SEA MI, 2008). Such authority does not include issues regarding the manner in which the Department of Education conducts a Part 8 Complaint investigation.

12-001575-ED
Page 5

There is nothing in either the *Lewis* Case or the *Grand Rapids* Case that expands the authority of an ALJ under a Due Process complaint filed under IDEA to include appeals regarding the manner in which a state educational authority conducts a Part 8 investigation. Moreover, the cases hold that a party may file both a Part 8 Complaint and a Due Process Complaint.

Petitioner alleges that MDE provides that a parent or public agency may "appeal" a state complaint decision by filing a due process complaint with the MDE, citing the Resolving Special Education Disputes brochure prepared by the MDE and disseminated to the general public. (Resp. Exhibit 1, pg 22). This brochure describes the MDE's dispute resolution options. Although it uses the word "appeal", this document or brochure cannot expand the legal authority of this tribunal. This tribunal is limited to resolving Due Process Complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in IDEA or the implementing regulations that provide authority for this tribunal to hear disputes regarding the manner in which the MDE conducts a Part 8 complaint investigation or the results of such investigation. The Part 8 Complaint and the Due Process Complaint have separate procedures. The Due Process Complaint process is not an "appeal" of a Part 8 Complaint, it is a separate process that can involve the same allegation regarding the identification, evaluation, placement of a student, provision of FAPE or other specific matters provided under IDEA, *supra*.

The Petitioner/District's Due Process Complaint in this matter challenges the manner and decision of a MDE Part 8 investigation. This is outside this tribunal's jurisdiction. Therefore, Respondent/MDE's Motion for Summary Disposition is granted.

Because the Due Process Complaint has been dismissed, the Petitioner/District's Motion for Consolidation is moot.

## ORDER

**NOW, THEREFORE IT IS ORDERED that** Respondent/ MDE's Motion to Dismiss the Due Process Complaint is granted.

We have removed this case from our hearing docket, and we are closing our file in this matter.

Kandra K. Robbins
Administrative Law Judge

12-001575-ED
Page 6

## PROOF OF SERVICE

I hereby state, to the best of my knowledge, information and belief, that a copy of the foregoing document was served upon all parties and/or attorneys of record in this matter by Inter-Departmental mail to those parties employed by the State of Michigan and by UPS/Next Day Air, facsimile, and/or by mailing same to them via first class mail and/or certified mail, return receipt requested, at their respective addresses as disclosed below this 19th f November, 2012.

*Verna M. Curtis*

Verna M. Curtis
Michigan Administrative Hearing System

Jeffrey J. Butler
LaPointe & Butler P.C.
2143 Commons Parkway
Okemos, MI 48864-3987

Katherine J. Montgomery
Assistant Attorney General
P.O. Box 30758
Lansing, MI 48909

NOV 2 6 2012



Ms. Crystal M. Grant
Michigan Protection & Advocacy Services, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911

Beecher Community School District
1020 W. Coldwater Road
Flint, MI 48505

# ATTACHMENT I

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 23-020413 |
| T.M.,<br>　　　Petitioner | Case No.:　DP-23-0065 |
| v | Agency:　　Education |
| **Michigan Department of Education,** | Case Type:　ED Sp Ed Regular |
| 　　Respondent | Filing Type: Appeal |

_____/

**Issued and entered**
**this 21st day of June 2023**
**by: Lindsay Wilson**
**Administrative Law Judge**

**DECISION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY DISPOSITION**

**Procedural History**

On May 26, 2023[1], Petitioner, by and through counsel, filed a Due Process Hearing Request and Complaint (Complaint) under the Individuals with Disabilities Education Act (IDEA), 20 U.S. Code (USC) 1400 *et seq*., with the Michigan Department of Education. The same date, this Due Process Complaint was forwarded to the Michigan Office of Administrative Hearings and Rules (MOAHR) for hearing and was assigned to the undersigned Administrative Law Judge (ALJ) Lindsay Wilson.

On May 31, 2023, an Order Scheduling Prehearing Conference was issued to the parties, which scheduled a prehearing conference for Tuesday, June 6, 2023.

On June 1, 2023, Assistant Attorney General (AAG) Lindsey Lavine filed an Appearance of Counsel on behalf of the Michigan Department of Education, Respondent.

On June 6, 2023, the prehearing conference was held as scheduled. At the prehearing conference, Petitioner's counsel, Elizabeth K. Abdnour, stated that the Complaint in this

---

[1] The Due Process Hearing Request was signed and dated April 20, 2023. At the prehearing conference, Petitioner's counsel stated that the Complaint was also filed with the Michigan Department of Education on April 20, 2023; however, Respondent's counsel stated that the Complaint was received by the Michigan Department Education on May 26, 2023.

23-020413
Page 2

matter was filed for purposes of exhaustion of administrative remedies. Respondent's counsel indicated that Respondent intended to file a motion to dismiss the Complaint. On June 6, 2023, the undersigned ALJ issued an Order Following Prehearing Conference, which established a June 16, 2023, deadline for the parties to file dispositive motions and a June 21, 2023, deadline for the parties to file any reply to a dispositive motion. The Order Following Prehearing Conference also scheduled a second prehearing conference for June 29, 2023.

On June 15, 2023, Respondent filed a Motion for Summary Disposition and Brief in Support pursuant to MCL 24.272(3), Michigan Court Rule (MCR) 2.116(C)(4) and (8), and Mich Admin Code R 792.10129.

On June 15, 2023, Petitioner's counsel notified MOAHR that Petitioner would not be filing a response to Respondent's Motion for Summary Disposition.

## Summary of Petitioner's Complaint

Petitioner's Complaint alleges that Respondent MDE violated the IDEA by "failing to ensure the hearing officer possessed knowledge of, and the ability to understand, the provisions of the IDEA, Federal and State regulations pertaining to the IDEA, and legal interpretations of this chapter by Federal and State Courts" and by "failing to ensure the hearing officer possessed the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." [Pet. Complaint, ¶ 51]. Petitioner's Complaint further alleges that Respondent's "failures have caused ongoing harm to Petitioner and are direct violations of the IDEA." [Pet. Complaint, ¶ 52].

Under "Remedies Requested", Petitioner's Complaint requests the following:

  a. The Tribunal order Respondent to seek training from an external provider on training its hearing officers to ensure that they comply with their obligations under the IDEA.

  b. The Tribunal order Respondent to seek input from Petitioner and her counsel on who the training provider will be.

  c. The Tribunal order Respondent to modify its due process complaint policies, procedures, and resources so that it can complete due process hearings within statutorily required timelines and with a reasonable level of diligence and appropriate legal analysis.

  d. The Tribunal find that Respondent violated the IDEA.

23-020413
Page 3

    e. The Tribunal find Petitioner to be the prevailing party and order Respondent to pay her attorney fees.

    [Pet. Complaint, ¶¶ 53-55].

## **Issues and Applicable Law**

The issue presented here is whether Respondent MDE has shown that it is entitled to judgment as a matter of law and that Petitioner's Complaint must be dismissed because: i.) this tribunal lacks jurisdiction to decide the claims asserted in Petitioner's Complaint; ii.) this tribunal lacks jurisdiction to grant the relief requested against Respondent; and iii.) Respondent is not a proper party to the proceeding.

MCL 24.272(3) states that:

    The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Rule 129 of MOAHR's administrative rules allows a party to move for summary disposition of all or part of a proceeding. Mich Admin Code, R 792.10129. Specifically, R 792.10129 provides, in pertinent part:

    (1) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that that any of the following exists:

    (a) There is no genuine issue of material fact.

    **(b) There is a failure to state a claim for which relief may be granted.**

    **(c) There is a lack of jurisdiction or standing.**

    (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

    [Emphasis added].

**23-020413**
**Page 4**

Although this is an administrative proceeding, Respondent's Motion for Summary Disposition was also brought under MCR 2.116(C)(4) and (8). Summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction. Motions for summary disposition in administrative proceedings are analyzed with the same standards as motions filed under MCR 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).

MCR 2.116 provides in relevant part:

  (B) Motion.

    (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.

* * *

  (C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.

* * *

    (4) The court lacks jurisdiction of the subject matter.

* * *

    (8) The opposing party has failed to state a claim on which relief can be granted.

If the grounds asserted for summary disposition are based on MCR 2.116(C)(8), (9), or (10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence indicates that an amendment would not be justified." *See* MCR 2.116(I)(5).

A motion for summary disposition may be granted to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted. The proper standard for a motion under MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings. *Lane v Kindercare Learning Ctrs*, 231 Mich App 689, 692; 588 NW2d 715 (1998) and *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

23-020413
**Page 5**

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a).[2]  The Michigan Administrative Rules for Special Education (MARSE) similarly lists issues that may be the subject matter of a special education due process hearing. MARSE R 340.1724f(2).

## Analysis

In its Motion for Summary Disposition, Respondent argues that summary disposition is warranted in this case because the tribunal lacks jurisdiction to decide the claims asserted and grant the relief requested as to Respondent. [Br. in Supp. of Resp's Mot. for Summ. Disp., pp 2-3]. Respondent further indicates that it is not a proper party to the proceeding as Respondent does not provide educational services directly to Petitioner. [Br. in Supp. of Resp's Mot. for Summ. Disp., p 3].

As noted above, Petitioner chose not to file a response to Respondent's Motion for Summary Disposition.

This ALJ has carefully considered Petitioner's Complaint as well as Respondent's Motion for Summary Disposition. Below is the ALJ's analysis and conclusions of law.

### *Respondent MDE is not a proper party*

Respondent MDE argues that it is not a proper party to this action and therefore, the Complaint should be dismissed with prejudice. [Br. in Supp. of Resp's Mot. for Summ. Disp., p 4]. Respondent maintains that this "Tribunal's role is limited to resolving special education due process issues filed pursuant to the IDEA and its implementing regulations, which provide no authority for the Tribunal to decide disputes challenging MDE's conduct as an investigatory or supervisory authority." [Br. in Supp. of Resp's Mot. for Summ. Disp., p 4; See also 34 CFR 300.507(a); MARSE, R 340.1724f(2)].

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR § 300.507(a).  The MARSE Rules similarly lists issues that may be the subject of a special education due process hearing including educational placement and provision of a FAPE. See MARSE, R 340.1724f(2).

Petitioner's Complaint seeks an order from this tribunal finding that Respondent MDE violated the IDEA. [See Pet. Complaint, ¶ 54]. Respondent's Motion for Summary Disposition argues that "Petitioner does not allege that MDE has a responsibility to provide FAPE or other direct services to Petitioner", but rather Petitioner "seeks review of

---

[2] 34 CFR 300.532(a), which governs disciplinary decisions, is not applicable to this case.

23-020413
**Page 6**

the Department's oversight ability and requests numerous equitable remedies which are outside this Tribunal's jurisdiction." [Br. in Supp. of Resp's Mot. for Summ. Disp., pp 4-5].

This Tribunal's jurisdiction in this area is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in the IDEA or the implementing regulations that provide authority for this tribunal to hear disputes challenging Respondent MDE's conduct as an investigatory or supervisory authority. Furthermore, Petitioner has not shown any other governing law providing such authority.

A due process complaint may be filed by a parent or student against the public agency that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. *See* 34 CFR 300.507 and 300.508. This responsibility for providing FAPE belongs to the Student's local education agency (LEA). While a State Educational Agency (SEA) such as Respondent MDE could be responsible for providing FAPE, if that entity had taken on those responsibilities, that is not the case here as Petitioner has not alleged that Respondent MDE is responsible for providing direct services to the Student in question. *See* 34 CFR § 300.33. Thus, the undersigned ALJ finds that Respondent is not a proper party in this matter and that this tribunal lacks jurisdiction or authority to decide disputes challenging Respondent MDE's conduct as an investigatory or supervisory authority.

### Failure to State a Claim on Which Relief Can Be Granted

Respondent's Motion for Summary Disposition also argues that Petitioner "seeks relief that cannot be provided by this tribunal, including modification of state-wide policies and procedures." [Br. in Supp. of Resp's Mot. for Summ. Disp., p 3]. Respondent's Motion further indicates that this Tribunal is not "a forum for reviewing and critiquing the manner, timing or effectiveness of a separate due process hearing decision nor can it opine on how well state officials perform their oversight responsibilities." [Br. in Supp. of Resp's Mot. for Summ. Disp., p 3].

Upon review of Respondent's Motion for Summary Disposition, the undersigned finds Respondent's arguments to be persuasive. As concluded above, this tribunal lacks jurisdiction over the above-stated subject matter of Petitioner's Complaint. Petitioner's Complaint has failed to state a claim on which relief can be granted against Respondent MDE. Petitioner has not offered a response to the arguments raised in Respondent's Motion for Summary Disposition. As such, the undersigned finds that summary disposition is appropriately granted for Respondent MDE.

**23-020413**
**Page 7**

_Attorney Fees_

Petitioner's Complaint requests that this tribunal order Respondent to pay her attorney fees. [See Pet. Complaint, ¶ 55]. However, this tribunal lacks jurisdiction to address Petitioner's attorney fee request as this authority is left to the jurisdiction of federal district courts pursuant to 20 USC §1415(i)(3)(A).

## Conclusion

Petitioner's Complaint is outside the scope of the due process hearing process and this tribunal's jurisdiction and fails to state a claim upon which relief can be granted against Respondent MDE. Accordingly, Respondent's Motion for Summary Disposition is properly granted and Petitioner's Complaint against the Respondent MDE must be dismissed pursuant to MCR 2.116(C)(4) and (8) and Mich Admin Code R 792.10129(1)(b) and (c).

## Order

**NOW THEREFORE, IT IS ORDERED** that Respondent's Motion for Summary Disposition is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Complaint is dismissed with prejudice and the prehearing scheduled for June 29, 2023, is cancelled.

_Lindsay Wilson_

**Lindsay Wilson**
**Administrative Law Judge**

**23-020413**
**Page 8**

<u>**PROOF OF SERVICE**</u>

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this 21st day of June 2023.

*Verna Curtis*
_____
**Verna Curtis**
**Michigan Office of Administrative Hearings and Rules**

<u>**Via Electronic Mail**</u>



Elizabeth K. Abdnour
Elizabeth Abdnour Law
1100 W. Saginaw Street, Suite 4A-2
Lansing, MI 48915
**elizabeth@abdnour.com**

Jacquelyn Babinski
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St, Suite 4A-2
Lansing, MI 48915
**jacquelyn.babinski@abdnour.com**

Lindsey B. Lavine
Attorney General of the State of Michigan
Health, Education & Family Services Division
3030 W. Grand Boulevard, Suite 10-400
Detroit, MI 48202
**LavineL1@michigan.gov**

Michigan Department of Education
c/o Dr. Michael Rice, State Superintendent
P.O. Box 30008
Lansing, MI 48933
**MDE-SuperintendentAppeals@michigan.gov**

Bethanie Eggleston
MDE Office of Administrative Law
P.O. Box 30008
Lansing, MI 48909
**Egglestonb1@michigan.gov**

Precious Boone
MDE Office of Administrative Law
P.O. Box 30008
Lansing, MI 48909
**MDE-AdminLaw@michigan.gov**