# EXHIBIT C

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

IN THE MATTER OF:                        Docket No.: 24-034589

C.H. O/B/O P.H.,                              Case No.:     DP-24-0102
    Petitioner
                                                      Agency:       Education
v
                                                      Case Type:  ED Sp Ed Regular
INGHAM INTERMEDIATE SCHOOL
DISTRICT,                                           Filing Type: Appeal
    Respondent

_____/

Issued and entered
this 30th day of January 2025
by: Michael J. St. John
Administrative Law Judge

**ORDER GRANTING RESPONDENT INGHAM INTERMEDIATE
SCHOOL DISTRICT'S MOTION TO DISMISS**

**PROCEDURAL HISTORY**

On December 3, 2024, Petitioner[1] on behalf of their child (Student) filed a due process complaint notice (Complaint) under the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 *et seq.* The case was assigned to Administrative Law Judge Michael J. St. John.

Petitioner's initial Complaint contained allegations against three Respondents: East Lansing Public Schools, Haslett Public Schools, and Ingham Intermediate School District (IISD). A December 10, 2024 Order Following Prehearing Conference set dates for Petitioner to file an amended complaint and for the parties to file summary disposition motions. On December 13, 2024, Respondent IISD filed their "Motion to Dismiss" (Motion). On January 10, 2025, Petitioner filed their Amended Complaint naming East Lansing Public Schools and IISD as Respondents. Haslett Public Schools was dismissed in an Order dated January 15, 2025. On January 17, 2025, Petitioner filed their response (Response) to Respondent IISD's Motion. On January 23, 2025, Respondent IISD filed a reply (Reply) to Petitioner's Response.

---

[1] Petitioner and Petitioners are used interchangeably to refer to the Student and the Student's Parent who filed this due process complaint on behalf of the Student.

**24-034589**
**Page 2**

No party requested oral argument on the motion. Pursuant to Rule 792.10115(5), the Administrative Law Judge has the discretion to allow or deny oral argument. In this matter, particularly given the timelines, oral argument is not necessary and therefore oral argument is not ordered.

## **ISSUES**

Should Respondent IISD be dismissed as a party to this Due Process Complaint?

## **APPLICABLE LAW**

MCL 24.272(3) holds that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide:

> R 792.10129 Summary disposition. Rule 129.
>
> (2) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision granting summary disposition on all or part of a proceeding if he or she determines that any of the following exists:
>
>   (a) There is no genuine issue of material fact.
>
>   (b) There is a failure to state a claim for which relief may be granted.
>
>   (c) There is a lack of jurisdiction or standing.
>
> (2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.

24-034589
Page 3

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.
>
> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
> * * *
> (C) Grounds. The motion may be based on one or more of these grounds and must specify the grounds on which it is based.
> * * *
> (4) The court lacks jurisdiction of the subject matter.
> * * *
> (8) The opposing party has failed to state a claim on which relief can be granted.

## **DISCUSSION**

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule for allegations that there is no is a failure to state a claim upon which relief can be granted, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).  "All well-pleaded factual allegations are accepted as true and construed in the light most favorable to the nonmovement."  *Maiden v Rozwood,* 461 Mich 109 (1999) citing *Wade v Dep't of Corrections*, 439 Mich 158 (1992).  Whether subject matter jurisdiction exists under the equivalent court rule, MCR 2.116(C)(4), "must consider the pleadings, affidavits, depositions, admissions, and documentary evidence submitted by the parties."  *Dep't of Natural Resources v Holloway Const Co,* 191, Mich App 704 (1991).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR 300.507(a).[2]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

24-034589
Page 4

As noted in Petitioner's Amended Complaint Paragraphs 6 and 7, East Lansing Public Schools was the Student's home district and Local Educational Agency (LEA) for the relevant time periods.  Respondent IISD was and is the intermediate school district (ISD) assigned to East Lansing Public Schools.

Petitioner's Amended Due Process Complaint Paragraph 146 alleges that the Respondents:

   a. Failed to reevaluate the Student;
   b. Failed to offer the Student an appropriate IEP (placement, services, and accommodations in the least restrictive environment (LRE)); and
   c. Failed to educate the Student in the LRE.

The enumerated issues for hearing as noted in the December 10, 2024 Order Following Prehearing Conference Paragraph 4 were noted as:

   a. Did the Respondents fail to provide the supports listed in the Student's IEPs?
   b. Did the Respondents fail to educate the Student in the LRE?
   c. Did the Respondents inappropriately use seclusion and restraint?
   d. Did the Respondent ISD fail to provide appropriate training and supervision to the LEA Respondents?[3]

Petitioner's Amended Due Process Complaint seeks as a "proposed resolution of the problem" procedural findings (A., G, and H) and to Order Respondents jointly and severally to:

   B. Provide Student with compensatory education;
   C. Finance a therapy program;
   D. Reimburse Petitioner for tutoring;
   E. Reimburse Petitioner for lost wages;
   I. Provide "any other relief deemed necessary and available to Petitioners".

The gravamen of Petitioner's Amended Complaint is that Respondent East Lansing Public Schools failed to educate the Student in the LRE and did not provide the Student with the required supports and services.  Petitioner seeks remedial education to allow the Student to catch up to where the Student would have been had East Lansing provided the services that Petitioner alleges were required.  Because the Student is no longer enrolled in East Lansing Public Schools, Petitioner seeks only compensatory

---

[3] Petitioner filed an objection to the listed issues and proposed adding the language "fail to provide FAPE to the Student" to each issue.  However, it is unclear what this additional language adds to the identification of the issues and this language does not simplify the issues under Michigan Administrative Hearing Rule 792.11802 so these proposed additions were not adopted.

24-034589
Page 5

education rather than any remedy from either East Lansing or IISD moving forward (i.e. a different placement or services or supports to be provided in future school years). The allegations against Respondent IISD are a failure to properly supervise and train the East Lansing Public Schools staff members who were providing or supposed to be providing the direct educational services to the Student.

The Administrative Law Judge and this Tribunal are limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding entities that are not required to provide a Student with FAPE.

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student at any given time: the local education authority (LEA). Petitioner does not allege that Respondent IISD was responsible for providing direct services to the Student, only that IISD was required to appropriately supervise the LEA that was providing the services to the Student.

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student is Respondent IISD. Both entities are defined in IDEA at 20 USC 1401 and in the CFRs at 34 CFR 300.28 and 12. A due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. While this could possibly be an ESA if that entity has taken on those responsibilities[4], that is not the case here as the Petitioner has not alleged the Respondent IISD is responsible for providing direct services to the Student, only that Respondent IISD is required to properly supervise and train the LEA: East Lansing Public Schools.

This tribunal has previously held that only the LEA is responsible for providing FAPE to the Student and therefore the LEA is the only appropriate Respondent. Respondent, in their Motion, cited multiple prior due process cases from four different Administrative Law Judges dating to 2019[5] in support of this holding. Petitioner's response acknowledges these cases but argues that they are improperly decided and in support of this proposition cites the apparent[6] Michigan Department of Education (MDE) position that in Michigan "ISDs are responsible for providing FAPE as LEAs" because they are recipients of IDEA grant funding.

---

[4] ESAs often run self-contained classrooms for severely disabled students and take direct responsibility for educating those students. This includes the creation of the Student's Individual Educational Program (IEP).

[5] Respondent also included a 2012 case from a fifth Administrative Law Judge (12-001575-ED) as Attachment H, but this was in support of a different proposition.

[6] Petitioner's evidence that this is the position of MDE comes from a deposition of the Assistant Director of the MDE Office of Special Education taken in *Lewis et al v Mich Dep't of Educ*, No 1:22-cv-838 (WD Mich 2022), an MDE training document, and an MDE memorandum to ISD directors.

24-034589
Page 6


Petitioner has not indicated any authority, other than MDE's opinion, in support of their argument that an ISD's receipt of IDEA grant funding makes them an LEA or otherwise an appropriate respondent in a due process complaint and hearing. Petitioner has also not indicated any authority for the proposition that MDE's opinion on this issue is binding on this tribunal or Michigan Administrative Law Judges. The Michigan Department of Education is not part of the decision-making process for due process complaints.[7]

Petitioner cites to 34 CFR 303.23 for the proposition that an ISD is an LEA. However, this regulation differentiates an ISD as defined in subsection (b) from an LEA as defined in subsection (a). As noted above, an ISD can be an LEA but only if they have "administrative control or direction of or … perform a service function for … schools …" While an ISD may have some supervisory authority and responsibility for their assigned LEA local school districts, the entity with administrative control and direction and that is performing the service function for special education students is the local school district itself. The LEA, not the ISD, is the entity responsible for creating and implementing the Student's IEP.

Petitioner also cites to 20 USC 1415 and 34 CFR 300.2 for the broad proposition that any agency that receives assistance under IDEA must maintain procedures to ensure FAPE. However merely because an ISD must maintain policies and procedures does not make them an appropriate Respondent in this case where they were not responsible for providing the required services to the Student.

Petitioner correctly notes that the compensatory education that they have requested is for the purpose of placing the Student "in the same position they would have occupied but for the school district's violations of IDEA." *Reid v DC,* 401 F.3d 516 (DC Cir 2005). Petitioner has not alleged how any remedy that they have requested is unavailable to them if the Respondent IISD is dismissed. Petitioner is entitled to no further or additional relief if they establish in a due process hearing that the Respondent IISD failed to supervise the Respondent LEA.[8] If Petitioner is successful and obtain any or all the relief that they have requested, they can and will obtain that relief from the Respondent LEA.

It is unnecessary to address the Respondent IISD's arguments that MDE (rather than an ISD) is required to supervise the LEA. Because only the service provider is the LEA

---

[7] MDE refers due process complaints to the Michigan Office of Administrative Hearings and Rules to conduct the hearing in accordance with IDEA. Appeals of due process Administrative Law Judge Decisions in Michigan are to a court of competent jurisdiction, not to MDE. MARSE Rule 340.1742f.

[8] Petitioner would necessarily only be able to succeed in a failure to supervise claim against the ISD if they are successful in their claim that the LEA failed to provide the Student FAPE as they have alleged in the Amended Complaint.

24-034589
Page 7

and the proper party in a due process complaint, it is irrelevant in a due process hearing which entity or entities is or are required to supervise the LEA.[9]

Because Respondent IISD is not required to provide FAPE to the Student, Respondent IISD must be dismissed as a party and the matter dismissed with prejudice as to Respondent IISD.

## ORDER

**NOW, IT IS ORDERED that** Respondent Ingham Intermediate School District's Motion for Summary Disposition is **GRANTED**; Respondent IISD is dismissed with prejudice.

**IT IS FURTHER ORDERED that** case 24-034589 against Respondent IISD is dismissed with prejudice.

**IT IS FURTHER ORDERED that** issue(s) regarding allegations of inappropriate supervision against Respondent IISD is dismissed as moot.

**IT IS FURTHER ORDERED that** this matter shall proceed to hearing against only Respondent East Lansing Public Schools in case 24-034587.

**A party aggrieved by this decision may seek judicial review by filing an action in a court of competent jurisdiction within 90 days of the date of this order.**

_____
**Michael J. St. John**
**Administrative Law Judge**

---

[9] This tribunal has previously held that MDE is not a proper party to a due process hearing under IDEA when the claims against MDE are supervisory in nature as noted in the cases cited in Respondent IISD's brief and included as attachments.

24-034589
Page 8

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this 30th day of January 2025.



P. Moore
**Michigan Office of Administrative Hearings and Rules**

**VIA ELECTRONIC MAIL:**

BETHANIE EGGLESTON,
DUE PROCESS COORDINATOR
MDE-OFFICE OF SPECIAL EDUCATION
PO BOX 30008
LANSING, MI 48933
**EGGLESTONB1@MICHIGAN.GOV**

ELIZABETH ABDNOUR
MEGAN N. MITCHELL
ABDNOUR WEIKER, LLP
325 E GRAND RIVER AVE
STE 250
EAST LANSING, MI 48823
**LIZ@EDUCATION-RIGHTS.COM**
**MEGAN@EDUCATION-RIGHTS.COM**

CATHLEEN M. DOOLEY
ERIN WALZ
MICHELE R. EADDY
THRUN LAW FIRM, P.C.
PO BOX 2575
EAST LANSING, MI 48826-2575
**CDOOLEY@THRUNLAW.COM**
**EWALZ@THRUNLAW.COM**
**MEADDY@THRUNLAW.COM**

INGHAM INTERMEDIATE SCHOOL DISTRICT
2630 W HOWELL RD
MASON, MI 488549392
**CRYSTAL.CUTLER@INGHAMISD.ORG**

EAST LANSING PUBLIC SCHOOLS
501 BURCHAM DR
EAST LANSING MI 488232750
**PRECIOS.ARMSTRONG@ELPS.US**

JORDAN M. BULLINGER
MARY C BRADLEY
CLARK HILL PLC
200 OTTAWA AVE NW, STE 500
GRAND RAPIDS, MI 49503
**JBULLINGER@CLARKHILL.COM**
**MBRADLEY@CLARKHILL.COM**

PRECIOUS BOONE
MDE OFFICE OF ADMINISTRATIVE LAW
PO BOX 30008
LANSING, MI 48909
**MDE-ADMINLAW@MICHIGAN.GOV**