# EXHIBIT D

2013 WL 435962
Only the Westlaw citation is currently available.
United States District Court,
W.D. Michigan,
Southern Division.

NORTHPORT PUBLIC SCHOOL
and Northport Public School Board of
Education, Plaintiffs/Counter–Defendants,
v.
Gerald WOODS and Patricia Woods, on
their own behalf and on behalf of their minor
child, T.W., Defendants/Counter–Claimants.

No. 1:11–cv–982.
|
Feb. 4, 2013.

**Attorneys and Law Firms**

Jeffrey J. Butler, Lapointe & Butler PC, Okemos, MI, for Plaintiffs/Counter-Defendants.

John F. Brower, Law Office of John F. Brower PLC, Brighton, MI, Michael O. Nelson, Grand Rapids, MI, for Defendants/Counter-Claimants.

*OPINION*

JANET T. NEFF, District Judge.

**\*1** This is another installment in litigation under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.,* between Defendants/Counter–Claimants Gerald and Patricia Woods (hereinafter collectively "the Woods") and Plaintiffs/Counter–Defendants Northport Public School and Northport Public School Board of Education (hereinafter collectively "Northport"), the school district where the Woods' son, T.W., has been intermittently enrolled.[1] Pending before the Court is Northport's Motion to Dismiss the Woods' Counterclaim (Dkt 71). The Woods filed a Response to the motion (Dkt 73), and Northport filed a Reply (Dkt 74). For the reasons that follow, the Court determines that it does not possess jurisdiction over the subject matter of the Woods' Counterclaim; therefore, this Court grants Northport's Motion to Dismiss.

**I. BACKGROUND**

Few facts are necessary for resolving the motion at bar. T.W., the son born to the Woods on September 30, 1998, was diagnosed with autism spectrum disorder and cerebral palsy, disabilities that qualify him for special education and related services under the IDEA, a Spending Clause statute that seeks to ensure that "all children with disabilities have available to them a free appropriate public education" (FAPE), 20 U.S.C. § 1400(d)(1)(A). "[T]he core of the statute ... is the cooperative process that it establishes between parents and schools," and the "central vehicle for this collaboration is the [Individualized Education Program] IEP process." *Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 53, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005).

In May 2010, the Woods filed a due process hearing request in the Michigan Administrative Hearing System (MAHS), challenging the June 2008 IEP and alleging that T.W. had not been afforded FAPE because Northport refused to create an IEP for the summers of 2009 and 2010 and the 2009–10 and 2010–11 school years. On June 16, 2011, an Administrative Law Judge (ALJ) issued a Decision and Order, denying in part and granting in part the Woods' complaint (Dkt 1–1, Compl., Ex. 1). Specifically, the ALJ reached the following four conclusions: (1) the June 2008 IEP afforded T.W. a FAPE, and as such, the Woods were not entitled to a remedy on this issue; (2) Northport's evaluations were "appropriate" and the Woods were not entitled to be reimbursed for an Independent Educational Evaluation (IEE) not obtained; (3) Northport's failure to create an IEP for the summer of 2009 and the 2009–10 school year, up until February 2, 2010, was not a denial of FAPE; and (4) Northport's failure to create an IEP effective from February 2, 2010 until September 10, 2010, excluding June, July and August of that year, deprived T.W. of a FAPE, but no reimbursement of the Woods' expenses was ordered, "as the private placement was not found to be appropriate" (*id.* at 112).

On September 14, 2011, Northport initiated this case, presenting the following four counts: "Appeal of the ALJ Decision under § 1415 of IDEA" (Count I); "Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest against John F. Brower Individually and in his Official Capacity with the Law Office of John F. Brower, PLC under 20 U.S.C. § 1415(i)(3)(B)(II)" (Count II); "Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest

against Parents under 20 U.S.C. § 1415(i)(3)(B)(III)" (Count III); and "Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest against John F. Brower, Individually and in his Official Capacity with the Law Office of John F. Brower, PLC under 20 U.S.C. § 1415(i)(3)(B)(III)" (Count IV).

**\*2** On January 24, 2012, the Woods filed an Answer, Affirmative Defenses, and a Counterclaim Complaint for Declaratory, Equitable and Monetary Relief (Dkt 23). In their Counterclaim, the Woods present the following four counts: "Partial Appeal of ALJ Harris Decision and Order Parents' Hearing Request (Hearing A)" (Count I); "Appeal of ALJ Harris Decision and Order Northport's IEE Hearing Request (Hearing B)" (Count II); "Claim for Reimbursement of Prevailing Parents' Attorney's Fees, Costs and Interest for the Hearing They Requested (Hearing A) and Preservation of Rights to Claim Reimbursement of the Parents' Attorney's Fees, Costs and Interest for the Hearing Northport Requested (Hearing B)" (Count III); and "Request for Declaratory Judgment" (Count IV).

Following this Court's Pre–Motion Conference on February 28, 2012, this Court issued an Order permitting the parties to brief Northport's proposed dispositive motion to dismiss the Woods' Counterclaim (Dkt 43). The parties filed the instant motion papers in September 2012 (Dkts 71–75). Having conducted a Pre–Motion Conference in this matter and having now fully considered the parties' written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d).

## II. ANALYSIS

According to Northport, the Woods' "Counterclaim" is, in reality, a time-barred appeal of the ALJ's June 16, 2011 Decision and Order (Dkt 72 at 5). Northport requests that this Court therefore dismiss the Counterclaim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or for failure to state a claim under Rule 12(b)(6) (*id.*).

The Court turns first to Northport's argument under FED. R. CIV . P. 12(b)(1) that this Court lacks subject-matter jurisdiction over the Woods' Counterclaim. "Federal courts are courts of limited jurisdiction." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Indeed, the Court is obliged to dismiss an action "at any time" it decides that "it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Angel v. Kentucky,* 314 F.3d 262, 264 (6th Cir.2002) (quoting *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir.2000)). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir.2003).

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The IDEA provides, in pertinent part, that an aggrieved party "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). The IDEA further provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Michigan promulgated a time limitation for bringing such an action, similarly providing that "[a]ny party who is aggrieved by the final decision in a hearing conducted under this rule may appeal to a court of competent jurisdiction within 90 days after the mailing date of the final decision." MICH. ADMIN. CODE R. 340.1724f(7).

**\*3** Northport's argument for dismissal is therefore quite straightforward: dismissal of the Woods' Counterclaim is warranted because the Counterclaim was filed 222 days after the ALJ's Decision and Order was issued, i.e., 122 days too late (Dkt 71 at ¶ 6). In an attempt to avoid the conclusion that they were required to file their own appeal within 90 days from the ALJ's Decision and Order in order to preserve any claims they wished to present, the Woods seek to characterize Northport's initial pleading in this case not as an appeal from an administrative ruling but as an "original" civil action, in other words, a pleading to which the Woods argue a counterclaim would then be permitted under MICH. COMP. LAWS § 600.5823 (Counterclaims) and FED. R. CIV. P. 13(a) (Compulsory Counterclaim) (Dkt 73 at 11–16).

As an initial matter, the Woods' characterization of the plead[i]ngs is belied by the relief the parties seek from this Court. Northport seeks to appeal the ALJ's decision (Count I) and obtain reimbursement for attorney's fees and costs associated with the administrative action (Counts II–IV). Likewise, the Woods seek to appeal the ALJ's decision (Counts I & II), obtain reimbursement for attorney's fees and costs associated with the administrative action (Count III), and have this Court enter a declaratory judgment that the Woods are the prevailing party as to the hearings requested in the administrative action (Count IV). This is not an "original" civil action. To the contrary, given their claims for relief, these are parties "aggrieved" by the administrative action within the meaning of IDEA § 1415(i)(2)(A), parties who would have no claims at all absent the underlying administrative action and Decision and Order by the ALJ.

Moreover, the Woods' argument in avoidance of dismissal has been previously rejected by the Sixth Circuit Court of Appeals. In *Cleveland Heights–Univ. Heights City Sch. Dist. v. Boss By & Through Boss,* 144 F.3d 391, 396 (6th Cir.1998), after the school district filed an appeal from a decision of the State Level Review Officer (SLRO), the parents—the Bosses—filed a cross-appeal challenging the SLRO's denial of reimbursement. Like Northport's argument for dismissal here, the school district argued that the Bosses' Cross–Appeal was time-barred because it was filed seventy-eight days after the SLRO's ruling and, under the applicable Ohio statute, was required to be filed within forty-five days. *Id* . The district court denied the school district's motion to dismiss, but the Sixth Circuit reversed the decision. Employing the same straightforward analysis that Northport advocates here, the Sixth Circuit succinctly reasoned that "[b]ecause the Bosses' cross-appeal of the SLRO's ruling regarding the 1993–94 school year was filed in the district court seventy-eight days after the decision was issued, it was indeed untimely. Therefore, the district court did not, and we do not, have jurisdiction to review the SLRO's ruling denying the Bosses reimbursement for the 1993–94 school year." *Id.* at 397.

**\*4** It is clear from the Sixth Circuit's decision in *Boss* that if a party does not comply with the applicable deadlines for filing an IDEA appeal, then the district court must dismiss the case for a lack of subject-matter jurisdiction. *See, e.g., Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.,* No. 3:12CV00187, 2012 WL 3808902, at \*2 (N.D.Ohio Aug.8, 2012) (declining to grant the plaintiff "a reprieve from [the deadline's] constraints because the appeal was merely a day late"); *Children's Ctr. for Developmental Enrichment v. Machle,* No. 2:08–CV–817, 2009 WL 585817, at \*5 (S.D.Ohio Mar.6, 2009)) (granting the defendants' motion to dismiss the plaintiff's appeal and its request for attorney fees for lack of subject-matter jurisdiction where the plaintiff filed its action 169 days after entry of the SLRO's Final Decision) *aff'd,* 612 F.3d 518 (6th Cir.2010). Like these district courts, this Court is bound by the holding in *Boss,* not the holdings in the out-of-circuit cases to which the Woods direct this Court.

Last, as for the Woods' "fairness" argument—that barring a purported related-back counterclaim penalizes them and "rewards aggressive litigation" (Dkt 73 at 17–19), the relevant inquiry is not fairness, but merely timing. *See Horen,* 2012 WL 3808902, at \*2 (observing that "[t]here is no indication in either the authorizing statute or in any case law that the procedural deadline here is flexible depending on whether it caused prejudice to the opposing party"). In any event, the Court does not agree that the result is unfair. Each party to an administrative action has a responsibility to independently determine the strengths or weaknesses of its position and the strategic or tactical advantages in either appealing or accepting the ALJ's decision. The Woods chose not to file an appeal within 90 days from the ALJ's June 16, 2011 decision, and the Woods, who bear the burden of establishing this Court's jurisdiction over their Counterclaim, have not shown that their January 24, 2012 Counterclaim was timely filed.

Having decided that dismissal under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction is proper, the Court declines to address Northport's alternative argument for dismissal under Rule 12(b)(6) for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, the Court determines that Plaintiffs/Counter–Defendants' Motion to Dismiss Defendants/Counterclaim Plaintiffs' Counterclaim (Dkt 71) is properly granted. An Order will be entered consistent with this Opinion.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 435962

## Footnotes

| | |
|---|---|
| 1 | The prior cases between these parties in this Court are *Gerald & Patricia Woods v. Northport Public Schools, et al.,* No. 1:09–cv–243, *aff'd in part & vacated in part,* 487 F. App'x 968 (6th Cir.2012); and *Gerald & Patricia Woods v. Northport Public School, et al.,* 1:09–cv–855. |

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.