# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **C.H.** and **R.H.** o/b/o **P.H.**, <br><br> Plaintiffs/Appellants/Petitioners, <br><br> v. <br><br> **EAST LANSING PUBLIC SCHOOLS** and **INGHAM INTERMEDIATE SCHOOL DISTRICT**, <br><br> Defendants/Appellees/Respondents. | Case No.: 1:25-cv-680 <br><br> Hon. Hala Y. Jarbou <br><br> Mag. Phillip J. Green |// 

| | |
|---|---|
| Elizabeth K. Abdnour (P78203) <br> Megan N. Mitchell (P87312) <br> Jacquelyn Kmetz (P83575) <br> ABDNOUR WEIKER LLP <br> 325 E. Grand River Ave. Ste. 250 <br> East Lansing, MI 48823 <br> (517) 994-1776 <br> liz@education-rights.com <br> megan@education-rights.com <br> jacquelyn@education-rights.com <br><br> *Attorneys for Petitioners* | Erin H. Walz (P55484) <br> Cathleen M. Dooley (P86148) <br> Michele R. Eaddy (P41871) <br> THRUN LAW FIRM, P.C. <br> P.O. Box 2575 <br> East Lansing, MI 48826-2575 <br> ewalz@thrunlaw.com <br> cdooley@thrunlaw.com <br> meaddy@thrunlaw.com <br> *Attorneys for Respondent East Lansing Public Schools* <br><br> Jordan M. Bullinger (P72441) <br> Mary C. Bradley (P85784) <br> 200 Ottawa Ave. NW, Suite 300 <br> Grand Rapids, MI 49503 <br> (616) 608-1146 <br> jbullinger@clarkhill.com <br> mbradley@clarkhill.com <br> *Attorneys for Respondent Ingham ISD* |

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Status Report and Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for October 22, 2025, at 11:00 am before Magistrate Phillip J. Green. Appearing for the parties as counsel will be: Elizabeth K. Abdnour, Jacquelyn Kmetz, and Megan N. Mitchell for Plaintiffs; Erin Walz, Michele Eaddy, and Cathleen Dooley for Defendant East Lansing Public Schools (ELPS); and Jordan M. Bullinger for Defendant Ingham Intermediate School District (IISD).

1. <u>Jurisdiction:</u> This Court has jurisdiction over Plaintiffs' IDEA claims under 20 U.S.C. § 1415(i)(2)(A) and (3)(A) and 34 C.F.R. § 300.516 without regard to the amount in dispute. Plaintiffs have exhausted all administrative remedies required by 20 U.S.C. § 1415(l). There remains no other forum in which Plaintiffs' claims can be vindicated. Further, this Court has the authority to grant declaratory and injunctive relief and to compel or set aside agency action to address duties arising under the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983, 28 U.S.C. § 2201 and 5 U.S.C. §§ 702, 704, and 706. Pursuant to 28 U.S.C. § 1391(b), venue lies in the Western District of Michigan as the events giving rise to this action occurred in and around East Lansing, Michigan. Under the IDEA, a district court uses a "modified de novo" standard for reviewing state administrative determinations. *Doe v. Metropolitan Nashville Public Schools*, 133 F.3d 384, 386 (6th Cir. 1998) (citing *Doe v. Board of Educ.*, 9 F.3d 455, 458 (6th Cir. 1993) and applying *Board of Educ. v. Rowley*, 458 U.S. 176, 201 (1982)), petition for cert. filed, 66 USLW 3750 (May 13, 1998). This Appeal was timely filed within 90 days of the date of the decision of the due process hearing officer as required by 20 U.S.C. § 1415(i)(2)(B) with regard to Defendant ELPS. As more fully articulated in the pending Motion to Dismiss, the Plaintiffs and Defendant IISD do not agree as to whether the Appeal as it relates to IISD is timely. Defendant ELPS does not dispute the Court's jurisdiction over

Plaintiffs' appeal. Defendant IISD does dispute the Court's jurisdiction over one or more of Plaintiffs' federal claims.

2. <u>Jury or Non−Jury:</u> Non-Jury – administrative appeal.

3. <u>Judicial Availability:</u> The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

<u>ELPS:</u> A Magistrate Judge is not required for this administrative appeal. As an IDEA appeal, there is no discovery conducted. The Court receives the record, "hears additional evidence at the request of a party," and makes a decision based on a preponderance of the evidence. 20 U.S.C. §1415)(2)(C). There has been no request by a party for the Court to hear additional evidence, thus this appeal is based solely on the record.

4. <u>Statement of the Case:</u>

<u>Plaintiffs' Statement:</u> Plaintiffs bring claims against Defendants East Lansing Public Schools (ELPS) and Ingham Intermediate School District (IISD) for violations of the IDEA, on behalf of their son, P.H. Specifically, Plaintiffs appeal the Administrative Law Judge's dismissal of IISD from the due process proceedings and his final decision and order claiming ELPS did not violation P.H.'s right to FAPE. P.H. was an ELPS student at all relevant times in this matter. P.H. is and has been eligible for special education services and entitled to receive a free appropriate public education (FAPE). However, ELPS and IISD failed to provide P.H. a FAPE by failing to reevaluate him as warranted by his educational and related service needs, failing to draft an IEP reasonably calculated to meet P.H.'s educational needs, failing to revise his IEP to enable him to make progress, failing

to implement his IEP as written, and failing to education P.H. in the least restrictive environment.

<u>Defendant ELPS's Statement</u>: The administrative law judge (ALJ) correctly decided that, as to P.H., ELPS complied with the Individuals with Disabilities Education Act (IDEA) both procedurally and substantively. ELPS provided P.H. a FAPE in his least restrictive environment at all times that he was enrolled in and attending school in the district. The ALJ further decided that Plaintiff failed to meet their burden of proof as to all of their issues and therefore held in favor of ELPS. This ALJ's Decision should be upheld in its entirety.

<u>Defendant IISD's Statement</u>: IISD disputes that it bore any obligation to provide the Student with FAPE. Under Michigan law, the Student's district of residence is responsible for the identification, evaluation, educational placement, and the provision of special education programs and services. IISD is not the Student's district of residence and did not assume any of those responsibilities. IISD neither evaluated nor served the Student and had no direct role in developing or implementing the Student's IEP. Accordingly, the Administrative Law Judge properly dismissed the Plaintiff's due process complaint as to IISD. The Plaintiff's claims against IISD should likewise be dismissed from this appeal of the underlying administrative appeal, and the ALJ's decision upheld in its entirety.

5. <u>Prospects of Settlement</u>:

<u>Plaintiffs:</u> Settlement negotiations have not yet begun.

<u>ELPS:</u>  Settlement negotiations would not be productive in this case. ELPS prevailed on all claims in the underlying administrative action and is not inclined to settle at this time.

<u>IISD:</u> Settlement negotiations in this matter are premature and should be stayed until decisions on the pending motion to dismiss have been decided.

6. <u>Pendent State Claims:</u> This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings:</u> N/A – administrative appeal

8. <u>Disclosures and Exchanges:</u>

   a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: November 14, 2025.

   b. Plaintiffs expect to be able to furnish the names of Plaintiffs' expert witness(es) by December 19, 2025. Defendants expect to be able to furnish the names of Defendants' expert witness(es) by January 16, 2026.

   c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   Plaintiffs' Expert Reports: <u>January 16, 2026.</u>

   Defendants' Expert Reports: <u>February 13, 2026.</u>

   Rebuttal Expert Disclosures: <u>February 27, 2026.</u>

   d. The parties have agreed to make available the following documents without the need of a formal request for production:

   <u>Plaintiffs:</u> The parties are unable to agree on voluntary production at this time. <u>Plaintiffs have not yet determined whether to conduct discovery or file a motion for the Court to consider additional evidence.</u>

   <u>ELPS:</u> This is an IDEA appeal, and thus no discovery is conducted. The Court receives the record, "hears additional evidence at the request of a party," and makes

       a decision based on a preponderance of the evidence. 20 U.S.C. §1415)(2)(C). No party has requested that the Court "hear additional evidence."

    IISD:  Defendant IISD recommends that any discovery is stayed until a decision on the pending motion to dismiss has been decided.

9. <u>Discovery:</u>  The parties believe that all discovery proceedings can be completed by March 27, 2026.

    <u>Plaintiffs: In response to ELPS's comments regarding discovery, Plaintiffs have not yet determined whether to conduct discovery or file a motion for the Court to consider additional evidence.</u>

    <u>ELPS:</u>  This is an IDEA appeal and by statute there is no discovery. The Court receives the record, "hears additional evidence at the request of a party," and makes a decision based on a preponderance of the evidence. 20 U.S.C. §1415)(2)(C). No party has requested that the Court "hear additional evidence."

    <u>IISD:</u>  Defendant IISD recommends that any discovery is stayed until a decision on the pending motion to dismiss has been decided.

The parties recommend the following discovery plan:

    Initial disclosures: <u>November 14, 2025.</u>

    Exhibits: <u>To be determined based on trial date or dispositive motion deadline.</u>

    Written discovery deadline: <u>To be determined based on trial date or dispositive motion deadline.</u>

    Deposition deadline: <u>June 5, 2026.</u>

    <u>Fed. R. Civ. P. 26(a)(3) Pretrial disclosures</u>: To be determined once trial is set.

The parties recommend the following limits on discovery:

       Number of depositions: 5

       Number of interrogatories: 25

       Number of requests for admission: 25

The parties recommend the following limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings: N/A.

10. Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

    ELPS: This is an IDEA appeal and by statute there is no discovery. The Court receives the record, "hears additional evidence at the request of a party," and makes a decision based on a preponderance of the evidence. 20 U.S.C. §1415)(2)(C). No party has requested that the Court "hear additional evidence."

    IISD: Defendant IISD recommends that any discovery is stayed until a decision on the pending motion to dismiss has been decided.

11. Assertion of Claims of Privilege or Work−Product Immunity After Production: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As

needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

ELPS:  This provision does not apply as this is an appeal based on an administrative record.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

    The following dispositive motions are contemplated by each party:

    - Plaintiffs: motion to consider additional evidence, Daubert motions, motions *in limine*, motion for summary judgment.

    - Defendant ELPS: This is an appeal based on an administrative record pursuant to 20 U.S.C. §1415(i)(C). The appeal is decided based on submitted motions akin to motions for summary judgment.

    - Defendant IISD: Necessary and appropriate motions regarding discovery, motions in limine, motion to dismiss and motion for summary judgment.

    The parties anticipate that all dispositive motions will be filed by: <u>To be determined.</u>

13. <u>Alternative Dispute Resolution:</u> In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    Plaintiffs recommend that this case be submitted to the following method(s) of alternative dispute resolution: early settlement conference before magistrate judge.

> Defendant ELPS states that this provision does not apply as this is an appeal based on an administrative record.
>
> Defendant IISD recommends that this case be submitted to voluntary facilitative mediation after the close of discovery.
>
> The parties agree that the following discovery is needed prior to conducting ADR in order to make ADR most effective: N/A
>
> The parties agree on the below preferred time frame for conducting ADR in this matter: N/A.

14. <u>Length of Trial:</u> N/A – administrative appeal.

15. <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other:</u> Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case: N/A.

Dated: October 17, 2025

Respectfully Submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)

Jacquelyn Kmetz (P83575)
Megan N. Mitchell (P87312)
ABDNOUR WEIKER LLP
325 E. Grand River Ave. Ste. 250
East Lansing, MI 48823
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com
jacquelyn@education-rights.com
megan@education-rights.com

*/s/ Jordan M. Bullinger*
Jordan M. Bullinger (P72441)
Mary C. Bradley (P85784)
CLARK HILL
200 Ottawa Ave. NW, Suite 300
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com
mbradley@clarkhill.com

*/s/ Erin H. Walz*
Erin H. Walz (P55484)
Cathleen M. Dooley (P86148)
Michele R. Eaddy (P41871)
THRUN LAW FIRM, P.C.
P.O. Box 2575
East Lansing, MI 48826-2575
517-374-8830
ewalz@thrunlaw.com
cdooley@thrunlaw.com
meaddy@thrunlaw.com