

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES

FEB - 4 2009

Carol Hokenson, Supervisor
Division of Program Finance
Minnesota Department of Education
1500 Highway 36 West
Roseville, MN 55113-4266

Dear Ms. Hokenson:

This is in response to your letter to Perry Williams of the Office of Special Education Programs (OSEP) in the U.S. Department of Education (Department), Office of Special Education and Rehabilitative Services, dated June 19, 2008 and the follow-up telephone conversation you had with Dr. Williams and Dr. Deborah Morrow on July 17, 2008. I apologize for the delay in our response.

You have raised several questions regarding the relationship between cooperatives (co-ops) and member districts in Minnesota as it relates to the allocation of funds under Part B of the Individuals with Disabilities Education Act (IDEA). Under IDEA, the State educational agency (SEA) is responsible for ensuring that a free appropriate public education (FAPE) is provided to all eligible children with disabilities. As part of its general supervisory responsibility, the SEA, through its laws, regulations, and policies, establishes which public agencies shall have the legal and fiscal responsibility to serve children with disabilities. In your letter, you indicate that the Minnesota Department of Education (MDE) allocates funds under Part B of IDEA to two entities: (1) special education co-ops, made up of member school districts, that meet the definition of an educational service agency (ESA) under 34 CFR §300.12 and a local educational agency (LEA) under 34 CFR §300.28(b)(1); and (2) individual LEAs that do not participate in a special education co-op (non-participating LEAs). In turn, the co-ops may "subgrant" Part B funds under the IDEA to some or all of their member school districts which, you indicate, meet the definition of LEA under 34 CFR §300.28, or a non-participating LEA may "subgrant" Part B funds to a co-op for certain services.

IDEA and its implementing regulations require each State to allocate any Part B funds that the State does not reserve for State-level activities to LEAs in the State that have established their eligibility under section 613 of the Act, for use in accordance with Part B of the Act. 34 CFR §§300.705(a) and 300.815. An LEA is defined as a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for a combination of school districts or counties that are recognized in a State as an administrative agency for its public elementary schools or secondary schools. The term includes an educational service agency (ESA) as defined in 34 CFR §300.12. 34 CFR §300.28. The State must allocate Part B funds to eligible LEAs (which in Minnesota may be co-ops or nonparticipating LEAs) in accordance with

400 MARYLAND AVE., S.W., WASHINGTON, D.C. 20202
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

Page 2 - Carol Hokenson, Supervisor

a formula that consists of a base payment (i.e., the amount the LEA received in a prior year), a population payment, and a poverty payment. 34 CFR §§300.705(b) and 300.816. You asked the following two questions in your letter:

1. Is Minnesota's practice of cooperatives subgranting section 611 and 619 funds to member and participating districts consistent with the requirements of IDEA?

**OSEP's Response:** No. Under the Education Department General Administrative Regulations (EDGAR), at 34 §80.3, a grant is defined as an award of financial assistance in the form of money, or property in lieu of money, by the Federal government to an eligible grantee. Grantee is defined as the government to which a grant is awarded and which is accountable for the use of the funds provided. A subgrant is defined as an award of financial assistance in the form of money, or property in lieu of money, made under a grant by a grantee to an eligible subgrantee. A subgrantee is defined as the government or to other legal entity to which a subgrant is awarded and which is accountable to the grantee for the use of the funds provided.

The MDE, as the grantee receiving a Part B grant from the Federal government, may subgrant Part B funds to entities that meet the definition of LEA in 34 CFR §300.28; in Minnesota, either a co-op or a non-participating LEA. Under IDEA, the subgrantee is responsible for providing FAPE to children with disabilities within its jurisdiction and ensuring that Part B funds are expended in accordance with the applicable provisions of IDEA. 34 CFR §§300.200 through 300.213. As we indicated in the Letter to Fisher, a Supervisor in the Special Education section of MDE, dated March 19, 1992, and which you reference in your letter, the co-op, as a whole, is responsible for meeting the IDEA requirements, including maintenance of fiscal effort and supplement/non-supplant requirements. Under 34 CFR §300.224(b), if an ESA is required by State law to carry out programs under Part B of the Act, the joint responsibilities given to LEAs under Part B of the Act do not apply to the administration and disbursement of any payments received by that ESA; and must be carried out only by that ESA. Nothing in either the IDEA or EDGAR allows a subgrantee (an entity receiving funds from the grantee (MDE)) to further subgrant funds to other entities, including member or participating districts of a co-op. However, a co-op may choose to use Part B funds that it receives to pay for special education and related services provided by member or participating districts to children with disabilities within the jurisdiction of the co-op, provided those funds are used in a manner consistent with the requirements of Part B, EDGAR, and the cost principles in Office of Management and Budget (OMB) Circular A-87. A co-op may provide Part B funds to member or participating districts to provide those services through contracts or other contractual arrangements that are permissible under State law.

2. May an LEA subgrant to another LEA (example: a single district subgranting to a co-op)?

**OSEP's RESPONSE:** No. See our response to question one above. An LEA may not subgrant to another LEA. Therefore, a single district cannot make a subgrant to a special education co-op. However, a single district may choose to use Part B funds that it receives to pay for special education and related services provided by a co-op to children with disabilities within the single district's jurisdiction, provided those funds are used in a manner consistent with the requirements of Part B, EDGAR, and the cost principles in OMB Circular A-87. A single district may provide

Part B funds to a co-op to provide those services through contracts or other contractual arrangements that are permissible under State law.

During the follow-up telephone conversation with Dr. Williams and Dr. Morrow, you asked two additional questions:

3. Co-ops receive subgrants, as LEAs, based on the formulaic allocations of their member district LEAs. If they flow these funds through to the member LEAs, can the co-op board (made up of member LEAs) determine how that money is distributed or must they distribute the funds to the member LEAs in accordance with the IDEA formula (i.e., based on a base amount, population and poverty)?

**OSEP's RESPONSE:** A co-op board can determine how Part B funds will be used to ensure FAPE is provided to all children with disabilities within its jurisdiction. If a co-op chooses to distribute Part B funds to its member districts in order for services to be provided, a co-op board can determine how those funds are distributed. A co-op is not required to distribute Part B funds to its member districts in accordance with the IDEA formula (i.e., based on a base amount, population, and poverty). Part B funds provided to member districts by co-ops cannot be provided through "subgrants" under the IDEA or under EDGAR. A co-op can provide Part B funds to its member districts through a contract or other contractual relationship permissible under State law.

4. Depending on the allowable subgrantee relationships addressed in the questions submitted in the letter, how would indirect costs be properly assigned (by whom and to whom)?

**OSEP's RESPONSE:** A subgrantee is entitled to claim indirect costs based on its approved restricted indirect cost rate. Under 34 CFR §76.561(b), each SEA, on the basis of a plan approved by the Secretary, approves an indirect cost rate for each LEA that requests it to do so. Therefore, in Minnesota, either a co-op or a non-participating LEA that receives a subgrant may claim indirect costs based on an indirect cost rate approved by the SEA.

Based on section 607(e) of the IDEA, we are informing you that our response is provided as informal guidance and is not legally binding, but represents an interpretation by the U.S. Department of Education of the IDEA in the context of the specific facts presented.

We hope this information is helpful to you. If you have further questions, please contact Dr. Perry Williams at 202-245-7575 or Dr. Deborah Morrow at 202-245-7456.

Sincerely,

Patricia J. Guard
Acting Director
Office of Special Education
Programs

cc: Ms. Barbara Troolin