UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTI HENKE and
RICH HENKE *ex rel.* P.H.,

    Plaintiffs,

v.

EAST LANDING PUBLIC SCHOOLS and
INGHAM INTERMEDIATE SCHOOL
DISTRICT,

    Defendants.
_____/

Case No. 1:25-cv-680

Hon. Hala Y. Jarbou

**OPINION**

    Christi and Rich Henke sued their child P.H.'s former school districts under the Individuals with Disabilities Education Act (IDEA) for allegedly failing to provide him with a free public education appropriate to his special needs. The Ingham Intermediate School District (IISD) now moves that it be dismissed from the action on the grounds that the Court lacks subject-matter jurisdiction over the claims against it and that the claims are not adequately pleaded. (ECF No. 13.) Because neither basis for dismissal is sound, the Court will deny the motion.

    **I.    BACKGROUND**

    According to the due-process complaint the Henkes filed against the school districts before bringing the instant suit, the Henkes' son P.H. began to experience educational challenges in preschool. (Am. Due Process Compl. [ADPC] ¶ 4, ECF No. 1-1.) As a kindergartener, P.H. was diagnosed with autism spectrum disorder; his disruptive and aggressive behavior resulted in his being secluded from other students and even physically restrained. (*Id.* ¶¶ 16–21.) P.H. began attending Marble Elementary School, operated by East Lansing Public Schools, during the 2023–

2024 academic year. (*Id.* ¶¶ 24–25.) P.H.'s individualized education plan (IEP) included additional support and instruction in the form of speech, language, and occupational therapy (*id.* ¶ 31), as well as the aid of a paraprofessional (*id.* ¶ 46). These services were provided primarily by Marble Elementary employees, but P.H.'s occupational therapist, Stacey Turke, worked for IISD (*id.* ¶ 51). The Henkes alleged that P.H.'s IEP was not fully implemented (*id.* ¶ 92) and was not updated when his behavioral problems worsened (*id.* ¶¶ 111–113). After concluding that Marble Elementary was unable to meet P.H.'s special needs (*id.* ¶¶ 115–116), the Henkes pulled P.H. out of school (*id.* ¶ 123).

In July 2024, the Henkes filed a complaint against East Lansing Public Schools with the Michigan Department of Education. (*Id.* ¶ 125.) The department found that ELPS fell short of its obligations under IDEA and issued a corrective-action plan (*id.* ¶ 126). That December, the Henkes sought additional relief in the form of compensatory education, therapy, and reimbursement for the Henkes' out-of-pocket expenses through a due-process hearing conducted by Michigan's central-panel system. (MOAHR MTD Order, ECF No. 1-2, PageID.71.) Relying on prior administrative decisions dismissing independent school districts not "responsible for providing direct services" from due-process hearings (*id.*, PageID.75), the administrative-law judge assigned to the Henkes' case dismissed IISD from the proceeding on January 30, 2025 (*id.*, PageID.77). On March 24, the ALJ issued a decision and order finding that East Lansing Public Schools did not deny P.H. a free appropriate public education as alleged by the Henkes. (MOAHR Decision, ECF No. 1-4, PageID.143–45.) The Henkes filed a complaint challenging both IISD's dismissal from the hearing and the hearing's substantive outcome with this Court on June 20. (ECF No. 1.) IISD timely moved to dismiss on September 22, and its motion is now ripe for review.

2

## II.     LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction may be directed either to the face of a complaint or to facts beyond it. Fed. R. Civ. P. 12(b)(1); *W6 Rest. Grp. v. Loeffler*, 140 F.4th 344, 349 (6th Cir. 2025). A court entertaining a facial attack on jurisdiction must "take[] the allegations of the complaint as true." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Because a court that lacks jurisdiction "cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)), a court reviewing a motion to dismiss on grounds of both jurisdiction and factual sufficiency "must consider the 12(b)(1) motion first." *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021) (cleaned up).

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Just as with facial jurisdictional challenges under Rule 12(b)(1), a court ruling on a Rule 12(b)(6) motion must

"construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

### III.    ANALYSIS

#### A.    Subject-Matter Jurisdiction

IISD's jurisdictional attack invokes 20 U.S.C. § 1415(i)(2)(B), which provides that "the party bringing the action" challenging the decision rendered in an IDEA due-process hearing must file suit within ninety days "of the decision of the hearing officer." (Mot. to Dismiss 7, ECF No. 13-1.) Because 141 days elapsed from the date of the order dismissing IISD from the due-process hearing to the date the Henkes filed suit in this Court, the school district contends that the Court lacks jurisdiction over the Henkes' claims against it. (*Id.*) The premise underpinning IISD's argument is that subsection (i)(2)(B)'s time bar is jurisdictional in nature. IISD's argument fails because subsection (i)(2)(B) is most plausibly construed not as a jurisdictional limitation but as an ordinary claim-processing rule.

For over twenty years, the Supreme Court has encouraged lower federal courts to refrain from the "less than meticulous" labeling of time prescriptions and other preconditions to suit as limits on the courts' subject-matter jurisdiction. *See Kontrick v. Ryan*, 540 U.S. 443, 454 (2004); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) ("In light of the important distinctions between jurisdictional prescriptions and claim-processing rules, we have encouraged federal courts and litigants to facilitate clarity by using the term 'jurisdictional' only when it is apposite." (cleaned up)); *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019) ("The Court has characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief.").

What sets jurisdictional rules apart is that they determine the very authority of a court to adjudicate a dispute. "The requirement that jurisdiction be established as a threshold matter

'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*, 523 U.S. at 94–95 (alteration in original) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Labeling a statutory condition on the invocation of a claim as jurisdictional can therefore have "harsh consequences," not least of which is foreclosing waiver of the condition if equity so demands. *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015). Consequently, the Court has prescribed that rules "not involving the timebound transfer of adjudicatory authority from one Article III court to another" be interpreted as limits on jurisdiction only if they "clearly state[]" so. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 25 n.9 (2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). "[M]ost statutory time bars" do not satisfy this clear-statement requirement. *Id.* (cleaned up).

Interpreting section 1415(i)(2)(B) using the "traditional tools of statutory construction" makes mincemeat of the suggestion that Congress intended to "imbue[]" the provision "with jurisdictional consequences." *Wilkins v. United States*, 598 U.S. 152, 158 (2023) (quoting *Kwai Fun Wong*, 575 U.S. at 410). The word "jurisdiction" appears nowhere in subsection (i)(2)(B). The provision simply directs a party "aggrieved by the findings and decision" in a due process hearing, 20 U.S.C. § 1415(i)(2)(A), to "bring[] the action" raising those grievances no later than ninety days "from the date of the decision of the hearing officer," *id.* § 1415(i)(2)(B). This "mundane" language "says only what every time bar, by definition, must: that after a certain time a claim is barred." *Wilkins*, 598 U.S. at 159 (cleaned up). That subsection (i)(2)(B) bears the heading "Limitation," the sort of label one would expect to encounter affixed to a normal time bar, reinforces the provision's ordinary meaning. *See* Garner & Scalia, Reading Law 221–24 (2012) (discussing title-and-headings canon). Confirmation that subsection (i)(2)(B) is nonjurisdictional

5

is supplied by the fact that a neighboring provision, titled "Jurisdiction of district courts," *see* 20 U.S.C. § 1415(i)(3), explicitly confers subject-matter jurisdiction without "condition[ing] the jurisdictional grant on the limitations period" or "otherwise link[ing] those separate provisions," *Wilkins*, 598 U.S. at 159 (cleaned up).

The text and immediate context of subsection (i)(2)(B) make it more than plausible that it imposes a "run-of-the-mill filing deadline." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (cleaned up). It follows that subsection (i)(2)(B) does not *clearly* impose a jurisdictional restriction. *See Boechler, P.C. v. Comm'r*, 596 U.S. 199, 205 (2022) ("Where multiple plausible interpretations exist . . . it is difficult to make the case that the jurisdictional reading is clear."). Consequently, subsection (i)(2)(B)'s time bar is an ordinary claim-processing rule, and its transgression does not oust a court of jurisdiction over an IDEA action.

IISD's efforts to resist this conclusion are unavailing. The sole precedent to which IISD refers is not on point because it construed an earlier version of IDEA lacking subsection (i)(2)(B). *See Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss ex rel. Boss*, 144 F.3d 391, 396 (6th Cir. 1998). *Boss* explicitly noted that it was applying a state statute of limitations because IDEA as it then stood "provide[d] no statute of limitations for actions brought under it." *Id.*; *see* 20 U.S.C. § 1415(i)(2) (1997) (amended 2004). Although *Boss*'s reasoning implies that *any* dismissal of an IDEA claim on limitations grounds is jurisdictional, that reasoning cannot override interpretive principles developed after *Boss* was decided. *See Musacchio v. United States*, 577 U.S. 237, 246 (2016) ("Statutes of limitations and other filing deadlines ordinarily are not jurisdictional." (cleaned up)); *Oquendo v. Comm'r*, 148 F.4th 820, 830 (6th Cir. 2025) ("[G]iven our past cases' extraneous or passing references to jurisdiction . . . , we do not accord those holdings controlling weight and proceed to consider . . . jurisdiction[] . . . consistent with the modern approach taken

by the Supreme Court."). The balance of the case law construing current subsection (i)(2)(B) agrees that it is not jurisdictional. *See Wall Twp. Bd. of Educ. v. C.M.*, 534 F. Supp. 2d 487, 492 (D.N.J. 2008); *Lab'y Charter Sch. v. A.L.L.*, No. CV 24-5039, 2025 WL 1667361, at *4 (E.D. Pa. June 12, 2025) (collecting cases). IISD's attempt to revive *Boss* fails.

IISD's backup argument, that subsection (i)(2)(B) is jurisdictional because expressed in a statute, is equally spurious. As the earlier discussion of "statutory time bars" made evident, the clear-statement rule for jurisdictional limitations applies to all positive enactments, statutes and court-promulgated rules alike. IISD's contention is based on a misreading of *Bowles v. Russell*, 551 U.S. 205 (2007), in which the Court reaffirmed longstanding practice interpreting the "deadline for filing an appeal from a district court's decision in a civil case" as jurisdictional. *Harrow v. Dep't of Def.*, 601 U.S. 480, 488 (2024); *see Bowles*, 551 U.S. at 209 n.2. But as the Court made abundantly clear in *Harrow*, "*Bowles* governs statutory deadlines to appeal 'from one Article III court to another.'" *Id.* at 489 (quoting *Hamer*, 583 U.S. at 25 n.9). Time limits on "appeals not from another court but from an agency" fall "outside the *Bowles* exception" and are subject to the clear-statement rule, even if the time bar is contained in a statute. *Id.*; *see In re Tennial*, 978 F.3d 1022, 1026 (6th Cir. 2020) ("[A] *civil appellate* deadline is jurisdictional when the rule creates a specific appeal deadline that is set forth in a statute." (cleaned up)).

Nor can IISD's argument be salvaged by characterizing an IDEA suit challenging the outcome of a due-process hearing as an "appeal." (Mot. to Dismiss 9.) There can be no appeal from a state administrative proceeding to a federal court because the two belong to different governmental systems. *See Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985) ("Federal courts have no general appellate authority over state courts or state agencies."). Notwithstanding the loose use of the "appeal" label in some IDEA decisions, no authority known

to this Court has adopted that characterization. *See, e.g.*, *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 386–87 (4th Cir. 2000); *Jonathan H. v. Souderton Area Sch. Dist.*, 562 F.3d 527, 529 (3d Cir. 2009). Comparing subsection (i)(2)(B), which permits an aggrieved party to "bring . . . an action," to 28 U.S.C. § 2107, which delimits when an "appeal" may "bring any judgment . . . before a court of appeals for review," proves that a suit challenging the decision in a due-process hearing is an original action, not an appeal. Text, precedent, and doctrine foreclose IISD's jurisdictional challenge. The Court will therefore deny IISD's Rule 12(b)(1) motion.

### B.     Failure to State a Claim

IISD presents two grounds for granting its motion under Rule 12(b)(6). Neither is convincing. *First*, IISD contends that the Henkes' challenge to IISD's dismissal from the due-process hearing was untimely regardless of whether subsection (i)(2)(B) is jurisdictional in nature. (Reply 2–3, ECF No. 19.) According to IISD, because the ALJ's dismissal order was a "decision of the hearing officer," the Henkes were obliged to challenge that order within ninety days of its entry.

IISD's interpretation of subsection (i)(2)(B) is at odds with statutory text and settled doctrine. Whether framed in terms of finality or exhaustion, *see* Hickman & Pierce, Administrative Law Treatise § 17.17, VitalLaw (database updated Nov. 2025), the allocation of authority between administrative agencies and courts has long been understood to require courts to avoid "premature interruption of the administrative process." *McKart v. United States*, 395 U.S. 185, 193 (1969). In the IDEA context, the decision of a due-process hearing that is subject to judicial review concerns "whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). It is that decision, and not interlocutory orders issued on the way to that decision, that the IDEA mandates "shall be final." *Id.* § 1415(i)(1)(A). Only "the issuance of a final decision" exhausts an IDEA claim. *L.D. v. Sumner Cnty. Schs.*, 299 F. Supp. 3d 901, 906 (M.D. Tenn. 2018) (cleaned up). The dismissal of IISD as a party to the hearing was not the final

decision whose review the Henkes are entitled to seek from this Court. Accordingly, the Henkes were not required to challenge IISD's dismissal before the due-process hearing culminated in a decision on the substance of their claims. The Henkes' challenge to the dismissal of IISD is timely.

*Second*, IISD argues that it should be dismissed because it is not a proper party to this suit. IISD's rationale goes like this: An IDEA complaint can be presented against any entity responsible for the "identification, evaluation, . . . educational placement," or provisioning of a free appropriate public education to a student with disabilities. 20 U.S.C. § 1415(b)(6)(A). But state law did not make IISD responsible for any of these duties as a general matter (Reply 8–9), and the Henkes do not allege that IISD took on those duties in lieu of East Lansing Public Schools. (*Id.* at 12–13.) It follows (according to IISD) that IISD cannot be sued under IDEA for not providing P.H. with a free appropriate public education.

IISD's argument falters at the second step. The Henkes' amended due-process complaint, incorporated by reference in the complaint filed in this action, expressly refers to IISD employee Stacey Turke's providing occupational therapy to P.H. (ADPC ¶ 51.) Because IISD was in some respect responsible for providing P.H. with a free appropriate public education, IISD's alleged shortcomings in providing that education are reviewable by this Court. The Court need not reach the question whether intermediate school districts, solely by virtue of their supervisory functions, are proper parties to actions challenging the treatment of a single student. *See* Rule 16 Hr'g Tr. at 18–19, *L.G. v. Kelloggsville Pub. Schs.*, No. 1:23-cv-833 (W.D. Mich. Feb. 19, 2025), ECF No. 47 (denying intermediate school district's motion to dismiss because plaintiff adequately alleged predetermination). The Henkes' allegation that an IISD employee directly participated in P.H.'s education suffices to compel IISD to defend against the Henkes' suit.

The final basis IISD provides in justification of its dismissal is a Michigan Department of Education memorandum interpreting IDEA to require the participation only of the public agency responsible for providing a free appropriate public education in due-process hearings. (ECF No. 20-1, PageID.702.) A state executive officer's interpretation of a statute that places significant regulatory responsibility on the states is certainly entitled to respectful consideration. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 183 (1982). But even if the Michigan Department of Education's construction of IDEA's due-process-hearing provisions is sound, it does not follow that those provisions also limit the proper parties to an IDEA action in federal court. The Sixth Circuit has suggested its agreement with the view that "either or both" a state educational agency and a local educational agency "may be held liable for the failure to provide a free appropriate public education." *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 679 (6th Cir. 2001) (quoting *St. Tammany Parish Sch. Bd. v. Louisiana*, 142 F.3d 776, 784 (5th Cir. 1998)). If both a state and a local educational agency can be proper defendants in the same IDEA lawsuit, then the same may hold true for educational service agencies like IISD. (*See* Mot. to Dismiss 3.) This uncertainty, which the Michigan Department of Education memorandum does not dispel, counsels against dismissal of IISD at this early stage of the litigation. Accordingly, the Court will deny IISD's Rule 12(b)(6) motion.

## IV.   CONCLUSION

IISD fails to show that the Court lacks jurisdiction over the Henkes' claim against it or that the Henkes fail to state a claim. The Court will therefore deny both grounds for IISD's Rule 12 motion. An order consistent with this Opinion shall issue.

Dated: December 17, 2025          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE