# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CHRISTI HENKE and**
**RICH HENKE o/b/o P.H.,**

      Plaintiffs/Appellants/Petitioners,

v.

**EAST LANSING PUBLIC SCHOOLS**
and **INGHAM INTERMEDIATE SCHOOL**
**DISTRICT,**

      Defendants/Appellees.

Case No. 1:25-cv-680

Hon. Hala Y. Jarbou

---

Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87213)
Jacquelyn Kmetz (P83575)
ABDNOUR WEIKER LLP
*Attorneys for Plaintiffs*
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
jacquelyn@education-rights.com

Jordan M. Bullinger (P72441)
CLARK HILL PLC
*Attorneys for Defendant Ingham ISD*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

---

Erin H. Walz (P55484)
THRUN LAW FIRM, P.C.
*Attorneys for Defendant*
*East Lansing Public Schools*
2900 West Rd., Suite 400
P.O. Box 2575
East Lansing, MI 48826-2575
(517) 374-8830
ewalz@thrunlaw.com

---

ClarkHill\19511\1007360\285573993.v1-12/31/25

<u>**DEFENDANT INGHAM INTERMEDIATE SCHOOL DISTRICT'S ANSWER TO**</u>
<u>**PLAINTIFFS/APPELLANTS/PETITIONERS' AMENDED APPEAL AS OF RIGHT OF**</u>
<u>**THE MARCH 24, 2025, FINAL ORDER IN THE SPECIAL EDUCATION DUE**</u>
<u>**PROCESS HEARING AGAINST DEFENDANTS EAST LANSING PUBLIC SCHOOLS**</u>
<u>**AND INGHAM INTERMEDIATE SCHOOL DISTRICT**</u>

Defendant Ingham Intermediate School District ("Defendant" or "ISD" or "IISD") submits

as its Answer to Plaintiffs/Appellants/Petitioners' Amended Appeal as of Right of the March 24,

2025, Final Order in the Special Education Due Process Hearing and asserts as its affirmative and

other defenses the following:

<u>**PARTIES**</u>

1.      Plaintiffs Christi Henke and Rich Henke are the parents and legal guardians of P.H.

<u>**ANSWER:**</u>      **Defendant admits.**

2.      P.H. is an eight-year-old student with qualifying disabilities under the IDEA,
including autism spectrum disorder (ASD), and is therefore entitled to receive special education
and related services under the IDEA.

<u>**ANSWER:**</u>      **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

3.      At all relevant times, Plaintiffs and P.H. were residents of the City of East Lansing,
County of Ingham, State of Michigan, and P.H. was a student in East Lansing Public Schools and
Ingham Intermediate School District.

<u>**ANSWER:**</u>      **Defendant admits.**

4.      Defendant East Lansing Public Schools (ELPS) was at all relevant times and
continues to be a local educational agency in Ingham County, Michigan, subject to the provisions
of the IDEA, and responsible for providing a free appropriate public education (FAPE) to P.H.
under the IDEA.

<u>**ANSWER:**</u>      **Defendant admits that East Lansing Public Schools is a local educational**

**agency in Ingham County, Michigan. Defendant neither admits nor denies the remaining**

**allegations that assert a legal conclusion rather than a factual allegation as such allegations**

**do not require a response and therefore leaves Plaintiffs their proofs thereon with a final**

**determination by the Court.**

5.      Defendant Ingham Intermediate School District (IISD) was at all relevant times and continues to be a local educational agency in Ingham County, Michigan, subject to the provisions of the IDEA,[1] and responsible for providing a FAPE to P.H. under the IDEA.

**ANSWER:**      **Defendant neither admits nor denies the allegations contained in Paragraph No. 5, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. Defendant IISD further denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting** from **the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' IDEA claims under 20 U.S.C. § 1415(i)(2)(A) and (3)(A) and 34 C.F.R. § 300.516 without regard to the amount in dispute.

**ANSWER:**      **Defendant admits that, to the extent the complaint addresses issues that were raised before and adjudicated by Administrative Law Judge St. John, this is an appeal. However, to the extent that Plaintiffs raise any additional issues that were not raised before and adjudicated by Administrative Law Judge St. John, Defendant denies that those issues constitute an appeal. Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court.**

---

[1] **Defendant neither admits nor denies the allegations contained in Paragraph No. 5, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. Defendant IISD further denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

**Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs.**

7.      Plaintiffs have exhausted all administrative remedies required by 20 U.S.C. § 1415(l).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

8.      There remains no other forum in which Plaintiffs' claims can be vindicated.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

9.      This Court has the authority to grant declaratory and injunctive relief and to compel or set aside agency action to address duties arising under the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983, 28 U.S.C. § 2201 and 5 U.S.C. §§ 702, 704, and 706.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

10.      Pursuant to 28 U.S.C. § 1391(b), venue lies in the Western District of Michigan as the events giving rise to this action occurred in and around East Lansing, Michigan.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

11.    This Appeal is being filed within 90 days of the date of the decision of the due process hearing officer as required by 20 U.S.C. § 1415(i)(2)(B).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

## LEGAL FRAMEWORK

### The Individuals with Disabilities in Education Act ("IDEA")

12.    The IDEA requires that qualifying students with disabilities receive a FAPE. 20 U.S.C. § 1412(a)(1)(A); 34 C.F.R. § 300.101(a).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

13.    To achieve this goal, the IDEA requires that local educational agencies (LEAs) design and develop an individualized education program (IEP) for each qualifying child with a disability. 20 U.S.C. §§ 1412(a)(4), 1414(d); 34 C.F.R. §§ 300.112, 300.320-24.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

14.    According to the IDEA and its implementing regulations, LEAs include:

> [A] public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools.

20 U.S.C. § 1401(19)(A); 34 C.F.R. § 303.23(a).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

15.    Under the IDEA each state must "ensure" that it provides "special education" and "related services" to all children with disabilities within a specified age range residing in the state. 20 U.S.C. §§ 1401(9), 1412(a)(1). "Special education" means specifically designed instruction that meets the unique needs of a child with a disability. 20 U.S.C. § 1401(29). "Related services" mean the supportive services "required to assist a child with a disability to benefit from special education." 20 U.S.C. § 1401(26). LEAs must ensure that "a reevaluation of each child with a disability is conducted . . . if the local educational agency determines that the educational or related service needs, including improved academic achievement and functional performance, of the child warrant a reevaluation." 20 U.S.C. § 1414(a)(2)(A)(i); 34 C.F.R. § 300.303(a)(1).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

16.    In conducting an evaluation, the IDEA and its implementing regulations require LEAs to:

> use a variety of assessment tools and strategies to gather relevant functional, developmental, and academic information, including information provided by the parent, that may assist in determining . . . the content of a child's [IEP], including information related to enabling the child to be involved in and progress in the general education curriculum.

20 U.S.C. § 1412(b)(2)(A)(ii); 34 C.F.R. § 300.303(b)(2).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

17.    LEAs must provide special education and related services to each eligible student with a disability by implementing an IEP, an individually tailored statement that is developed, reviewed, and revised by an IEP "team." 20 U.S.C. § 1414(d).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their**

proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.

18.    LEAs also must "ensure that the IEP Team . . . revises the IEP as appropriate to address any lack of expected progress toward the annual goals and in the general education curriculum . . . ; the results of any reevaluation conducted . . . ; the child's anticipated needs; or other matters." 20 U.S.C. § 1414(d)(4)(A)(ii); 34 C.F.R. § 300.324(b)(1)(ii).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

19.    To achieve the goal of providing a FAPE to all children with qualifying disabilities, LEAs must design and develop an IEP for each qualifying child. 20 U.S.C. §§ 1412(a)(4), 1414(d); 34 C.F.R. §§ 300.112, 300.320-24.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

20.    In *Endrew F. v. Douglas County School District Re-1*, 137 S. Ct. 988, 999 (2017), the Supreme Court of the United States defined a FAPE as an offer of education "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." The Court further clarified that, in designing an IEP, "every child should have the chance to meet challenging objectives," and the IEP team must give "careful consideration to the child's present levels of achievement, disability, and potential for growth." *Id.* at 1000.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and**

**therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

21.    FAPE, as defined under 20 U.S.C. § 1401(9), requires special education and related services to be "provided in conformity with" a student's IEP.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

22.    When a parent believes an LEA is not providing their child with a FAPE, they can seek redress by filing a due process complaint, which entitles them to an impartial due process hearing. 20 U.S.C. § 1415.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

23.    Any party unsatisfied with the outcome of a due process hearing may appeal the decision to federal district court. 20 U.S.C. § 1415(i)(2)(A).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court.**

**Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

24.     IDEA due process hearing decisions are reviewed under the modified *de novo* standard. *Doe By and Through Doe v. Board of Educ. of Tullahoma City Schs.*, 9 F.3d 455, 458 (6th Cir. 1993). Courts should also give "due weight" to the state administrative proceedings in reaching a decision. *Id.*

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

## FACTUAL ALLEGATIONS

25.     Plaintiffs incorporate their Amended Due Process Complaint and Request for Due Process Hearing (ADPC) filed with the Michigan Office of Administrative Hearings and Rules (MOAHR) on January 10, 2025 by reference.[2]

**ANSWER:    Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

26.     At all relevant times, ELPS was P.H.'s district of residence and was an LEA.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. Defendant IISD reserves all rights relative to the supplementation of its answer.**

---

[2] **Plaintiffs' exhibits speak for themselves and any characterizations thereof are denied.**

27.    IISD is an intermediate school district and LEA which serves students and educators in schools throughout Ingham County, including ELPS.

**ANSWER:    Defendant admits that it is an "intermediate school district" but denies that in the context of this case that it is a "LEA". The ISD admits that it serves the public school districts that are the LEAs in this context and their respective students and educators in certain, specified ways pursuant to an ISD Plan for the Delivery of Special Education Programs and Services as provided for under Section 380.1711 of the Revised School Code of 1976.**

28.    IISD "serves as a shared community resource that creates networks of support and enhances educational opportunities for all learners in [their] service area."[3]

**ANSWER:    Defendant admits that the above referenced quote is from the IISD website.**

29.    At all relevant times, ELPS and IISD were responsible for providing P.H. with a FAPE and the procedural protections required by the IDEA and the Michigan Administrative Rules for Special Education (MARSE).

**ANSWER:    Defendant denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. As to the remaining allegations related to the IISD, Defendant denies.**

### The Hearing Officer Improperly Dismissed IISD as a Respondent in the Due Process Proceeding

30.    Plaintiffs filed a Due Process Complaint (DPC) against ELPS, IISD, and Haslett Public Schools[4] on December 2, 2024.

**ANSWER:    Defendant admits.**

31.    On December 13, 2024, IISD filed a Motion to Dismiss the DPC.

---

[3] Defendant IISD's website speaks for itself and any characterizations thereof are denied.
[4] Defendant IISD neither admits nor denies and leaves Plaintiffs to their proofs.

ClarkHill\19511\1007360\285573993.v1-12/31/25

**ANSWER:**    **Defendant admits.**

32.    IISD's Motion to Dismiss argued that it was not responsible for the identification, placement, or provision of FAPE to P.H. because it was not a LEA.

**ANSWER:**    **Defendant denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

33.    In support of its Motion, IISD attached five opinions issued by MOAHR administrative law judges (ALJs) serving as special education due process Hearing Officers, all of which wrongly concluded that ISDs are not LEAs and therefore are not responsible for providing FAPE to students on IEPs.[5]

**ANSWER:**    **Defendant denies that the above referenced Hearing Officers wrongly concluded that ISDs are not LEAs. As to the remaining allegations, Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs as the above referenced law speaks for itself and any characterizations thereof are denied.**

34.    On January 30, 2025, the Hearing Officer issued an order ("the January 30 order") improperly dismissing IISD based on the incorrect legal arguments and wrongly decided prior caselaw cited by IISD in its Motion to Dismiss. Plaintiffs incorporate the January 30 order by reference.[6]

---

[5] **Defendant denies that the above referenced Hearing Officers wrongly concluded that ISDs are not LEAs. As to the remaining allegations, Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs as the above referenced law speaks for itself and any characterizations thereof are denied.**
[6] **Plaintiffs' exhibits speak for themselves and any characterizations thereof are denied.**

**ANSWER:** **Defendant denies that it was improperly dismissed for the reasons stated in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. As to the remaining allegations, Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs.**

35. The January 30 order wrongly held that the responsibility of providing a FAPE resides solely with local school districts.

**ANSWER:** **Defendant denies that it was improperly dismissed for the reasons stated in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. The Decision speaks for itself and all characterizations thereof are denied.**

36. The January 30 order also erroneously found that an ISD may only be responsible for the provision of a FAPE if it has taken on direct responsibility for the education of a disabled student, such as in a self-contained classroom run by the ISD.

**ANSWER:** **Defendant denies that the January 30 Order erroneously found that an ISD may only be responsible for the provision of FAPE if it has taken on direct responsibility for reasons analyzed in the Order Granting Defendant IISD's Motion to Dismiss. ECF No. 13-4, Page ID.639-646. Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court.**

**Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

37.    In fact, Michigan law contemplates a shared responsibility between local school districts and ISDs.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

38.    M.C.L. 380.1751(1) requires that Michigan school districts "provide special education programs and services designed to meet the individual needs of each student with a disability in its district...for whom an appropriate educational or training program can be provided in accordance with the intermediate school district special education plan."

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

39.    Under M.C.L. 380.1711, ISDs are responsible for developing, establishing, and continually evaluating and modifying a plan for the delivery of special education services for all students under the age of 26 who are residents of constituent districts and of the special education programs and services in which each student participates.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

40.    M.C.L. 380.1711 does not limit an ISD's obligation only to those students that are currently enrolled in one of the ISD programs or classrooms and instead places the responsibility on the ISD for all students for which it is required to maintain records as defined above.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

41.    Michigan courts have agreed that an ISD's obligation extends to all special education students, not just those in ISD programs. In *Bay City Education Association v. Bay City Public Schools*, the Michigan Supreme Court held:

> In spite of whether the ISD or the local district provides the program or service, however, neither party may completely terminate its statutory obligation to these special education students. The Legislature crafted a statutory scheme that contemplates cooperative decision making and shared responsibility for providing programs and services designed to develop the maximum potential and address the special needs of each handicapped child in this state.

430 Mich. 370, 378-79 (1988).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

42.    Earlier this year, in *L.G. v. Kelloggsville Public Schools, et al.*, this Court denied an ISD's motion to dismiss based on its argument that it was not an LEA. No. 1:24-cv-833 (W.D. Mich. Jan. 25, 2025).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court.**

15

**Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

### The Hearing Officer Improperly Modified and Limited the DPC

43.    The IDEA specifies what must be included in a due process complaint:

(I)  the name of the child, the address of the residence of the child (or available contact information in the case of a homeless child), and the name of the school the child is attending;

(II)  in the case of a homeless child or youth (within the meaning of section 11434a(2) of title 42), available contact information for the child and the name of the school the child is attending;

(III)  a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and

(IV)  a proposed resolution of the problem to the extent known and available to the party at the time.

20 U.S.C. § 1415(b)(7)(A)(ii).

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

44.    The DPC complied with these requirements.

**ANSWER:    Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs.**

45.     Pursuant to the IDEA, "The due process complaint notice required under subsection (b)(7)(A) shall be deemed to be sufficient unless the party receiving the notice notifies the hearing officer and the other party in writing that the receiving party believes the notice has not met the requirements of subsection (b)(7)(A)." 20 U.S.C. § 1415(c)(2)(A). Such notice must occur within fifteen days of service of the complaint. 20 U.S.C. § 1415(c)(2)(C).

**ANSWER:**     **Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs. The referenced law speaks for itself and all characterizations thereof are denied.**

46.     Plaintiffs properly served the Respondents with the DPC.

**ANSWER:**     **Defendant neither admits nor denies those allegations that assert a legal conclusion rather than a factual allegation as such allegations do not require a response and therefore leaves Plaintiffs their proofs thereon with a final determination by the Court. Defendant denies the remaining allegations contained therein and leaves Plaintiffs to their proofs.**

47.     None of the Respondents notified either Plaintiffs or the Hearing Officer that they believed the DPC did not meet the requirements of the IDEA.

**ANSWER:**     **Defendant neither admits nor denies for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

48.     On December 10, 2024, the Hearing Officer held a prehearing conference.

**ANSWER:**     **Defendant admits.**

49.     At the prehearing conference, the Hearing Officer instructed Plaintiffs to "identify the issues for hearing."

**ANSWER:**     **Defendant neither admits nor denies for lack of knowledge upon which to form a belief as Plaintiff does not cite any source for the above referenced quote, and, therefore, leaves Plaintiffs to their proofs.**

ClarkHill\19511\1007360\285573993.v1-12/31/25

50.     Plaintiffs were confused, as the DPC identified the following issues for hearing:

    a.    Failing to develop an IEP reasonably calculated to allow P.H. to make appropriate progress in light of his unique circumstances in his May 2022, September 2023 and March 2024 IEPs;

    b.    Failing to request parent consent for and conduct comprehensive reevaluations, including a functional behavior assessment, to address P.H.'s lack of progress toward his IEP goals and in the general education curriculum, new information provided by Plaintiffs, P.H.'s anticipated academic and behavior needs, and P.H.'s ongoing behavior issues resulting in formal or informal removals from the classroom;

    c.    Failing to seek Plaintiffs' consent to conduct a Functional Behavioral Assessment (FBA) within 10 school days of making the request;

    d.    Failing to implement positive behavior interventions and supports to support P.H.'s behavioral needs;

    e.    Failing to educate P.H. in the least restrictive environment;

    f.    Isolating P.H. from his peers;

    g.    Failing to review and revise P.H.'s IEP to address his poor academic performance, ongoing and increasing behavior issues, and lack of progress toward his IEP goals and the general education curriculum; and

    h.    Failing to consistently provide P.H. with services to allow him to make progress toward his IEP goals and the general education curriculum for all removals after 10 removals within a school year.

**<u>ANSWER:</u>**   **Defendant admits that the issues identified for hearing were accurate. As to the remaining allegations regarding Plaintiff's mental state, Defendant neither admits nor denies for lack of knowledge upon which to form a belief and leaves Plaintiffs to their proofs.**

51.     The Hearing Officer stated that he was entitled to "modify and clarify" the issues pursuant to Mich. Admin. Code R. 792.11802.

**<u>ANSWER:</u>**   **Defendant neither admits nor denies for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

52.     Plaintiffs' counsel reviewed Mich. Admin. Code R. 792.11802 during the prehearing conference and told the Hearing Officer she could find no such language in the statute.

**ANSWER:**    **Defendant neither admits nor denies for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

53.    Nevertheless, over Plaintiffs' objection, the Hearing Officer issued an order ("the December 10 order") limiting the issues for hearing as follows:

> 4. Under Michigan Administrative Hearing [sic] Rule 792.11802, the issues for hearing must be identified and clarified. During the prehearing conference, the following issues were identified:
>
> > a.  Did the Respondents fail to provide the supports listed in the Student's IEPs?
> >
> > b.  Did the Respondents fail to educate the Student in the LRE?
> >
> > c.  Did the Respondents inappropriately use seclusion and restraint?
> >
> > d.  Did the Respondent ISD fail to provide appropriate training and supervision to the LEA Respondents?[7]

**ANSWER:**    **As to the issues identified for hearing, Defendant admits that the quoted language accurately restates the issues identified for hearing. As to the remaining issues, the above referenced Order speaks for itself and all characterizations thereof are denied.**

54.    The Order included the following footnote: "Petitioner objected to narrowing the issues beyond whether the Student was provided with a FAPE. That objection is overruled."[8]

**ANSWER:**    **Defendant admits that the quoted language in Paragraph 54 accurately reflects the content in the Order Following Prehearing Conference and Notice of Hearing issued by ALJ St. John dated December 10, 2024.**

55.    Upon receipt of the order, counsel for Plaintiffs contacted the Tribunal, copying counsel for all Respondents, and renewed her objection to his improper limitation of the issues for hearing.

**ANSWER:**    **Defendant admits.**

56.    Counsel for Plaintiffs wrote:

---

[7] **The above referenced Order speaks for itself. Any characterizations thereof are denied.**
[8] **The above referenced Order speaks for itself. Any characterizations thereof are denied.**

Thank you for sending this order. We reviewed [Mich. Admin. Code R.] 792.11802, which does not include any language about clarifying the issues. [Mich. Admin. Code R.] 792.11802(b) reads, in relevant part, "The administrative law judge may require the participants in the prehearing conference to do any of the following: (i) Identify and simplify the issues." Petitioners renew their objection as there does not appear to be any statutory or other legal basis for the Tribunal to clarify the issues.

Notwithstanding that objection, Petitioners provide the following edits to the Tribunal's summary of the issues:

a.  Did the Respondents fail to provide FAPE to the Student by failing to provide the supports listed in the Student's IEPs?

b.  Did the Respondents fail provide FAPE to the Student by failing to educate the Student in the LRE?

c.  Did the Respondents fail to provide FAPE to the Student by inappropriately using seclusion and restraint?

d.  Did the Respondent ISD fail to provide FAPE to the student by failing to provide appropriate training and supervision to the District Respondents?

It is Petitioners' position that the District Respondents should not be identified as the LEA respondents because MDE considers ISDs to be LEAs and has been providing training to ISDs for several years that they are LEAs. Petitioner's position is therefore that all three respondents are LEAs.

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

57.    The Hearing Officer did not respond to this message.

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

58.    The Hearing Officer failed to modify the December 10 order.

**ANSWER:**    **Defendant admits that the above-mentioned order was not modified.**

59.    The December 10 order also required Plaintiffs to file an amended due process complaint by January 10, 2025.[9]

---

[9] **The above referenced Order speaks for itself. Any characterizations thereof are denied.**

**ANSWER:**    **Defendant admits that the language in Paragraph 59 accurately reflects the content in the Order Following Prehearing Conference and Notice of Hearing issued by ALJ St. John dated December 10, 2024.**

60.    As a result, Plaintiffs decided not to continue pursuing the matter of the issues for hearing, as they knew they would be filing an amended complaint and could restate the issues there.

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

61.    Plaintiffs filed their ADPC against ELPS and IISD on January 10, 2025.[10]

**ANSWER:**    **Defendant admits.**

62.    In the ADPC, Plaintiffs identified the following issues for hearing, to comply with the Hearing Officer's directive that issues be "clarified":

a.    Failing to reevaluate P.H. when his educational or related service needs, including the need for increased emotional, behavioral, and academic supports, warranted a reevaluation, thereby denying him FAPE;

b.    Failing to offer and/or provide P.H. an appropriate IEP (including, but not limited to, an appropriate program, placement, services, and accommodations in the least restrictive environment), by failing to develop an IEP reasonably calculated to provide P.H. FAPE; failing to review and revise P.H.'s IEP when his educational or related service needs warranted a revision; and failing to implement P.H.'s IEP as written, thereby denying him FAPE;

c.    Failing to educate P.H. in the least restrictive environment, thereby denying him FAPE.[11]

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs. Plaintiffs' amended due process complaint speaks for itself and all characterizations thereof are denied.**

63.    Neither ELPS nor IISD notified either Plaintiffs or the Hearing Officer that they believed the ADPC did not meet the requirements of the IDEA.

---

[10] **Plaintiffs' Amended Due Process Complaint speaks for itself. Any characterizations thereof are denied.**
[11] **Defendant neither admits nor denies and leaves Plaintiffs to their proofs. Plaintiffs' amended due process complaint speaks for itself and all characterizations thereof are denied.**

**ANSWER:**    **Defendant admits.**

64.    The ADPC was the operative complaint as of the date of filing, January 10, 2025.

**ANSWER:**    **Defendant admits.**

65.    For reasons unknown to Plaintiffs, the Hearing Officer did not convene another prehearing conference after the ADPC was filed.

**ANSWER:**    **Defendant admits that an additional prehearing conference was not held and further states that Plaintiffs did not request an additional prehearing conference.**

**The Hearing Officer Failed to Consider the Amended Due Process Complaint**

66.    The due process hearing took place February 10 to 14, 2025.

**ANSWER:**    **Defendant neither admits nor denies the dates of the underlying due process hearing as Defendant was dismissed from the hearing pursuant to the  Decision and Order by Administrative Law Judge Michael J. St. John dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

67.    During the hearing, it became clear that the Hearing Officer was not properly considering the issues in the ADPC.

**ANSWER:**    **Defendant was dismissed from the hearing pursuant to the  Decision and Order by Administrative Law Judge Michael J. St. John dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. Otherwise, Defendant denies the remaining allegations to the extent a response is required.**

68.    Pursuant to the IDEA, "The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7), unless the other party agrees otherwise." 20 U.S.C. § 1415(f)(2)(B).

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph No. 68, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

69.    However, even though Plaintiffs had identified a new set of issues in the ADPC, at the due process hearing, the Hearing Officer stated:

> The petitioner parents and student in this case bear the burden of proof to show by a preponderance of the evidence that the respondent school district failed to provide a free appropriate publication -- public education in one or more of the ways alleged in their due process complaint and narrowed any issues to be decided in the hearing in the order following prehearing conference. Let's see, ours was on December 10, 2024, at least that's when I issued the order. That was when our prehearing conference was.
>
> And our issues were narrowed to: Did the respondent, in this case singular, failed to provide the supports listed in the student's IEP. Did -- and IEPs, I -- this was corrected when there were multiple respondents at the -- at the time. So I'm not -- I'm not sure if there's one IEP at issue or if there are multiple IEPs, but, regardless, the issue is: Did the respondents fail to provide the supports listed in the student's IEP or IEPs, singular or plural; did the respondents -- did the respondent fail to educate the student in the least restrictive environment; and, finally, did the respondent inappropriately use seclusion and restraint? Those are our three issues to be decided in our hearing today.

**ANSWER:    Defendant was dismissed from the hearing pursuant to the  Decision and Order by Administrative Law Judge Michael J. St. John dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. To the extent a response is required, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

70.    Plaintiffs were confused and taken utterly off guard, as this was the first time they or their counsel heard that the Hearing Officer had intended via the December 10 order to "narrow" the issues, which is not provided for anywhere in the IDEA; further, they were stunned that he did not seem to realize that they had filed an amended complaint.

**ANSWER:    As to the allegations regarding Plaintiff's mental state, Defendant neither admits nor denies for lack of knowledge upon which to form a belief and leaves Plaintiffs to their proofs. Otherwise, Defendant ISD neither admits nor denies and leaves Plaintiffs to their proofs.**

71.    Nonetheless, they had to proceed with the hearing.

**ANSWER:    Defendant denies and further states that if Plaintiffs believed the ALJ was incorrect, Plaintiffs had the ability to object or otherwise raise their concern. Their failure to do so waived the issue.**

72.     The hearing took almost five full days, and both Plaintiffs and ELPS presented numerous witnesses and significant evidence.

**ANSWER:    Defendant was dismissed pursuant to the  Decision and Order by Administrative Law Judge Michael J. St. John dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

73.     Both parties submitted lengthy post-hearing briefs.

**ANSWER:    Defendant was dismissed pursuant to the  Decision and Order by Administrative Law Judge Michael J. St. John dated January 30, 2025, granting the ISD's motion to dismiss and was not required to submit a post-hearing brief. ECF No. 13-4, Page ID.639-646. Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

74.     Plaintiffs incorporate their post-hearing brief filed March 10, 2025 by reference.[12]

**ANSWER:    Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

75.     On March 24, 2025, the Hearing Officer issued a final decision and order ("the March 24 order") finding that ELPS had not violated the IDEA, incorporated by reference.[13]

**ANSWER:    Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

76.     The March 24 order did not analyze the issues identified in the ADPC, which was the operative complaint.

**ANSWER:    Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

77.     The March 24 order analyzed the "clarified" and "narrowed" issues identified in the December 10 order.

---

[12] **Plaintiffs' exhibits speak for themselves. Any characterizations of the same are denied.**
[13] **Plaintiffs' exhibits speak for themselves. Any characterizations of the same are denied.**

**ANSWER:** **Defendant neither admits nor denies the allegations contained in Paragraph No. 77, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer.**

78.    There is no provision anywhere in the IDEA allowing for a Hearing Officer to unilaterally modify or ignore the content of a parent's due process complaint.

**ANSWER:** **Defendant neither admits nor denies the allegations contained in Paragraph No. 78, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer.**

79.    The only process for modification of a due process complaint identified in the IDEA is the notice provision in which a party may notify the hearing officer and the other party in writing that the receiving party believes the due process complaint is insufficient under the requirements of the IDEA, pursuant to 20 U.S.C. § 1415(c)(2)(A).

**ANSWER:** **Defendant neither admits nor denies the allegations contained in Paragraph No. 79, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer.**

80.    In the March 24 order, the Hearing Officer addressed the Plaintiffs' renewed objection to the narrowing of the issues for the due process hearing. He wrote:

> Petitioner's closing brief lists four alleged violations of FAPE by Respondent: the three issues listed for hearing and additionally that Respondent "failed to reevaluate [Student] when his needs warranted a re-evaluation." Petitioner never requested to add that issue to the hearing – it first became apparent that it was an issue during the hearing when Petitioner's Expert 1 alleged that Respondent failed to reevaluate Student and was first articulated as an issue in Petitioner's post-hearing brief. Petitioner's Closing Brief Argument Section additionally lists "failing to offer and/or provide [Student] an appropriate IEP", another issue that Petitioner failed to identify until that closing brief.

Petitioner never explains why they were unable to articulate this hearing issue at either the prehearing conference, at the time of their amended complaint, or even when they filed their witness and exhibit lists and copies of their exhibits. Petitioner's Exhibit 59, their expert's February 4, 2024 report, includes this alleged failure to evaluate. Petitioner's argument that they are entitled to bring up any issue they desire, in contravention to the listed issues outlined at the prehearing conference is rejected as incorrect. Contrary to Petitioner's argument, 34 CFR 500.11(d)[14] does not stand for this proposition; that regulation provides that a party may not raise issues at hearing that are not included in their complaint, not that Petitioner may raise any issue at hearing that was included in their due process complaint, regardless of whether it was identified as a hearing issue at the prehearing conference. Petitioner was welcome to list these issues at the prehearing conference (or alternatively request to add them later in the hearing process) but failed to do so. Petitioner's failure to identify these issues prior to the hearing has the potential to deprive the Respondent of the opportunity to properly defend the allegations against them. It is not too onerous a burden on Petitioner to articulate their proposed issues prior to the hearing. Petitioner's failure to identify and propose additional issues beyond those articulated at the prehearing conference constitutes a waiver of those additional issues at hearing.[15]

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 80, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced Order speaks for itself and all characterizations thereof are denied.**

81.    Plaintiffs were shocked at this language, as it made clear that the Hearing Officer never reviewed the ADPC.

**ANSWER:    Defendant neither admits nor denies and leaves Plaintiffs to their proofs as Defendant ISD cannot speak to Plaintiffs' mental state.**

---

[14] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**

[15] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**

82.     It was not true that Plaintiffs never requested to add the failure to evaluate issue to the hearing and that it was first articulated in their post-hearing brief—they had included that issue in the ADPC filed on January 10, 2025.[16]

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 82, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer.**

83.     It was not true that Plaintiffs failed to identify the issue of ELPS failing to offer and/or provide P.H. an appropriate IEP—they had included that issue in the ADPC filed on January 10, 2025.[17]

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 83, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

84.     It was not true that Plaintiffs were unable to articulate that hearing issue at the prehearing conference, at the time of their amended complaint, or even when they filed their witness and exhibit lists and copies of their exhibits—they had included that issue the ADPC filed on January 10, 2025.[18]

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 84, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

85.     It was not true that Plaintiffs failed to identify these issues prior to the hearing—they had included the issues the ADPC filed on January 10, 2025.[19]

---

[16] **The referenced Order speaks for itself and all characterizations thereof are denied.**
[17] **The referenced Order speaks for itself and all characterizations thereof are denied.**
[18] **The referenced Order speaks for itself and all characterizations thereof are denied.**
[19] **The referenced Order speaks for itself and all characterizations thereof are denied.**

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph**

**No. 85, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

**not require a response.  The Defendant reserves all rights relative to the supplementation of**

**its answer.**

86.    It was not true that there was any possibility of a potential to deprive ELPS of the opportunity to properly defend the allegations against them—they had included the issues in the ADPC filed on January 10, 2025,[20] and served on ELPS that same day.

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph**

**No. 86, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

**not require a response.  The Defendant reserves all rights relative to the supplementation of**

**its answer.**

87.    Plaintiffs agree that was not too onerous a burden on them to articulate their proposed issues prior to the hearing—they had included the issues the ADPC filed on January 10, 2025.[21]

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

88.    Plaintiffs did not fail to identify and propose additional issues beyond those articulated at the prehearing conference and did not waive those additional issues at hearing—they included the issues the ADPC filed on January 10, 2025.[22]

**ANSWER:**    **Defendant denies.**

89.    It was not true that Plaintiffs were arguing that they were entitled to "bring up any issue they desire[d]"—their post-hearing brief argued only the issues included in the ADPC filed on January 10, 2025.

**ANSWER:**    **Defendant neither admits nor denies and leaves Plaintiffs to their proofs.**

---

[20] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**
[21] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**
[22] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**

90.     The Hearing Officer's assertion that "34 CFR 500.11(d)[23]...provides that a party may not raise issues at hearing that are not included in their complaint, not that Petitioner may raise any issue at hearing that was included in their due process complaint, regardless of whether it was identified as a hearing issue at the prehearing conference" is utterly unsupported by the text of the IDEA.

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 90, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

91.     Notably, 34 CFR 500.11(d) does not exist anywhere within the Code of Federal Regulations.

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 91, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

92.     In reviewing IDEA's statutory framework and implementing regulations, Plaintiffs believe the Hearing Officer meant to cite to 34 CFR 300.511(d) which states, "The party requesting the due process hearing may not raise issues at the due process hearing that were not raised in the due process complaint filed under 300.508(b), unless the other party agrees otherwise."

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 92. If Plaintiffs believe ALJ St. John made a typo in his Decision, Plaintiffs should have sought clarification but to Defendant's knowledge, did not.**

93.     Here, contrary to the Hearing Officer's assertion, Plaintiff did raise issues at the hearing that were raised in their due process complaint filed under 300.508(b)—they had included the issues the ADPC filed on January 10, 2025.

**ANSWER:     Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

---

[23] **Defendant neither admits nor denies the aforementioned allegations, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.**

94.     The Hearing Officer's assertion that "Petitioner was welcome to list these issues at the prehearing conference (or alternatively request to add them later in the hearing process) but failed to do so" is utterly illogical—where would a petitioner in a due process proceeding list their issues other than the due process complaint? And wouldn't listing them elsewhere violate 34 C.F.R. § 500.511(d), which specifically states that "a party may not raise issues at the due process hearing that were not raised *in the due process complaint*"? (emphasis added).

**ANSWER:     Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

**The Hearing Officer Incorrectly Applied the Law**

95.     The provision of a FAPE was first addressed by the U.S. Supreme Court in 1982, where the Court reviewed *Board of Education of Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176 (1982), and set forth how FAPE is determined by the courts, in what has been termed the "Rowley standard:" 1) Was a student's IEP developed in adequate compliance with IDEA procedures?; and 2) is the IEP reasonably calculated to enable the student to receive some educational benefit?

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 95, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

96.     In March 2017, the Supreme Court issued its decision in *Endrew F. v. Douglas County School District Re-1*, 137 S. Ct. 988 (2017).

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 96, to the extent it asserts a legal conclusion rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

97.     In *Endrew F.*, the Court discussed its prior decision in *Rowley* but pointed out that the *Rowley* case expressly declined to adopt a test for determining the substantive adequacy of the educational benefits provided in an IEP. *Id*. at 993.

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 97, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.

98.     *Endrew F.* created such a test. The Court held that a student's IEP must aim to enable that student to make progress. *Id*. at 994. Further, the Court emphasized the unique needs of each child and stated that "the progress contemplated by the IEP must be appropriate in light of the child's circumstances...." *Id*. at 999. Further, "[t]he adequacy of a given IEP turns on the unique circumstances of the child for whom it is created," *id*. at 1001, and "every child should have the chance to meet challenging objectives," regardless of the severity of a child's disability. *Id*. at 1000.

**ANSWER:**     **Defendant neither admits nor denies the allegations contained in Paragraph No. 98, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

99.     The Court held that to meet its substantive obligation under the IDEA, an LEA must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances. *Id*. at 1001. In clarifying the standard, the Court rejected the "merely more than *de minimis*" standard applied by the Tenth Circuit. *Id*. at 999. In determining the scope of FAPE, the Court reinforced the requirement that "every child should have the chance to meet challenging objectives." *Id*. at 1000.

**ANSWER:**     **Defendant neither admits nor denies the allegations contained in Paragraph No. 99, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

100.     The Hearing Officer's decision turned Supreme Court precedent on its head, relying heavily on *Rowley* and giving *Endrew F.* nothing more than a passing sentence.

**ANSWER:**     **Defendant neither admits nor denies the allegations contained in Paragraph No. 100, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

101.     He wrote:

ClarkHill\19511\1007360\285573993.v1-12/31/25

In *Board of Education of Hendrick Hudson Central School District v Rowley*, 458 US 176 (1982), the U.S. Supreme Court articulated the two bases for assessing the provision of FAPE. The first was whether the school district had complied with the procedural requirements of the Act, and the second was whether the student's Individualized Educational Program (IEP) was "reasonably calculated" to enable the student to receive educational benefits. *Id.* at 206-07. In assessing whether a student's IEP was reasonably calculated to enable the student to receive educational benefits under Rowley's second basis above, the Sixth Circuit Court of Appeals noted that nothing in Rowley precludes the setting of a higher standard than the provision of "some" or "any" educational benefit and held that the IDEA requires an IEP to confer a "meaningful educational benefit gauged in relation to the potential of the child at issue." *Deal v Hamilton County Bd of Ed*, 392 F3d 840, 862 (CA 6, 2004).[24]

**ANSWER:**     **Defendant neither admits nor denies the allegations contained in Paragraph No. 101, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

102.     He then inserted a mere one-line reference to *Endrew F.*—the only reference to *Endrew F.* in the entire 66-page order:

In *Endrew F. v Douglas County Sch. Dist. RE-1*, 580 U.S. 386; 137 S Ct 988, 999 (2017), the US Supreme Court expanded its explanation of FAPE in Rowley and stated that to provide a FAPE, the IDEA requires an educational program "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id.*[25]

**ANSWER:**     **Defendant neither admits nor denies the allegations contained in Paragraph No. 102, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

---

[24] **The referenced Decision speaks for itself and all characterizations thereof are denied.**
[25] **The referenced Decision speaks for itself and all characterizations thereof are denied.**

ClarkHill\19511\1007360\285573993.v1-12/31/25

103.    The order goes on:

> In determining whether the District provided and will continue to provide a free appropriate public education in the least restrictive environment for the student in this case, it must be decided whether the IEP is reasonably calculated to enable the student to receive a meaningful educational benefit gauged in relation to the student's potential. *Rowley*, 458 US at 206-07; *Deal*, 392 F3d at 862.[26]

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 103, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

104.    In *Endrew F.*, the Supreme Court held that if advancement from grade to grade is "not a reasonable prospect for a child, his IEP need not aim for grade-level advancement. But this educational program must be appropriately ambitious in light of his circumstances, just as advancement from grade to grade is appropriately ambitious for most children in the regular classroom." 137 S. Ct. at 1000.

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 104, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

105.    While the *Rowley* Court refused to adopt a test to determine the adequacy of educational benefits provided in an IEP, the *Endrew F.* Court did.

**ANSWER:     Defendant neither admits nor denies the allegations contained in Paragraph No. 105, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

---

[26] **The referenced law speaks for itself and all characterizations thereof are denied.**

106.    By focusing on meaningful advancement for students on IEPs, *Endrew F.* overturned and strengthened the standard from the bare bones *de minimis* standard utilized in *Rowley*.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 106, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

107.    The *Endrew F.* test – whether P.H.'s IEP was reasonably calculated to enable him to make progress appropriate in light of his circumstances – should have been applied.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 107, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

108.    While *Rowley* had addressed only students fully integrated into a regular classroom, *Endrew F.* provided a standard to determine whether a FAPE was being provided to a student who was not fully integrated in the regular classroom. *Id.*

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 108, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

109.    According to the IDEA, children with disabilities should be educated in the general education setting alongside non-disabled peers "to the maximum extent appropriate". 34 C.F.R. § 300.114.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 109, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

110.    In order to determine what extent is appropriate, the student's IEP team will convene and determine what constitutes the student's Least Restrictive Environment (LRE): the environment in which they will be educated in accordance with their IEP. 34 C.F.R. § 300.114(a)(2)(i).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 110, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

111.    In an IEP dated September 13, 2023, P.H.'s IEP team determined that his least restrictive environment was the general education classroom.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

112.    P.H. was not fully integrated into the general education classroom despite the IEP. Team's determination that this was his least restrictive environment.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

113.    Rather, P.H. was placed on a partial school day, during which he spent most, if not all of his time in the special education classroom, with service providers, or in the office.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

114.    Because P.H. was not fully integrated into the regular classroom, the Hearing Officer should have applied *Endrew F.* to determine whether P.H.'s IEP was reasonably calculated to enable him to make progress appropriate in light of his circumstances.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 114, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response. The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

115.    Further, under *Endrew F.*, "[a] reviewing court may fairly expect [school] authorities to be able to offer a cogent and responsive explanation for their decisions that shows the IEP is reasonably calculated to enable the child to make progress appropriate in light of his circumstances." *Id.* at 1002.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 115, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

116.    ELPS maintained throughout the due process hearing that P.H. was educated in his LRE as stated in his IEP, the general education classroom.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

117.    This assertion directly contradicted the evidence presented at the hearing by ELPS staff, who repeatedly testified that P.H. spent most of his shortened school day alone in the following settings: one-on-one with service providers, in the special education classroom with only a small group of other students with disabilities, with Christi in the main office, on bathroom breaks (which, Plaintiffs learned during the hearing, could last as long as an hour), or wandering around the school halls with an aide.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

118.    None of those settings constituted a general education classroom.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

119.    Because the Hearing Officer failed to apply the *Endrew F.* standard, whether P.H.'s IEP was reasonably calculated to enable him to make progress appropriate in light of his circumstances, he failed to find that ELPS's failure to educate P.H. in a general education classroom, in direct violation of his IEP, constituted a violation of the IDEA.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 119, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.

120.    The Hearing Officer should have applied Endrew F. when considering whether ELPS provided P.H. with FAPE. Instead, the Hearing Officer improperly applied the Rowley standard.[27]

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 120, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

**The Hearing Officer Failed to Apply the Preponderance of the Evidence Standard**

121.    Under the IDEA, hearing officers must determine whether a student received FAPE by a preponderance of the evidence. 34 C.F.R. § 300.516(c)(3).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 121, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

122.    The March 24 order disregarded much of the ample evidence in the record demonstrating Defendants' denial of a FAPE to P.H.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 122, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

---

[27] **Defendant neither admits nor denies the allegations contained in Paragraph No. 120, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

123.    A preponderance of the hearing evidence demonstrated that ELPS failed to reevaluate P.H. when his behaviors warranted it, failed to properly implement his IEP, and failed to educate him in the least restrictive environment, all of which denied him FAPE.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 123, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

124.    Plaintiffs provided an expert witness at the hearing, Dr. Cheryl Light Shriner,[28] who testified at length to the ways in which ELPS failed to provide P.H. with FAPE.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

125.    In his decision, the Hearing Officer wrote that he found Dr. Light Shriner "mostly credible," but completely disregarded her testimony.[29]

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

126.    Confusingly, after finding Dr. Light Shriner "mostly credible," the Hearing Officer wrote, "Her misunderstanding of what constitutes seclusion affected her credibility particularly on the issue of whether Respondent inappropriately used seclusion, but also on other issues as well."

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

127.    It is unclear how the Hearing Officer could have both found that Dr. Light Shriner was "mostly credible" and that her asserted "misunderstanding of what constitutes seclusion affected her credibility...on other issues as well."[30]

---

[28] **Defendant lacks knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**
[29] **The Decision speaks for itself and all characterizations thereof are denied.**
[30] **The Decision speaks for itself and all characterizations thereof are denied.**

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

128.    The decision does not state which "other issues" her "mostly credible" credibility was affected.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

129.    The following sentence directly contradicted Dr. Light Shiner's hearing testimony, during which she clarified, in response to the Hearing Officer's own questions, that she did not consider a change of placement to constitute seclusion: "Petitioner's Expert 1's belief that school districts must be held to the (rightfully) very high standards of using seclusion when they are not actually engaging in seclusion is a significant misunderstanding of special education standards of practice, her qualified area of expertise."[31]

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

130.    The Hearing Officer asked: "the student was one-on-one with a special ed teacher or one of therapists or a parapro[fessional] for -- particularly starting in January. And are you acquainting [sic] that time to seclusion?"

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

131.    Dr. Light Shriner responded, "Not necessarily. If they're working one-on-one with somebody and -- on educational activities, that is not seclusion."

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

132.    The Hearing Officer then said, in direct contradiction to his findings on Dr. Light Shriner's credibility, "All right. I'm following. Thank you. And that's my understanding. And I

---

[31] **The Decision speaks for itself and all characterizations thereof are denied.**

think maybe just there was a disconnect and I was misunderstanding or -- but I'm understanding your opinion better now."

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

133.    Therefore, the Hearing Officer's finding as to Dr. Light Shriner's credibility was not based in a preponderance of the evidence.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. Further, Defendant neither admits nor denies the remaining allegations contained in Paragraph No. 133, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

134.    ELPS did not present any expert witnesses at the hearing, so there was no expert testimony contradicting Dr. Light Shriner's opinions and conclusions.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

135.    Despite this, the Hearing Officer largely ignored Dr. Light Shriner's testimony – another indication that his decision was not based on a preponderance of the evidence.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

### Failure to Reevaluate P.H. when his Educational or Related Services Needs Warranted a Reevaluation

136.    Pursuant to the IDEA, a public agency must ensure that a reevaluation of each child with a disability is conducted if the public agency determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation. 34 C.F.R. § 300.303(a)(1).

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph No. 136, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

not require a response.  The Defendant reserves all rights relative to the supplementation of

its answer. The referenced law speaks for itself and all characterizations thereof are denied.

137.    Significant facts established in the record show that P.H. struggled with behavioral issues throughout his time at ELPS, including school refusal, elopement, meltdowns and tantrums, hitting, kicking, spitting and property destruction between November 2023 and March 2024.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph**

**No. 137, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

**not require a response.  The Defendant reserves all rights relative to the supplementation of**

**its answer.**

138.    A functional behavioral assessment (FBA) is a process for gathering information about a student's behaviors, and can be used whether the behaviors are academic, social, emotional or a mix of all three. M.C.L. 380.1307h(g).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph**

**No. 138, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

**not require a response.  The Defendant reserves all rights relative to the supplementation of**

**its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

139.    FBAs are utilized to gather data in order to understand the function or purpose underlying a student's behavior. This can help a school team develop a plan to teach the student coping skills or provide support for the development of replacement behaviors. M.C.L. 380.1307h(g).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph**

**No. 139, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

**not require a response.  The Defendant reserves all rights relative to the supplementation of**

**its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

140.    Plaintiffs' expert witness Dr. Cheryl Light Shriner testified that ELPS should have reevaluated P.H. by conducting an FBA at the very latest in January 2024 when the escalation in behavior between November 2023 and winter break had occurred.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.

141.    Instead, ELPS never even suggested an FBA.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.

142.    Rather, ELPS finally granted Plaintiffs' repeated requests for an FBA in March 2024 following two extreme instances of elopement from school.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.

143.    Defendants' failure to reevaluate P.H. any time between November 2023 and March 2024 violated his right to a FAPE.

**ANSWER:**    Defendant neither admits nor denies the allegations contained in Paragraph No. 143, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.

### Failure to Properly Consider Defendants' Failure to Offer and/or Provide P.H. an Appropriate IEP

144.    The IEP "embodies a binding commitment and provides notice to both parties as to what services will be provided to the student during the period covered by the IEP." *MC by and through MN v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1197 (9th Cir. 2017).

**ANSWER:**    Defendant neither admits nor denies the allegations contained in Paragraph No. 144, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.

145.    "A material failure occurs when there is more than a minor discrepancy between the services provided to a disabled child and those required by the IEP." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F3.d 811, 811 (9th Cir. 2007).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 145, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

### Failure to Develop an IEP Reasonably Calculated to Provide P.H. FAPE

146.    Defendants failed to develop an IEP reasonably calculated to provide P.H. with FAPE in accordance with *Endrew F.* and the IDEA.

**ANSWER:    Defendant denies.**

147.    During P.H.'s time at ELPS, his IEP indicated that he was supposed to be provided with occupational therapy, speech language pathology, and social work services.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

148.    P.H.'s IEP also included behavioral goals, including a self-regulation goal.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

149.    However, Defendants never provided PH with services to allow him to meet his behavioral goals.

**ANSWER:    Defendant denies.**

150.    Between November 2023 when P.H.'s behaviors began escalating and March 2024 when P.H. had a severe meltdown that involved tearing apart the school social worker's office - and following two severe instances of elopement out of school and onto busy streets in February 2024 - Defendants never conducted an FBA despite Plaintiffs' repeated requests for such throughout the 2023-2024 school year.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

151.    As stated above, Plaintiffs' expert witness Dr. Light Shriner testified at the due process hearing that an FBA would have been appropriate for P.H. at the very latest in January 2024 to aid Defendants in understanding the root cause of P.H.'s behaviors.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

152.    Further, had Defendants conducted an FBA, they could have used the data to craft a written intervention plan for P.H.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 152, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

153.    Commonly called a Behavioral Intervention Plan (BIP) in schools, this is a written plan crafted by a student's IEP Team utilizing the data gathered in an FBA. Whereas the FBA identifies the cause(s) of a behavior, the BIP focuses on actions to take that will improve the behavior. A BIP provides more intensive supports and oversight than a typical student without behavioral needs would require. M.C.L. 380.1307(h)(m).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 153, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

154.    A BIP is meant to teach alternative behaviors, so the supports within a BIP will attempt to adjust conditions such that behaviors do not escalate. For example, this could include changes in instruction or classroom environment for a student depending upon their needs. M.C.L. 380.1307(h)(m).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 154, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

155.    As Plaintiffs' expert witness Dr. Light Shriner testified at the due process hearing, had an FBA been conducted, a BIP could have been utilized to aid Defendants in de-escalating and improving P.H.'s behaviors.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

156.    Despite this, ELPS only agreed to an FBA in March 2024, by which point P.H.'s behaviors, school avoidance, and trauma had heightened to the point that he could not return to school.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

157.    Despite its responsibility to provide FAPE and supervise its constituent districts, IISD also failed to conduct an FBA and implement a BIP for P.H.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 157, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

158.    Plaintiffs were not comfortable with P.H. returning at that point particularly because Defendants could not guarantee his safety from elopement following his severe elopements in February 2024, during which he risked being hit by a car in busy traffic.

**ANSWER:    Defendant lacks knowledge upon which to form a belief regarding Plaintiffs' mental states and, therefore, leaves Plaintiffs to their proofs.**

159.    Defendants never engaged the services of a BCBA to assist in applying behavioral analysis to improve P.H.'s behavior and allow him to access his education as required by the IDEA.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and further states that a BCBA is not legally required to conduct an FBA and, therefore, leaves Plaintiffs to their proofs.**

160.    Despite its responsibility to provide FAPE and supervise its constituent districts, IISD also failed to engage the services of a BCBA for P.H.

ClarkHill\19511\1007360\285573993.v1-12/31/25

**ANSWER:    Defendant lacks knowledge upon which to form a belief and further states that a BCBA is not legally required to conduct an FBA and, therefore, leaves Plaintiffs to their proofs.**

161.    P.H.'s behavioral issues eventually disrupted his educational experience to the point where he was spending what little time he had at school in direct pullout services with providers, in the bathroom, in hallways on walking breaks, or in the main office.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

162.    Despite P.H.'s increasingly escalating behaviors beginning in November 2023, and despite the clear self-regulation goal in his IEP, Defendants provided him with no appropriate services or supports to meet this goal.

**ANSWER:    Defendant denies.**

163.    Therefore, the IEP was not reasonably calculated to provide P.H. with FAPE as required by *Endrew F.* and the *IDEA.*

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 163, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

## Failure to Review and Revise P.H.'s IEP when His Educational or Related Services Needs Warranted a Revision

164.    Defendants failed to review and revise P.H.'s IEP when his education and related services needs warranted a revision, in violation of the IDEA.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 164, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

165.    As discussed *supra*, P.H.'s concerning behaviors included school refusal, elopement, meltdowns and tantrums, hitting, kicking, spitting and property destruction.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

166.    These behaviors at school began to escalate in November 2023.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

167.    P.H. began exhibiting increased school avoidance before and after winter break (December 2023 to January 2024).

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

168.    Beginning in November 2023, P.H.'s school avoidance involved repeated and lengthy walks and bathroom breaks during school hours.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

169.    By winter break in mid-December 2023, P.H. was spending around an hour a day on these walking and bathroom breaks. This constituted one half of his two-hour school day, as P.H. was on a reduced day schedule.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

170.    In fact, P.H. even fell asleep in the bathroom on one occasion.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.**

171.    Despite this, Defendants failed to implement behavior interventions in place to address P.H.'s school avoidance and failed to reconvene his IEP team to consider revising his IEP to address the issue.

**ANSWER:**    **Defendant denies.**

172.    Despite its responsibility to provide FAPE and supervise its constituent districts, IISD also failed to implement appropriate behavior interventions for P.H.

**ANSWER:**    Defendant neither admits nor denies the allegations contained in Paragraph No. 172, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.

173.    By January 2024, P.H.'s school avoidance had escalated to the point that he would refuse to go into school entirely for days at a time.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.

174.    P.H. eloped from school staff multiple times in February 2024, leaving the building entirely during one elopement and ending up in the intersection of Hagadorn Road and Burcham Drive during morning traffic – one of the busiest intersections in East Lansing.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.

175.    P.H. engaged in property destruction multiple times between November 2023 and March 2024, culminating in a behavioral meltdown on or around March 13, 2024 wherein P.H. destroyed the ELPS school social worker Michelle Miller Hogan's office.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.

176.    During this incident, P.H. ripped a television from the wall, tore and scattered papers, upended a chair, broke various items and threw things at ELPS staff.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.

177.    Despite P.H.'s repeated escalations of behavior including elopement, school avoidance, tantrums and meltdowns as well as property destruction, neither Defendants ever provided him with additional behavioral supports or analysis or reconvened his IEP team to consider revising his IEP.

**ANSWER:**    Defendant lacks knowledge upon which to form a belief and further leaves Plaintiffs to their proofs.

178.    Therefore, the IEP was not reasonably calculated to provide P.H. with FAPE as required by *Endrew F.* and the IDEA.

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 178, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

### Failure to Implement P.H.'s IEP as Written

179.    Defendants failed to implement P.H.'s IEP in numerous ways, including but not limited to the following:

    a.    The speech language pathologist assigned to provide services to P.H., Stephanie Francisco, failed to provide any documentation of what occurred in any session with him throughout the 2023-2024 school year – sessions that were supposed to occur for 25 minutes 4-5 times per month in accordance with P.H.'s IEP.

    b.    Francisco testified that she failed to maintain data sheets, log notes, or other documentation to track P.H.'s progress on his speech goals.

    c.    Mid-hearing, ELPS provided a log that consisted of one page with dates listed, but no substantive notes regarding what occurred at sessions.[32]32 This provided evidence that Defendants failed to appropriately track P.H.'s participation in speech language services nor did they appropriately track his progress toward his speech language goals.

    d.    During her testimony, IISD ASD Teacher Consultant Kelsey Kujawa testified that she kept log notes of her consultations with P.H.'s special education teacher Kristen Casby beyond the one-page log that had been provided to Plaintiffs discovery.

    e.    Kujawa said she would have logged any concerns raised to her by P.H.'s teachers in her notes but that no concerns were raised about P.H. in November or December 2023.

---

[32] **Defendant neither admits nor denies the allegations contained in Paragraph No. 179, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. As to the remaining claims, Defendant denies and leaves Plaintiffs to their proofs.**

    f.    Mid-hearing, ELPS turned over five handwritten notes from Kujawa, each less than a paragraph.[33]

    g.    The logs demonstrate that Defendants did not provide ASD teacher consultant services 1-2 times a month for 20 minutes as required in P.H.'s IEP.

    h.    IISD's occupational therapist Stacy Turke was assigned to provide services to P.H. at ELPS in accordance with his IEP for 25 minutes at least 3 times per month.

    i.    Turke testified that she kept consistent logs when she met with P.H. and the logs she provided in discovery constituted the full documentation of P.H.'s occupational therapy services during the 2023-2024 school year.

    j.    However, there are no logs at all for occupational therapy services in November 2023, indicating that Defendants failed to provide P.H. with any occupational therapy during the entire month of November 2023, in violation of his IEP.

    k.    P.H.'s IEP included a self-regulation goal, yet Defendants failed to document any behavior or information relating to his self-regulation goal, providing no evidence that this goal was addressed in any way.

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph No. 179, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. As to the remaining claims, Defendant denies and leaves Plaintiffs to their proofs.**

180.    A state complaint Plaintiffs filed with the Michigan Department of Education (MDE) against ELPS on July 2, 2024, resulted in MDE finding that ELPS violated the IDEA by failing to provide P.H. with speech and language and occupational therapy services in conformity with his IEPs and by failing to document the provision of supplementary aids and services, based on the same facts at issue in the due process proceeding.[34]

**ANSWER:**    **Plaintiffs' referenced exhibit speaks for itself and all characterizations thereof are denied.**

---

[33] Defendant neither admits nor denies the allegations contained in Paragraph No. 179, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. As to the remaining claims, Defendant denies and leaves Plaintiffs to their proofs.

[34] Plaintiffs' exhibits speak for themselves. Any and all characterizations of the same are denied.

181.    The Hearing Officer disregarded these findings, writing, "That State Complaint was a separate process that presented different evidence than that presented during this hearing; it is not unusual that this would result in a different finding. A preponderance of the evidence presented at this due process hearing did not establish that Respondent failed to provide Student's required supports."[35]

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

182.    However, the March 24 decision provided no explanation as to what different evidence led to a different finding at the due process hearing, nor why a preponderance of the evidence in the state complaint investigation would have led to a finding of a violation of FAPE whereas the due process hearing did not.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

183.    A careful review of the state complaint decision indicates that the only "different evidence," if any, was evidence that ELPS provided to MDE in the state complaint investigation but improperly withheld from Plaintiffs in response to their discovery request.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

184.    The unexplained inconsistencies between the findings in MDE's Complaint Decision and Plan for Corrective Action and the Hearing Officer's March 24 decision demonstrate that the decision was not based on a preponderance of the evidence.

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph No. 184, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. As to the remaining claims, Defendant denies and leaves Plaintiffs to their proofs**

---

[35] **Plaintiffs' exhibits speak for themselves. Any and all characterizations of the same are denied.**

185.    Defendants' failure to develop an IEP reasonably calculated to provide P.H. FAPE, review and revise P.H.'s IEP when his educational or related service needs warranted a revision and implement P.H.'s IEP as written caused him to struggle even more in school, limited his ability to participate in school, and denied him a FAPE.

**ANSWER:    Defendant ISD denies.**

### Failure to Properly Consider Defendants' Failure Educate P.H. in the Least Restrictive Environment

186.    The IDEA requires that children with disabilities be educated alongside nondisabled children to the maximum extent possible. 34 C.F.R. § 300.114(a)(2).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 186, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

187.    The IDEA defines the Least Restrictive Environment (LRE) as a concept – not a place – based on the individual student's needs and their capacity to withstand the regular education environment. 34 C.F.R. § 300.411(a)(2).

**ANSWER:    Defendant neither admits nor denies the allegations contained in Paragraph No. 187, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer. The referenced law speaks for itself and all characterizations thereof are denied.**

188.    According to his IEP, P.H.'s LRE was determined to be the general education classroom.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

189.    Despite this, P.H. was primarily educated in the special education environment or given pullout services during two hours per day he was scheduled to be at school.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

ClarkHill\19511\1007360\285573993.v1-12/31/25

190.    As ASD teacher consultant Kujawa testified, she met with P.H.'s special education teacher for consultative services – *not* the general education teacher.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

191.    This is because P.H. spent far more time in special education and pullout services than he did in general education.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

192.    Starting in August 2023, Plaintiffs repeatedly requested that P.H. be placed in an ASD classroom, as they believed this was his LRE.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs**

193.    Placing P.H. in ELPS's dedicated ASD classroom would have been less restrictive and isolating than the way he was being educated at ELPS: assigned to general education on paper yet left to work separated from peers almost all day in various offices and solitary settings.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

194.    Despite this, ELPS refused Plaintiffs' repeated requests to consider placement in the ASD classroom.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

195.    IISD has several different ASD classrooms.[36]

**ANSWER:    Defendant admits that it has different ASD classrooms.**

196.    None of these options were offered to Plaintiffs.

**ANSWER:    Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

---

[36] **Defendant IISD's websites speaks for itself. Any and all characterizations of the same are denied.**

197.    For these reasons, Defendants failed to educate P.H. in the appropriate LRE, kept him isolated and struggling both inside and outside the classroom, and ultimately denied him a FAPE.

**ANSWER:**    **Defendant neither admits nor denies the allegations contained in Paragraph No. 197, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response.  The Defendant reserves all rights relative to the supplementation of its answer.**

### The Hearing Decision Contradicts the Hearing Officer's Own Statements at the Hearing

198.    The Hearing Officer stated throughout the due process hearing that the escalation of P.H.'s behaviors was clear by January 2024.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

199.    As discussed *supra,* at the very latest, the escalation of P.H.'s behavior in January 2024 warranted an FBA, yet Defendants failed to conduct one.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

200.    The Hearing Officer explicitly acknowledged the myriad of evidence pointing to the escalation in behaviors around December 2023, stating during the hearing that P.H. seemed to "fall off a cliff" or "flip a switch."

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs.**

201.    Nonetheless, the Hearing Officer found that ELPS did not deny P.H. a FAPE, contradicting both his own statements at the hearing and a preponderance of the evidence.

**ANSWER:**    **Defendant lacks knowledge upon which to form a belief and, therefore, neither admits nor denies and leaves Plaintiffs to their proofs. The Decision speaks for itself and all characterizations thereof are denied.**

ClarkHill\19511\1007360\285573993.v1-12/31/25

**IISD Violated Its Obligations to Plaintiffs Under the IDEA and MARSE**

202.    As a LEA, IISD was equally responsible for providing P.H. with a FAPE and is equally responsible for all the failures outlined in this Appeal.

**ANSWER:    Defendant IISD denies that it is an 'LEA' or that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

203.    MARSE places explicit obligations on ISDs, including:

An intermediate school district plan for special education, or any modification thereof, shall be an operational plan that sets forth the special education programs and related services to be delivered. The plan shall comply with 1976 PA 451, MCL 380.1 et seq. and these rules. The plan shall also comply with the following format and include, at a minimum, all of the following:

(a)    A description of the procedures used by the intermediate school district to advise and inform students with disabilities, their parents, and other members of the community of the special education opportunities required under the law; the obligations of the local school districts, public school academies, and intermediate school district; and the title, address, and telephone number of representatives of those agencies who can provide information about the special education opportunities.

(b)    A description of activities and outreach methods which are used to ensure that all citizens are aware of the availability of special education programs and services.

(c)    A description of the type of diagnostic and related services that are available, either directly or as a purchased service, within the intermediate school district or its constituent local school districts or public school academies.

(d)    A description of the special education programs designed to meet the educational needs of students with disabilities.

(e)    The intermediate school district plan shall either describe special education programs and services under part 3 of these rules or shall propose alternative special education programs and services.

(f)    Provide an assurance statement that any personally identifiable data, information, and records of students with disabilities are collected, used, or maintained in compliance with 34 C.F.R. §§300.610 through 300.626.

(g)    The identity of the full- or part-time constituent local school district or public school academy administrator who, by position, is responsible for the implementation of special education programs and services.

(h)    A description of the qualifications of paraprofessional personnel.

(i)    A description of the transportation necessary to provide the special education programs and services described in subdivisions (c), (d), and (e) of this subrule.

(j)    A description of the method of distribution of funds under R 340.1811(5)....

MARSE R. 340.1832.

**ANSWER:    The above referenced law speaks for itself and all characterizations thereof are denied.**

204.    MDE provides detailed, specific guidance to ISDs on how to comply with their obligations to special education students under the IDEA and MARSE.[37]

**ANSWER:    Defendant IISD denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

205.    IISD failed to comply with its obligations to provide a FAPE to P.H. under the IDEA, MARSE, and MDE guidance.

**ANSWER:    Defendant IISD denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge**

---

[37] **Plaintiffs' exhibits speak for themselves. Any and all characterizations of the same are denied.**

ClarkHill\19511\1007360\285573993.v1-12/31/25

Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.

## CAUSE OF ACTION

### COUNT I
### Violations of the Individuals with Disabilities Education Act
### 20 U.S.C. § 1400 *et. seq.* and implementing federal regulations

206.    Plaintiffs incorporate by reference the allegations contained in the previous paragraphs as if fully restated herein.

**ANSWER:    The ISD neither admits nor denies and fully incorporates its prior Answers in Paragraphs 1-149 as if restated herein.**

207.    Defendants failed to provide P.H. with a FAPE in violation of the IDEA.

**ANSWER:    Defendant IISD denies that it was responsible for providing a FAPE to P.H. under the IDEA for the reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646.**

208.    Under the IDEA, Plaintiffs were entitled to a due process hearing on the claims and issues raised in the ADPC.

**ANSWER:    Defendant ISD neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required, Defendant ISD neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

209.    The Hearing Officer improperly dismissed IISD as a respondent based on his incorrect understanding and application of the IDEA and Michigan law and his reliance on incorrect prior due process hearing decisions.

**ANSWER:     Defendant ISD denies that it was improperly dismissed as a respondent for reasons set forth in the decision of the Administrative Law Judge Michael J. St. John resulting from the due process hearing pursued by Plaintiffs, which resulted in a Decision and Order dated January 30, 2025, granting the ISD's motion to dismiss. ECF No. 13-4, Page ID.639-646. Defendant further neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required, Defendant ISD denies.**

210.    The Hearing Officer improperly "modified," "clarified," and "narrowed" Plaintiffs' initial DPC.

**ANSWER:     Defendant ISD denies that the Hearing Officer improperly "modified," "clarified," and "narrowed" Plaintiffs' initial Due Process Complaint. Defendant further neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required, Defendant ISD denies.**

211.    The Hearing Officer failed to consider the Plaintiffs' ADPC, which was filed at the Hearing Officer's own direction via the December 10 order.

**ANSWER:     Defendant District neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required the Order speaks for itself and all characterizations thereof are denied.**

212.    The March 24 order's findings are not supported by a preponderance of the evidence.

**ANSWER:     Defendant ISD neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required, Defendant ISD neither admits nor**

ClarkHill\19511\1007360\285573993.v1-12/31/25

denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. To the extent a response is required the Order speaks for itself and all characterizations thereof are denied.

213. The March 24 order contains errors of law due to a failure to properly interpret the IDEA and relevant caselaw.

**ANSWER:** **Defendant ISD neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion, rather than a factual allegation, which does not require a response. To the extent a response is required, Defendant ISD neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. To the extent a response is required the Order speaks for itself and all characterizations thereof are denied.**

214. Accordingly, Plaintiffs seek review of the administrative decision as to all issues.

**ANSWER:** **Defendant ISD neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.**

215. Plaintiffs are entitled to a modified *de novo* review of the March 24 order with respect to their claims against both Defendants.

**ANSWER:** **Defendant ISD admits the standard of review is a modified de novo.**

## RELIEF REQUESTED

216. For all the foregoing reasons, Plaintiffs seek the following relief:

    a.    Full review of the administrative decision as to all issues presented;

    b.    An order overturning the January 30 order dismissing IISD as respondent and the March 24 order finding that ELPS did not violate the IDEA;

    c.    An order finding, based on a preponderance of the evidence, that ELPS and IISD violated the IDEA by failing to provide P.H. with a FAPE from November 2023 through May 2024, analyzing the issues identified in the ADPC:

        i.    Whether Defendants failed to reevaluate P.H. when his educational or related service needs, including the need for increased emotional,

behavioral, and academic supports, warranted a reevaluation, thereby denying him FAPE;

ii.    Whether Defendants failed to offer and/or provide P.H. an appropriate IEP (including, but not limited to, an appropriate program, placement, services, and accommodations in the least restrictive environment), by failing to develop an IEP reasonably calculated to provide P.H. FAPE; failing to review and revise P.H.'s IEP when his educational or related service needs warranted a revision; and failing to implement P.H.'s IEP as written, thereby denying him FAPE;

iii.    Whether Defendants failed to educate P.H. in the least restrictive environment, thereby denying him FAPE.[38]

d.    A sufficient compensatory education fund to make P.H. whole for his loss of education during the entire 2023-2024 school year;

e.    An order finding that Plaintiffs are the prevailing parties;

f.    Reasonable attorney's fees and costs; and

g.    Any further relief that this Court may deem just and proper.

**ANSWER:**    **This paragraph is a prayer for relief to which no response is required.**

## AFFIRMATIVE DEFENSES

Defendant, Ingham Intermediate School District ("IISD"), by its counsel, Clark Hill PLC, hereby asserts and reserves the following affirmative defenses:

A.  To the extent that Plaintiffs' claims under the Individuals with Disabilities Education Act raises issues which were not before and adjudicated by Administrative Law Judge St. John, those claims are not properly before this Court due to Plaintiffs' failure to exhaust their administrative remedies;

B.  Plaintiffs' Complaint fails to set forth a claim or cause of action upon which relief can be granted as prayed;

C.  Plaintiffs have failed to mitigate their damages, if any;

---

[38] **Plaintiffs' exhibits speak for themselves. Any and all characterizations of the same are denied.**

D. Defendant strictly observed all legal duties and obligations imposed by operation of law and otherwise, and all actions of its agents, servants, and/or employees were careful, prudent, proper, and lawful;

E. Plaintiffs' claims are barred by the Statute of Limitations;

F. This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint with regard to Defendant ISD;

G. Any damages complained of by Plaintiff were not proximately caused by Defendant;

H. Plaintiffs' claim is barred by claim and issue preclusion;

I. Defendant District is not vicariously liable for actions or inactions of its employees;

J. Plaintiff's legal allegations are conclusory in nature and fail to state sufficient facts and a claim upon which relief can be granted; and,

K. Defendant reserves the right to amend its Answer, including additional Affirmative Defenses, upon completion of investigation and discovery of this cause.

**WHEREFORE**, Defendant asks that Plaintiffs take nothing by way of the Complaint and that the case be dismissed, judgment be rendered for the Defendant Ingham Intermediate School District, and that Defendant IISD be awarded all costs, attorneys' fees and such other relief as the Court may deem equitable and just.

Respectfully submitted:

Dated: December 31, 2025

By: */s/ Jordan M. Bullinger*
Jordan M. Bullinger (P72441)
CLARK HILL PLC
*Attorneys for Defendant Ingham ISD*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com