**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

CHRISTI HENKE and RICH HENKE
o/b/o P.H.,

      Plaintiff/Appellants/Petitioners,

vs.

EAST LANSING PUBLIC SCHOOLS and
INGHAM INTERMEDIATE SCHOOL
DISTRICT,

      Defendants/Appellees/Respondents.

Case No. 1:25-cv-680

Hon. Hala Y. Jarbou

**<u>DEFENDANT INGHAM
INTERMEDIATE SCHOOL
DISTRICT'S MOTION FOR
SUMMARY JUDGMENT PURSUANT
TO FED. R. CIV. P. 56</u>**

---

Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87213)
Jacquelyn Kmetz (P83575)
ABDNOUR WEIKER LLP
*Attorneys for Plaintiffs*
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
jacquelyn@education-rights.com

Jordan M. Bullinger (P72441)
CLARK HILL PLC
*Attorneys for Defendant Ingham ISD*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

---

Erin H. Walz (P55484)
THRUN LAW FIRM, P.C.
*Attorneys for Defendant*
*East Lansing Public Schools*
2900 West Rd., Suite 400
P.O. Box 2575
East Lansing, MI 48826-2575
(517) 374-8830
ewalz@thrunlaw.com

---

NOW COMES Defendant, Ingham Intermediate School District ("IISD"), by and through its attorneys, Clark Hill PLC, and hereby moves for summary judgment on Plaintiff's complaint appealing a decision in favor of the ISD from an Individuals with Disabilities Education Act ("IDEA") due process complaint, and in support states as follows:

1. On December 2, 2024, Plaintiffs filed due process complaints against East Lansing Public Schools ("ELPS"), Haslett Public Schools, and the IISD. (ECF No. 8, PageID.213, ¶ 30).

2. The Michigan Office of Administrative Hearings and Rules ("MOAHR") assigned distinct docket and case numbers as to each Respondent. (ECF No. 26-16, Order Packet).

3. The hearing against ELPS was assigned Docket No. 24-034587 and Case No. DP-24-0100. The hearing against Haslett Public Schools was assigned Docket No. 24-034588 and Case No. DP-0101. The hearing against the IISD was assigned Docket No. 24-034589 and Case No. DP-0102. *Id.*

4. IISD filed a motion to dismiss Plaintiff's separately docketed complaint on December 13, 2025. (ECF No. 26-11, IISD's Motion to Dismiss).

5. The ALJ issued a Decision and Order Granting Respondent Ingham Intermediate School District's Motion to Dismiss on January 30, 2025 ("IISD Decision"). In doing so, the ALJ expressly dismissed Docket No. 24-034589 as against the IISD. *Id.* The ALJ further ordered "…that this matter shall proceed to hearing against only Respondent East Lansing Public Schools in case 24-034587." (ECF 26-1, Order Granting Respondent IISD's Motion to Dismiss).

6. An appeal from an adverse due process decision must be filed within 90 days of the date of the decision. 20 USC 1415(i)(2)(B). This is the same deadline under Michigan law. *Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *2 (W.D. Mich. Feb. 4, 2013) (citing Mich. Admin. Code R. 340.1724f(7) (now R. 340.1724(4)).

7.    The deadline for Plaintiff to appeal the January 30, 2025, IISD Decision resolving Docket No. 24-034589 was April 30, 2025.

8.    Plaintiff filed her appeal with this Court on June 20, 2025, beyond the 90-day deadline to appeal the IISD Decision.

9.    Count I as against the IISD must therefore be dismissed because this Court lacks subject matter jurisdiction over the claim. *L.G. obo G.G. v Kelloggsville Public Schools*, 1:24-cv-833, (W.D. Mich. March 16, 2026) (Jonker) (ECF No. 76).

10.    Even if the Complaint is not untimely, there is no equitable reason to toll the 90-day deadline. Count I fails for this alternative reason.

11.    And pursuant to *Y.A. by Alzandani v. Hamtramck Pub. Sch.*, 137 F.4th 862 (6th Cir. 2025), and *D.L., et al v. Michigan Department of Education*, Case No. 22-cv-00838 (W.D. Mich., Sept. 24, 2025) (ECF No. 103), a supervisory educational entity is not liable for the alleged failures of a local school district under the IDEA. This analysis was applied to an identically postured case in which an ISD was not found liable for the alleged failures of a local school district under IDEA. *L.G. obo G.G. v Kelloggsville Public Schools*, 1:24-cv-833, (W.D. Mich. March 16, 2026) (Jonker) (ECF No. 76). Thus, Count I fails for this second alternative reason.

12.    There is no genuine issue of material fact that ELPS developed the disputed IEPs which offered P.H. FAPE and that ELPS operated the disputed IEPs.

13.    The undersigned counsel certifies that on April 27, 2025, counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion, seeking concurrence in the relief requested. Plaintiffs do not concur.

WHEREFORE Defendant/Appellee/Respondent Ingham ISD requests that this Court dismiss Plaintiff's complaint as against it with prejudice.

ClarkHill\19511\1007360\287559473.v1-4/27/26

Respectfully submitted,

Dated:  April 27, 2026

By:    */s/ Jordan M. Bullinger*
Jordan M. Bullinger (P72441)
Clark Hill PLC
*Attorneys for Defendant Ingham ISD*

4

ClarkHill\19511\1007360\287559473.v1-4/27/26