UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTI HENKE** and **RICH HENKE o/b/o P.H.**<br><br>        Plaintiffs,<br><br>v.<br><br>**EAST LANSING PUBLIC SCHOOLS** and **INGHAM INTERMEDIATE SCHOOL DISTRICT**,<br><br>        Defendants. | Case No.: 1:25-cv-680<br><br>Hon. Hala Y. Jarbou<br><br>**PLAINTIFFS' BRIEF IN REPLY TO DEFENDANT IISD'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>Megan N. Mitchell (P87213)<br>Jacquelyn Kmetz (P83575)<br>ABDNOUR WEIKER LLP<br>325 E. Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>(517) 994-1776<br>liz@education-rights.com<br>megan@education-rights.com<br>jacquelyn@education-rights.com<br>*Attorneys for Plaintiffs* | Erin H. Walz (P55484)<br>THRUN LAW FIRM, P.C.<br>2900 West Rd., Suite 400<br>P.O. Box 2575<br>East Lansing, MI 48826-2575<br>(517) 374-8830<br>ewalz@thrunlaw.com<br>*Attorneys for Defendant*<br>*East Lansing Public Schools*<br><br>Jordan M. Bullinger (P72441)<br>CLARK HILL, PLC<br>200 Ottawa Ave. NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 608-1146<br>jbullinger@clarkhill.com<br>*Attorneys for Defendant*<br>*Ingham Intermediate School District* |

**PLAINTIFFS' BRIEF IN REPLY TO DEFENDANT
INGHAM INTERMEDIATE SCHOOL DISTRICT'S
RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT**

**COUNTER STATEMENT OF FACTS**

While Defendant IISD does technically cite to the relevant federal definitions of an

1

educational service agency and a local educational agency, it does so by cherry picking only those words that are useful to it to create a misleading black-and-white comparison of the two types of agencies. The complete definition of a local educational agency is:

> **(19)Local educational agency**
> **(A)In general**
> The term "local educational agency" means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, *or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district*, or other political subdivision of a State, or for such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools.
> **(B)Educational service agencies and other public institutions or agencies**
> *The term includes—*
>> **(i)** *an educational service agency*; and
>> **(ii)** any other public institution or agency having administrative control and direction of a public elementary school or secondary school.

20 U.S.C. § 1401 (emphasis added). Thus, as IISD is an educational service agency that performed service functions for East Lansing Public Schools, as discussed in more detail *supra*, it clearly meets the definition of a local educational agency in this matter.

Further, contrary to Defendant IISD's characterization of an ISD, state law *also* recognizes that the IISD can, and does, function as a local educational agency or local school district. Specifically, MCL 380.1711 states, in relevant part:

> (1) The intermediate school board shall do all of the following:
>> \*\*\*
> (g) Have the authority to place in appropriate special education programs or services a student with a disability for whom a constituent district is required to provide special education programs or services under section 1751.
>> \*\*\*
> (i) Operate the special education programs or services or contract for the delivery of special education programs or services by local school district boards, in accordance with section 1702, as if a local

school district under section 1751. The contract shall provide for items stated in section 1751 and shall be approved by the superintendent of public instruction. The intermediate school board shall contract for the transportation, or room and board, or both, or persons participating in the program or service as if a local school district board under sections 1756 and 1757.

(j) Receive the report of a parent or guardian or, with the consent of a parent or guardian, receive the report of a licensed physician, registered nurse, social worker, or school or other appropriate professional personnel whose training and relationship to students with a disability provide competence to judge them and who in good faith believes that a person under 26 years of age examined by the professional is or may be a student with a disability, and immediately evaluate the person pursuant to rules promulgated by the superintendent of public instruction. A person making or filing this report or a local school district board shall not incur liability to a person by reason of filing the report or seeking the evaluation, unless lack of good faith is proven.

Thus, even under state law, IISD has the authority to function as a local school district, including placing students into appropriate programs, providing direct services, and evaluating students, all of which make them responsible for a student's FAPE, whether solely or in collaboration with a student's local school district, as IISD did in the instant matter.

## STANDARD OF REVIEW

Summary judgment should be granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment "in favor of the party with the burden of persuasion . . . is inappropriate when

3

the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

The standard of review for IDEA appeals in the Sixth Circuit is "modified de novo." *See Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 849 (6th Cir. 2005); *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 764 (6th Cir. 2001). Under this standard, this Court is required to conduct an independent review of the entire record, including the administrative record and any additional evidence requested to be heard by a party, and then make an independent decision based on a preponderance of the evidence. *Deal*, 392 F.3d at 849. In reaching its decision, the Court must also give due weight to the determinations made during the state administrative proceedings. *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982).

However, reviewing courts must not "simply adopt the state administrative findings without an independent re-examination of the evidence." *Doe ex rel. Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998). "The modified de novo standard requires the Court to 'make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings.'" *B.S. v. Rochester Comm. Schs.*, No. 5:06-cv-53 at *9 (W.D. Mich. Oct. 2, 2006), citing *McLaughlin v. Holt Pub. Schs. Bd.*, 320 F.3d 663, 669 (6th Cir. 2003) (quoting *Knable*, 238 F.3d at 764). Further, "[t]he amount of weight due to administrative findings depends on whether the finding is based on educational expertise." *McLaughlin*, 320 F.3d at 669. "Under the 'due weight' framework, '[l]ess weight is due to an agency's determinations on matters which educational expertise is not relevant because a federal court is just as well suited to evaluate the situation.'" *Rochester*, No. 5:06-cv-53 at *9 (quoting McLaughlin, 320 F.3d at 669).

4

### ARGUMENT

As argued at length in Plaintiffs' Response to Defendant IISD's Motion for Summary Judgment, Defendant IISD's reliance on both *Y.A. and D.L.*, is misplaced. *See* Pl. Resp. to Def. IISD's Mot. for Summ. Judgment, ECF 39, PageID.3664-3668. In its Response to Plaintiffs' Motion for Summary Judgement, Defendant IISD again cites to these cases' holdings regarding the supervisory role of the Michigan Department of Education. ECF No. 37, PageID.3613-3614. This misrepresents Plaintiffs' argument regarding Defendant IISD's liability. Contrary to Defendant IISD's claim that, "Plaintiff[s] assert[] that Michigan law requires the ISD to be ultimately responsible for the provision of FAPE, whenever a constituent member accesses services under Mich. Comp. Laws § 380.1711(1)(a)," *id.* at PageID.3612, as stated in their Brief in Support of Motion for Summary Judgment, Plaintiffs assert that an ISD is responsible for a student's FAPE "where it provides direct services to the student *and establishes itself as a member of the student's IEP team*." ECF No. 36, PageID.3587 (emphasis added).

It is that second piece, establishing itself as a member of the student's IEP team, that takes the ISD's role beyond that of a supervisor or contractual third-party service provider. In *L.G. obo G.G. v Kelloggsville Public Schools*, 1:24-cv-833, (W.D. Mich. March 16, 2026), Judge Jonker found that, "the ISD does not, *in the usual course*, directly provide special education services," ECF No. 76 at PageID.3084, that it is "the local school districts are the entities that actually implement this plan and actually provide special education services," *id*. at PageID.3085, and "[n]othing here, however, *requires* an ISD to provide special education services to an individual student," *id*. (Emphasis added). This reasoning supports Plaintiffs' argument that where an ISD *voluntarily* assumes the role of both providing direct services *and* developing and implementing

5

an individual student's IEP, the ISD is therefore responsible for ensuring that student's receipt of FAPE.

That is the case here. At all relevant times, Defendant IISD provided both the autism teacher consultant and the occupational therapist to P.H. March 24, 2025 Decision and Order, ECF No. 8-4, PageID.388 at ¶¶ 290, 293-294, 296, and 299, PageID.389 at ¶ 308, PageID.390 at ¶ 325, PageID.391 at ¶¶ 329-330, 332, 337. Within those respective roles, IISD was in the room, guiding the IEP team decisions and then providing direct services to P.H., thereby voluntarily accepting responsibility for the provision of FAPE to P.H. *Id.* This is demonstrated even more clearly by P.H.'s IEPs themselves, particularly related to the occupational therapist's services. P.H.'s IEPs do not simply list the occupational therapist as the service provider under the programs and services section but instead lists the occupational therapist as solely responsible for implementing P.H.'s occupational therapy goal. Pet. Offered and Admitted Exs., ECF No. 28-3, PageID.2380; Pet. Offered and Admitted Exs., ECF No 28-4, PageID.74. The occupational therapist also drafted these goals. March 24, 2025 Decision and Order, ECF No. 8-4, PageID.388 at ¶ 295, PageID.390 at ¶ 315. Additionally, the ASD teacher consultant testified that she had a direct role in determine when and whether to conduct an FBA for P.H. and she would have been the staff member conducting the evaluation. *See id.* at PageID.391 at ¶¶ 327, 333, 337.

Thus, because the ISD both provided direct services and voluntarily assumed a direct role in developing and implementing P.H.'s IEP, it was equally responsible for providing P.H. with a FAPE. Therefore, the ALJ improperly dismissed IISD as a party to the due process complaint, Plaintiffs' Motion for Summary Judgment should be granted, and Defendant IISD's Motion for Summary Judgment should be denied.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, as well as those outlined in Plaintiffs' Brief in Support of Motion for Summary Judgment, ECF No. 36, and Plaintiffs' Response to Defendant IISD's Motion for Summary Judgement, ECF No. 39, Plaintiffs respectfully request that this Court issue an Order denying Defendant IISD's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, granting Plaintiffs' Motion for Summary Judgment, and granting Plaintiffs the following relief:

A. Order Defendants, jointly and severally, to provide P.H. with a compensatory education and related services bank of 400 hours, with no expiration date, for academic and related services, including but not limited to academic tutoring, speech and language therapy, occupational therapy, social-emotional support, and behavioral therapy, to be delivered by providers of Plaintiffs' choosing at their normal and customary rates;

B. Order Defendants, jointly and severally, to provide financing for a 3-6 month ABA therapy program, local to P.H., to address his ASD-related behavioral and academic needs, to be delivered by providers of Plaintiffs' choosing at their normal and customary rates;

C. Order Defendants, jointly and severally, to reimburse Plaintiffs for tutoring evaluation and services for P.H. during the 2023-2024 school year in the amount of $1,300;

D. Order Defendants, jointly and severally, to reimburse Plaintiffs for lost income, moving expenses, and increased household expenses necessitated by Defendants' failure to provide P.H. with FAPE;

E. Find that Plaintiffs are the prevailing party;

F. Order attorney fees to be awarded to Plaintiffs as the prevailing party; and

G. Order any such further relief as the Court deems just and appropriate.

7

Respectfully submitted,
ABDNOUR WEIKER LLP

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87312)
Jacquelyn Kmetz (P83575)
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
jacquelyn@education-rights.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the limits set forth in LCivR 7.2(b)(i). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all include headings, footnotes, citations and quotations, but not to include the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits, I certify that this Brief contains 1,924 words.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I filed this document by use of this Court's ECF system, which will serve copies to the Clerk of Courts and all counsel of record.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)

8