**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTINE HENKE and RICH HENKE
o/b/o P.H.,

                Plaintiffs/Appellants,              Case No: 1:25-cv-680

v.

                                       Hon.   Hala Y. Jarbou

EAST LANSING PUBLIC SCHOOLS and,
INGHAM INTERMEDIATE SCHOOL
DISTRICT,

                Defendants/Respondents.

_____/

| | |
|---|---|
| Elizabeth K. Abdnour (P78203) | Michele R. Eaddy (P41871) |
| Megan N. Mitchell (P87213) | Erin H. Walz (P55484) |
| Jacquelyn N. Kmetz (P83575) | Thrun Law Firm, P.C. |
| Abdnour Weiker, LLP | *Attorneys for Defendant East Lansing P.S.* |
| *Attorneys for Plaintiffs* | 2900 West Road, Ste. 400 |
| 325 E. Grand River Ave., Ste. 250 | P.O. Box 2575 |
| East Lansing, MI  48823 | East Lansing, Michigan 48826-2575 |
| (517) 994-1776 | (517) 484-8000 |
| liz@education-rights.com | meaddy@thrunlaw.com |
| megan@education-rights.com | ewalz@thrunlaw.com |
| jacquelyn@education-rights.com | |
| | Jordan Bullinger (P72441) |
| | Maddison Moser (P86518) |
| | Clark Hill, PLC |
| | *Attorneys for Defendant Ingham ISD* |
| | 200 Ottawa Ave NW, Suite 500 |
| | Grand Rapids, MI 49503-2426 |
| | (616) 608-1146 |
| | jbullinger@clarkhill.com |
| | mmoser@clarkhill.com |

_____/

THRUNRUN
LAW FIRM, P.C.

i

**DEFENDANT EAST LANSING PUBLIC SCHOOLS'
REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT & BRIEF IN SUPPORT  [IDEA APPEAL]**

THRUN
LAW FIRM, P.C.

# TABLE OF CONTENTS

I.   Plaintiff Cannot Seek Judicial Review Of Issues Not Decided At The Administrative Level ................................................................................................. 1

II.  Defendant Educated Student In His Least Restrictive Environment ............... 2

III. Defendant Provided Student With FAPE ........................................................... 4

IV.  Plaintiffs' Hearing Experts ................................................................................. 4

V.   Conclusion .......................................................................................................... 5

THRUN
LAW FIRM, P.C.

# INDEX OF AUTHORITIES

**Cases**

*C. K. v Sylvania City Sch. Dist.*, 2022 U. S. App. LEXIS 25360, *35 (6th Cir., 2022).. 1

*Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017) ...................................................2

*Li v. Revere Loc. Sch. Dist.*, 2023 U.S. App. LEXIS 11284, *28 (6th Cir. 2023)...........2

*Roncker v. Walter*, 700 F.2d 1058, 1063 (6th Cir. 1983)...................................................3

*Somberg v Utica Cmty. Schs.*, 908 F. 3d 162, 172 (6th Cir., 2018)..................................1

THRUN
LAW FIRM, P.C.

### DEFENDANT EAST LANSING PUBLIC SCHOOLS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant East Lansing Public Schools submits this reply in support of its IDEA Motion for Summary Judgment (IDEA Appeal) [ECF 34] filed on April 27, 2026.

### I. Plaintiff Cannot Seek Judicial Review Of Issues Not Decided At The Administrative Level

In this appeal from an IDEA administrative decision, this Court is asked to review the administrative record and "make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings." *C. K. v Sylvania City Sch. Dist.*, 2022 U. S. App. LEXIS 25360, *35 (6th Cir., 2022), citing to *Somberg v Utica Cmty. Schs.*, 908 F. 3d 162, 172 (6th Cir., 2018). The record is the sole basis for appeal and no party sought to add additional evidence to the record.

The issues identified in the Order Following Prehearing Conference are the issues on which the hearing was held, as clearly evidenced by the hearing transcripts. ECF 26, Doc. 15; ECF 27. Plaintiffs' efforts to enlarge those issues on appeal would cause significant prejudice to Defendant and are prohibited by the IDEA.

Plaintiffs assert that Defendant "will suffer no injustice" by this Court ruling on the issues Plaintiffs wish they had pursued at the administrative hearing. ECF 38, PageID 3634-35. Plaintiffs' counsel at hearing repeatedly expressed their acquiescence to the ALJ's clarified issues. Further, as Defendant did *not* defend against these issues at hearing, it *will* be prejudiced if an appeal is now permitted.

The IDEA also does not permit a plaintiff to proceed in this manner. The IDEA requires plaintiffs to exhaust administrative remedies before seeking relief for a denial of a free appropriate public education. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017). A plaintiff "exhausts administrative remedies only when they *properly* present their claims to the relevant state administrative agency." *Li v. Revere Loc. Sch. Dist.*, 2023 U.S. App. LEXIS 11284, *28 (6th Cir. 2023) (emphasis added). Here, Plaintiffs allege on appeal that they dispute the ALJ's narrowing of the hearing issues, but that position is directly contradicted by the actions and statements of Plaintiffs' counsel at the hearing. Plaintiffs should be prohibited from raising issues on appeal that were not the subject of the underlying hearing.

## II. Defendant Educated Student In His Least Restrictive Environment

Student attended Defendant's Marble Elementary School for a total of seven months. ECF 27, Tr 174; ECF 28, Exhs W, G. In the first four and a half months of that period, Student excelled in school. ECF 27, Tr 468-69, 470, 546-49, 618-21, 709-

2

13, 827-29, 915; ECF 28, Exh I; Exh U, 3, 12; Exh V, 18. Over the next three months, mid-December 2023 to March 6, 2024, Student began to experience behavioral challenges, primarily at home. ECF 27, Tr 146-47, 730-31, 878-90, 907, 957; ECF 28, Exh U, 12; Exh V, 15. It is this three month period for which Plaintiffs claim Student was not educated in his least restrictive environment. The Decision properly found this claim to have no merit. ECF 26, Doc. 1, 19

Plaintiffs' argument on appeal is, in summary: when Student began to experience behavioral challenges (proven at hearing to be in December 2023), Defendant should have moved Student from general education to an autism self-contained program by March 6, 2024. ECF 38, PageID 3638-39. This flies in the face of the IDEA premise that LRE is a continuum and students are moved to more restrictive placements *only* when special education cannot be appropriately provided in a less restrictive environment. *Roncker v. Walter*, 700 F.2d 1058, 1063 (6th Cir. 1983).

Plaintiffs offered no testimony or evidence at hearing to satisfy the *Roncker* standard for this drastic continuum move in such a short time frame. They offered no testimony or evidence on the appropriateness of the autism self-contained program. The only offer of proof at hearing was parent request for a self-contained program.

ECF 27, Tr 795-97.  There is neither record support nor merit to this issue and the Decision should be affirmed.

### III.    Defendant Provided Student With FAPE

For the seven months Student attended school at the Defendant, Defendant offered full-day FAPE offers in his IEPs. Plaintiffs chose to take Student out of Marble Elementary to attend ABA therapy, as they told the Defendant before Student started at Marble. ECF 27, Tr 42, 462-63, 903; ECF 28, Exh E, 2. Plaintiffs now contend that Defendant is somehow responsible for Plaintiffs' choice and should not have honored it. ECF 38, PageID 3641. Plaintiffs do not explain how a school would *make* a parent make a different choice, because it defies logic. Defendant wrote their IEPs for a full-day; it has no responsibility to override a parent's preference for an outside program such as ABA.

### IV.   Plaintiffs' Hearing Experts

Plaintiffs' briefs reference the two individuals they offered as experts at hearing. The most remarkable aspect of both "experts" was how uniquely ill-equipped they were to testify in this case. The ALJ attempted to be gracious about one expert in his Decision; he did not bother with the second. ECF 26, Doc. 1, 17-18.

Neither of the individuals were credible or properly prepared. Dr. Light Shriner had no idea which school district she was testifying against, conflated Defendant with

a previously-dismissed school district, and was unable to correctly define the concepts on which she claimed to be an expert. *See*, *e.g.*, ECF 26, Doc. 1, 17, 39-40. Dr. Hullett did not review any of Student's education records, instead basing his opinions on Plaintiffs' complaint. He opined *ad nauseum* on the deficiencies of all Michigan IEPs, then testified about events that did not occur, presumably because he was speaking of the wrong school district. *See*, *e.g.*, ECF 26, Doc. 1, 17-18, 41-42.

The Decision gave no weight to the testimony of these individuals for clearly articulated reasons – they did not know what they were talking about. Their testimony should not be relied on in this appeal.

### V. Conclusion

Plaintiffs failed to satisfy their burden of proof on any issue at hearing and they failed to preserve whatever disagreement they had with the administrative clarification of issues. The District prays that this Court find in accord with the Decision, in favor of Defendant on all properly appealed issues.

Respectfully submitted,

THRUN LAW FIRM, P.C.
Attorneys for Respondent East Lansing P.S.

Dated:  June 9, 2026          /s/ Erin H. Walz
                              Michele R. Eaddy (P41871)
                              Erin H. Walz (P55484)
                              2900 West Road
                              P.O. Box 2575
                              East Lansing, Michigan 48826-2575
                              meaddy@thrunlaw.com
                              ewalz@thrunlaw.com

6

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN )

                       )

COUNTY OF INGHAM )

I hereby certify that on June 9, 2026, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system which will send confirmation of

such filing to the following:

| | |
|---|---|
| Elizabeth K. Abdnour | liz@education-rights.com |
| Megan N. Mitchell | megan@education-rights.com |
| Jacquelyn N. Kmetz | jacquelyn@education-rights.com |
| Jordan Bullinger | jbullinger@clarkhill.com |
| Maddison Moser | mmoser@clarkhill.com |

Respectfully submitted,

THRUN LAW FIRM, P.C.
Attorneys for Respondent East Lansing P.S.

Dated:  June 9, 2026

/s/ Erin H. Walz
Michele R. Eaddy (P41871)
Erin H. Walz (P55484)
2900 West Road
P.O. Box 2575
East Lansing, Michigan 48826-2575
meaddy@thrunlaw.com
ewalz@thrunlaw.com